UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
                                           :

UNITED STATES OF AMERICA,    :

                                           :

        – *against* –               :         11 Cr. 310 (PGG)

                                           :

JAVEL TAYLOR,                :         (filed electronically)

                                           :

                Defendant.       :

                                           :
---------------------------------------------------------x

## REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT JAVEL TAYLOR'S PRE-TRIAL MOTIONS

 

JOSHUA L. DRATEL
DRATEL & MYSLIWIEC, P.C.
2 Wall Street, 3rd Floor
New York, New York 10005
(212) 732-0707
jdratel@joshuadratel.com

*Attorneys for Defendant Javel Taylor*

– *Of Counsel* –

Joshua L. Dratel
Stuart A. White

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
                                               :

UNITED STATES OF AMERICA,        :

                – against –          :        11 Cr. 310 (PGG)

JAVEL TAYLOR,                   :

                Defendant.         :
--------------------------------------------------------x

**REPLY MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT JAVEL TAYLOR'S PRETRIAL MOTIONS**

      This Reply Memorandum of Law is submitted on behalf of defendant Javel Taylor in response to the government's opposition to his pretrial motions pursuant to Rule 12(b), Fed.R.Crim.P. Because the government agrees that an evidentiary hearing should be conducted, *see* Government Opposition at 5, 8, 12, there is little ground to cover in this Reply. Likewise, any legal analysis would be premature until the facts are adduced at the evidentiary hearing.

      While obviously many facts are in dispute, one perhaps inadvertent error in the government's recitation of its version of the facts merits correction at this stage. While the government writes that "Taylor states he bought a set of speakers from [co-defendant Leonard] Fitzgerald for $25, and was then placed under arrest[,]" *id*., at 5, that is incorrect. As stated in Mr. Taylor's June 3, 2011, Declaration, at ¶ 6, he purchased the speakers from CC-1, and *not* Mr. Fitzgerald.

      In addition, the government requests leave to submit post-hearing briefing "regarding the application of the facts elicited at the hearing to the relevant legal standards[.]" Government

-1-

Opposition at 14 n. 4.  Mr. Taylor makes the same request.

Regarding the identification prong of Mr. Taylor's suppression motion(s), the government contends that a pre-trial hearing is not required.  The government does, however, concede that the New York Police Department (hereinafter "NYPD") witnesses it intends to call at any suppression hearing would also testify "as to the circumstances of Taylor's identification[.]" *Id.*, at 8; *see id.*, at 12.  As a result, it is respectfully submitted that decision on the identification issue would be premature in advance of the hearing.

Also, while the government notes that in *Watkins v. Sowders*, 449 U.S. 341 (1981), the Supreme Court held that a hearing outside the presence of the jury to determine "the admissibility of identification evidence" is not *per se* required by the Constitution, *id.*, at 349, the Court also concluded, as Mr. Taylor pointed out in his initial Memo of Law, at 12, that such a hearing "may often be advisable[,]" and "in some circumstances . . . constitutionally necessary." *Id*.

Here, contrary to the government's argument that Mr. Taylor has not met his burden "that the surrounding circumstances or actual conduct of the pre-trial identification was 'so unnecessarily suggestive and conducive to irreparable mistaken identification that the defendant was denied due process of law[,]'" *see* Government Opposition at 9, *quoting United States v. DiTommaso*, 817 F.2d. 201, 213 (2d Cir. 1987), Mr. Taylor was in custody and surrounded by five police officers when his identity was confirmed by the undercover police officer.

Nor is there any indication in the Complaint, the Indictment, any of the Discovery produced by the government, or anywhere else, that the identification procedure was anything but suggestive.  Rather, the known facts indicate the identification was merely confirmatory without

any articulable or objective basis.

Accordingly, Mr. Taylor has met his burden, and the Court should grant an evidentiary hearing on the identification issue. In any event, because, as the government acknowledges, the facts relevant to the identification issue will be subsumed within the evidentiary hearing on the other suppression issues, any decision on the identification would be premature until conclusion of the hearing.

### Conclusion

For the foregoing reasons, and for the reasons set forth in Mr. Taylor's initial motion papers, it is respectfully submitted that the Court grant Mr. Taylor's motions in their entirety, and suppress (1) all materials (and fruits thereof) seized from Mr. Taylor incident to his arrest; (2) any and all statements (and fruits thereof) attributed to Mr. Taylor; and (3) the identification of Mr. Taylor. In the alternative, Mr Taylor moves for an evidentiary hearing on all and each of those issues and joins in the government's request for leave to submit post-hearing briefing.

Dated: June 24, 2011
      New York, New York

Respectfully submitted,

 /s/Joshua L. Dratel
Joshua L. Dratel
DRATEL & MYSLIWIEC, P.C.
2 Wall Street, 3rd Floor
New York, New York 10005
(212) 732-0707
jdratel@joshuadratel.com

*Attorneys for Defendant Javel Taylor*

– Of Counsel –

Joshua L. Dratel
Stuart A. White