```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - -  x
                                    :
UNITED STATES OF AMERICA,           :
                                    :
     -v.-                           :    11 Cr. 310 (PGG)
                                    :
JAVEL TAYLOR,                       :
            Defendant.              :
                                    :
- - - - - - - - - - - - - - - - -  x
```

**GOVERNMENT'S MOTION FOR <u>IN LIMINE</u> RULING
ADMITTING OTHER ACT EVIDENCE**

```
                              PREET BHARARA
                              United States Attorney
                              Southern District of New York
                              One St. Andrew's Plaza
                              New York, New York 10007
```

Ryan P. Poscablo
Amy Lester
Assistant United States Attorneys
     -Of Counsel-

**PRELIMINARY STATEMENT**

The United States of America, by its attorney, Preet Bharara, United States Attorney for the Southern District of New York, Ryan P. Poscablo and Amy Lester, Assistant United States Attorneys, of counsel, respectfully submits this memorandum of law in support of its request to seek an <u>in limine</u> ruling concerning certain prior bad acts of the defendant that the Government intends to offer at trial, pursuant to Rule 404(b) of the Federal Rules of Evidence ("404(b)").  As set forth herein, evidence concerning several prior narcotics sales by the defendant, or instances in which the defendant was arrested with narcotics, should be admitted because the defendant's prior acts provide strong proof of his knowledge, intent, and absence of mistake in a case where the defendant – through the arguments he presented in his suppression motion – is expected to place his knowledge and intent at issue during trial.  In the alternative, the Government respectfully submits that the Government should be permitted to cross-examine the defendant concerning these prior bad acts should the defendant testify at trial.

**BACKGROUND**

A.   <u>The Present Case</u>

The defendant is charged in the Indictment with one count of conspiring to distribute, or to possess with the intent to distribute, crack cocaine in or about March 2011, in violation

of Title 21, United States Code, Section 846, and with one count of distributing, or possessing with the intent to distribute crack cocaine on or about March 21, 2011, in violation of Title 21, United States Code, Sections 841(a), 841(b)(1)(C) and 812.

The Government expects that the evidence at trial will show that, on or about March 21, 2011, the defendant conspired with Leonard Fitzgerald to sell approximately 4 bags of crack cocaine to an undercover police officer of the New York City Police Department ("UC-1"). Specifically, the evidence will show that UC-1 approached Fitzgerald regarding the purchase of crack cocaine. Fitzgerald, using UC-1's cellphone, contacted Javel Taylor, the defendant. UC-1 provided $40 in pre-recorded buy money to Fitzgerald. Fitzgerald and Taylor then entered a building located at 860 Amsterdam Avenue ("Building"). Shortly thereafter, Fitzgerald exited the Building and walked with UC-1 in the direction of 140 West 104th Street. Fitzgerald then handed UC-1 four small plastic zip-lock bags containing crack cocaine. A few moments later, Taylor exited the Building and was observed passing narcotics to another individual ("CC-1"). Taylor was subsequently arrested by officers. Officers recovered the $40 pre-recorded buy money from the defendant upon his arrest.

In his affidavit in support of his motion to suppress physical evidence and statements made by him after his arrest,

Taylor affirmed, under penalty of perjury, that he visited his parole officer in midtown Manhattan on the afternoon of March 21, 2011. He further stated that he then traveled to 860 Columbus Avenue in order to pick up his niece. He stated that he was in the Building for about 10 minutes when he met a man exiting the elevator within the Building. After engaging the man (whom Taylor identified in his affidavit in support of his suppression motion as CC-1) in brief conversation regarding stereo speakers that CC-1 was carrying, Taylor stated that CC-1 agreed to sell Taylor the speakers for $25. Taylor affirmed that he then gave CC-1 $100, and CC-1 provided him with the speakers, as well as $75 in change, which included the $40 in pre-recorded buy money provided to Fitzgerald by UC-1.

    B.    <u>The Other Act Evidence</u>

        The Government provided the defendant with notice of eight arrests constituting 404(b) evidence it may seek to introduce at trial. After careful review of each arrest, the Government is seeking to introduce as evidence at trial the four arrests listed below.

        1.    On or about March 14, 2010, the defendant was arrested inside of 875 Amsterdam Avenue after being observed with four small ziplock bags containing crack cocaine in his hand. The defendant was charged with criminal possession of a controlled substance in the seventh degree, in violation of New

York Penal Law 220.03.  The defendant pled guilty to criminal possession of a controlled substance in the seventh degree and received a term of imprisonment of 45 days'.

      2.  On or about January 5, 2007, the defendant was observed by law enforcement officers inside 868 Amsterdam Avenue. After he was approached by law enforcement officers, Taylor dropped five ziplock bags containing crack cocaine to the ground. The defendant was arrested and charged with attempted criminal possession of a controlled substance in the fifth degree, a Class E felony, in violation of New York Penal law 220.06.  These charges were subsequently dismissed after the defendant pled guilty in another case.

      3.  On or about August 15, 2006, after officers approached Taylor and another individual, the defendant dropped a small plastic bag containing approximately 18 bags of crack cocaine.  The defendant also engaged law enforcement officers in a fist fight and attempted to prevent officers from placing the other individual under arrest.  The defendant was charged with assault in violation of New York Penal law 120.05, criminal possession of a controlled substance in the fifth degree, a Class D felony in violation of New York Penal law 220.06, resisting arrest, in violation of New York Penal law 205.03 and obstructing governmental administration, in violation of New York Penal law 195.05.  The defendant was convicted on or about December 13,

2007 with criminal possession of a controlled substance, a Class B felony, in violation of New York penal law 220.16, and sentenced to 42 months' imprisonment.

      4.   On or about January 6, 2006, the defendant was arrested and charged with criminal possession of a controlled substance in the third degree, a Class B felony, in violation of New York Penal law 220.16, after law enforcement officers observed the defendant directing buyers to an apprehended co-conspirator, who was observed receiving a sum of United States currency in exchange for small objects believed by law enforcement officers to be ziplock bags containing crack cocaine. On or about June 20, 2006, the defendant was convicted of criminal possession in the fourth degree, a Class C felony, in violation of New York Penal law 220.09 and was sentenced to five years probation.

## DISCUSSION

A.   <u>Evidence of the Defendant's Prior Narcotics Crimes Should Be Admitted Under Rule 404(b) as Evidence of the Defendant's Knowledge and Intent, Particularly as the Defendant Has Placed Those Elements at Issue</u>

Under Federal Rules of Evidence 404(b) and 403, evidence of other crimes, wrongs, or acts is admissible if the evidence is relevant to some issue at trial other than the defendant's character and if the evidence's probative value is not substantially outweighed by any unfair prejudice. *Huddleston*

5

v. *United States*, 485 U.S. 681, 685 (1988); *United States* v. *Williams*, 205 F.3d 23, 33 (2d Cir. 2000).  Among the proper purposes enumerated in Rule 404(b) are to show "intent, ... knowledge, [and] absence of mistake or accident."  Rule 404(b). "A district court's decision to admit evidence of prior bad acts is reviewed for abuse of discretion, which [the Second Circuit] will find only if the judge acted in an arbitrary and irrational manner." *United States* v. *Lombardozzi*, 491 F.3d 61, 78 (2d Cir. 2007); *accord United States* v. *Mercado*, 573 F.3d 138, 141. (2d Cir. 2009).

      The Second Circuit has held that where "the defendant does not deny that he was present during a narcotics transaction but simply denies wrongdoing, evidence of other arguably similar narcotics involvement may, in appropriate circumstances, be admitted to show knowledge or intent."  *United States* v. *Aminy*, 15 F.3d 258, 260 (2d Cir. 1994); *United States* v. *Martino*, 759 F.2d 998, 100-405 (2d Cir. 1985) (evidence of eleven year old narcotics conviction admissible to prove defendant's intent when he asserted "mere association" and "mere presence" defenses).  In determining the admissibility of prior similar acts evidence to prove knowledge or intent, "[t]he government must identify a similarity or connection between the two acts that makes the prior act relevant to establishing knowledge of the current act." *United States* v. *Garcia*, 291 F.3d 127, 137-38 (2d Cir. 2002).

Here, the defendant has previously argued that his only association with CC-1 – who was observed by law enforcement officers receiving crack cocaine from the defendant and who subsequently fled - was an exchange of stereo speakers for a sum of United States currency which included the pre-recorded buy money that was given by UC-1 to Fitzgerald.  Indeed, the facts presented in Taylor's affidavit in support of his motion to suppress clearly suggests that Taylor will assert a "mere presence" or "mere association" defense at trial.  The above similar acts, which each show the defendant's clear knowledge and intent to distribute narcotics, are therefore properly admissible under Rule 404(b).  For example, his arrests on March 14, 2010, January 5, 2007 and August 15, 2006 clearly show his knowledge concerning the distribution of crack cocaine, and his intent to distribute it, as he was observed with ziplock bags containing crack cocaine in his hand.  Indeed, prior to being arrested, Taylor - like he did in the present case - attempted to flee from law enforcement and during his August 15, 2006 arrest, struggled with law enforcement officers attempting to detain him.

The defendant's arrest on January 6, 2006, meanwhile, also show his knowledge and intent in the present case.  This arrest, like his arrest in the present case, involved a co-conspirator.  During this arrest, Taylor was observed by an officer directing buyers to his co-conspirator, who then provided

7

narcotics to the buyer in exchange for a sum of United States currency.  This act, like the others offered above, clearly show the defendant's knowledge and intent, and clearly show that his acts in the present case were not committed by mistake or accident.

In addition, because knowledge is an element that the Government must prove beyond a reasonable doubt in narcotics cases, the Second Circuit has held that a denial that a defendant possessed illegal items puts the defendant's knowledge at issue. "When the defendant disavows awareness that a crime was being perpetrated, and the government bears the burden of proving the defendant's knowing possession as an element of the crime, knowledge is properly put in issue."  *United States* v. *Ramirez*, 894 F.2d 565, 568 (2d Cir. 1990). Similarly, "[w]here a defendant claims that he was merely present, introducing a prior crime to prove knowledge and intent presents 'a classic use of similar act evidence.' " *United States* v. *Greo*, No. 85 Cr. 961 (JFK), 1994 WL 202605, at *2 (S.D.N.Y. May 23, 1994) (quoting *United States* v. *DeFillippo*, 590 F.2d 1228, 1240 (2d Cir. 1979)).

The defendant's prior narcotics possessions discussed above are highly probative of the elements that the Government must prove in its case-in-chief concerning the defendant's *mens rea*.  The prior occasions during which drugs or money used to purchase drugs were recovered from the defendant's person or from

co-conspirators working with the defendant provide strong evidence of the defendant's knowledge that the pre-recorded buy money he received was for the purchase of narcotics and that he was distributing narcotics, and further provide strong evidence of the defendant's intent to distribute drugs. Because the Government bears the burden of proving the defendant's knowledge with respect to each count of the indictment, and of proving intent with respect to the drug charge, evidence of the prior narcotics offenses described above are relevant evidence of *mens rea* unless the defendant clearly removes the issues of knowledge and intent from dispute at trial.

2. The Probative Value of This Evidence Is Not Substantially Outweighed by the Danger of Unfair Prejudice

The probative value of this prior-act evidence is not substantially outweighed by the danger of unfair prejudice. Evidence is unfairly prejudicial "only when it tends to have some adverse effect upon a defendant beyond tending to prove the fact or issue that justified its admission into evidence." *United States* v. *Figueroa*, 618 F.2d 934, 943 (2d Cir. 1980). Similar conduct evidence tends not to be unfairly prejudicial where it is not "any more sensational or disturbing than the crimes" with which the defendant has been charged. *United States* v. *Roldan-Zapata*, 916 F.2d at 804. The defendant's prior narcotics offenses and his current offense appear to have involved street-

9

level narcotics dealing, unaccompanied by violence or otherwise engaging in sensational or extreme conduct, different in kind from the charged offenses, that would be "likely to arouse irrational passions." *United States* v. *Smith*, 727 F.2d 214, 220 (2d Cir. 1984). In sum, if knowledge or intent are at issue in the defendant's trial, the Government should be permitted to introduce the highly probative evidence of the defendant's prior narcotics transactions to prove the defendant's knowledge and intent.

   In any event, if requested, the evidence may be admitted subject to a limiting instruction. *See United States* v. *Tussa*, 816 F.2d 58, 68 (2d Cir. 1987) (limiting instruction sufficient to preclude prejudice to defendant).

**CONCLUSION**

For all of the foregoing reasons, the Government respectfully submits that the Court should permit the Government to introduce evidence of prior acts of the defendant under Rule 404(b) as described above.

Dated:   New York, New York
         November 11, 2011

                                    Respectfully submitted,


                                    _____/s/_____
                                    Ryan P. Poscablo
                                    Amy Lester
                                    Assistant United States Attorneys
                                    (212) 637-2634/2416

**AFFIRMATION OF SERVICE**

RYAN P. POSCABLO, pursuant to Title 28, United States Code, Section 1746, hereby declares under the penalty of perjury:

That he is employed as an Assistant U.S. Attorney in the Southern District of New York.

That on November 11, 2011, he caused a copy of the Government's **MOTION FOR IN LIMINE RULING ADMITTING OTHER ACT EVIDENCE** to be served via electronic notification on:

> Joshua L. Dratel, Esq.
> 2 Wall Street, 3rd Floor
> New York, New York 10005

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:  New York, New York
        November 11, 2011

                                    _____/s/_____
                                    RYAN P. POSCABLO