```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - -x
                               :
UNITED STATES OF AMERICA        :
                               :
         - v. -                 :    11 Cr. 310 (PGG)
                               :
JAVEL TAYLOR,                   :
                               :
              Defendant.        :
- - - - - - - - - - - - - - - -x
```

## **GOVERNMENT'S PROPOSED REQUESTS TO CHARGE**

PREET BHARARA
United States Attorney for the
Southern District of New York

Attorney for the United States
    of America

Amy Lester
Ryan P. Poscablo
Assistant United States Attorneys

    - Of Counsel -

TABLE OF CONTENTS

PAGE

REQUEST NO. 1   General Requests.. . . . . . . . . . . . . . . .1

REQUEST NO. 2   The Indictment.. . . . . . . . . . . . . . . .2

REQUEST NO. 3   Count One:  Narcotics Conspiracy —
General Instructions (21 U.S.C. § 846). . . . . .3

REQUEST NO. 4   Count One:  Narcotics Conspiracy —
Elements of Conspiracy . . . . . . . . . . . .5

REQUEST NO. 5   Count One:  Narcotics Conspiracy —
First Element — Existence of the Conspiracy. . .7

REQUEST NO. 6   Count One:  Narcotics Conspiracy —
Second Element — Membership
in the Conspiracy . . . . . . . . . . . . . 11

REQUEST NO. 7   Knowledge and Intent:  Conscious Avoidance
(If Applicable). . . . . . . . . . . . . . 16

REQUEST NO. 8   Count One:  Narcotics Conspiracy —
Overt Act. . . . . . . . . . . . . . . . 19

REQUEST NO. 9   Count One:  Narcotics Conspiracy —
Time of Conspiracy.. . . . . . . . . . . . 20

REQUEST NO. 10  Count One:  Narcotics Conspiracy —
Special Interrogatory on
Drug Type . . . . . . . . . . . . . . . 21

REQUEST NO. 11  Count Two:  Possession With Intent To
Distribute a Controlled Substance —
General Instruction (21 U.S.C. § 841). . . . . 24

REQUEST NO. 12  Count Two:  Possession With Intent to
Distribute a Controlled Substance —
Elements of the Offense. . . . . . . . . . 25

REQUEST NO. 13  Count Two:  Possession With Intent to
Distribute a Controlled Substance —
First Element — Possession with Intent to
Distribute.. . . . . . . . . . . . . . 26

i

REQUEST NO. 14 Count Two:  Possession With Intent to
               Distribute a Controlled Substance —
               Second Element — Unlawfully, Intentionally and
               Knowingly. . . . . . . . . . . . . . . . . . . 30

REQUEST NO. 15 Count Two:  Possession With Intent to
               Distribute a Controlled Substance —
               Third Element — Controlled Substance.. . . . . 33

REQUEST NO. 16 Count Two:  Possession With Intent to
               Distribute a Controlled Substance —
               Aiding and Abetting. . . . . . . . . . . . . . 34

REQUEST NO. 17 Venue. . . . . . . . . . . . . . . . . . . . . 37

REQUEST NO. 18 Statements of Defendant. . . . . . . . . . . . 38

REQUEST NO. 19 The Defendant's Testimony (If Applicable). . . 39

REQUEST NO. 20 The Defendant's Right Not to Testify
               (If Requested by the Defendant). . . . . . . . 40

REQUEST NO. 21 Improper Considerations: Race, Religion,
               National Origin, Sex or Age. . . . . . . . . . 41

REQUEST NO. 22 Law Enforcement Witnesses. . . . . . . . . . . 42

REQUEST NO. 23 Expert Testimony (If Applicable).. . . . . . . 43

REQUEST NO. 24 Character Testimony (If Applicable). . . . . . 45

REQUEST NO. 25 Use of Evidence Obtained Pursuant to
               Arrest or Search.. . . . . . . . . . . . . . . 46

REQUEST NO. 26 Particular Investigative Techniques
               Not Required.. . . . . . . . . . . . . . . . . 47

REQUEST NO. 27 Persons Not On Trial or Not Indicted.. . . . . 48

REQUEST NO. 28 Uncalled Witness – Equally Available or
               Unavailable to Both Sides
               (If Applicable). . . . . . . . . . . . . . . . 50

REQUEST NO. 29 Preparation of Witnesses (If Applicable).. . . 51

REQUEST NO. 30 Consciousness of Guilt: False Exculpatory
               Statement (If Applicable). . . . . . . . . . . 52

REQUEST NO. 31 Stipulations (If Applicable).. . . . . . . . .  54

REQUEST NO. 32 Limiting Instruction – Similar Act Evidence
                [If Applicable]. . . . . . . . . . . . . .  55

REQUEST NO. 33 Conclusion . . . . . . . . . . . . . . .  57

## **REQUEST NO. 1**

### **General Requests**

The Government respectfully requests that the Court provide its usual instructions with respect to the following matters:

a.   Function of Court and Jury

b.   All Parties as Equals Before the Court

c.   What Is and Is Not Evidence

d.   Rulings on Evidence and Objections

e.   Burden of Proof and Presumption of Innocence

f.   Reasonable Doubt

g.   Government Treated Like Any Other Party

h.   Definitions and Examples of Direct and Circumstantial Evidence

i.   Inferences

j.   Credibility of Witnesses

k.   Interest in Outcome

l.   Right to See Exhibits and Have Testimony Read During Deliberations

m.   Jury's Recollection Controls

n.   Sympathy:  Oath as Jurors

o.   Punishment Is Not to Be Considered by the Jury

p.   Verdict of Guilt or Innocence Must be Unanimous

**REQUEST NO. 2**

**The Indictment**

The defendant, JAVEL TAYLOR, is formally charged in an Indictment.  As I instructed you at the beginning of the trial, the Indictment is simply a charge or accusation.  It is not evidence.  The Indictment in this case contains two counts.

Count One of the Indictment charges the defendant with conspiring with others to distribute, and possess with intent to distribute, a quantity of mixtures and substances containing a detectable amount of cocaine base, in a form commonly known as "crack."  This conspiracy is alleged to have taken place in or about March 2011.

Count Two of the Indictment charges the defendant with distributing and possessing with the intent to distribute a quantity of mixtures and substances containing cocaine base, in a form commonly known as "crack," on or about March 21, 2011.

I will now instruct you about the elements of these offenses.

> Adapted from Sand, Modern Federal Jury Instructions, Instr. 35-45; the charge of the Honorable Kevin Thomas Duffy in United States v. Ogarro, 92 Cr. 114 (S.D.N.Y. June 12, 1992); the charge of the Honorable Kevin Thomas Duffy in United States v. Burnett, 92 Cr. 731 (S.D.N.Y. Mar. 17, 1993); and the charge of the Honorable Richard M. Berman in United States v. Manuel Pena, S1 00 Cr. 36 (S.D.N.Y. 2001).

2

**REQUEST NO. 3**

**Count One:  Narcotics Conspiracy**
**General Instructions (21 U.S.C. § 846)**

Count One of the Indictment charges JAVEL TAYLOR with participating in a conspiracy to violate the narcotics laws of the United States.  Specifically, the Indictment charges, and I am reading now from the Indictment, that:

> *[The Court is respectfully requested to read*
> *Count One of the Indictment, up to the overt*
> *act.]*

The Indictment also lists an overt act that is alleged to have been committed in furtherance of the conspiracy, as well as the particular statute alleged to have been violated.

As I said before, the defendant is charged with having been a member of a conspiracy to violate the federal drug laws. A conspiracy is a kind of criminal partnership -- an agreement of two or more persons to join together to accomplish some unlawful purpose.  The crime of conspiracy -- or agreement -- to violate a federal law, as charged in this Indictment, is an independent offense.  It is separate and distinct from the actual violation of any specific federal laws, which the law refers to as "substantive crimes."

Indeed, you may find a defendant guilty of the crime of conspiracy to violate the federal narcotics laws even if you find that the substantive crime that was the object of the conspiracy -- here, distribution and possession with intent to distribute

3

crack cocaine -- was never actually committed.  Congress has deemed it appropriate to make conspiracy, standing alone, a separate crime, even if the conspiracy is not successful.

>Adapted from the charge of the Honorable Richard J. Sullivan in <u>United States</u> v. <u>King</u>, 07 Cr. 756 (S.D.N.Y. 2008); the charge of the Honorable Harold Baer in <u>United States</u> v. <u>Martinez</u>, 97 Cr. 313 (S.D.N.Y. 1997); and the charge of the Honorable John G. Koeltl in <u>United States</u> v. <u>Alvarado-Matriller</u>, 94 Cr. 723 (S.D.N.Y. 1995).

>See <u>United States</u> v. <u>Labat</u>, 905 F.2d 18, 21 (2d Cir. 1990) ("Since the essence of conspiracy is the agreement and not the commission of the substantive offense that is its objective, the offense of conspiracy may be established even if the collaborators do not reach their goal.").

4

**REQUEST NO. 4**

**Count One:  Narcotics Conspiracy – Elements of Conspiracy**

In order to sustain its burden of proof with respect to the charge of conspiracy contained in the Indictment, the Government must prove beyond a reasonable doubt the following two elements:

First, the existence of the conspiracy charged in the Indictment; in other words, that there was, in fact, an agreement or understanding to violate those provisions of the law that make it illegal to distribute narcotics, or to possess narcotics with the intent to distribute them.

Therefore, the first question for you is: Did the conspiracy alleged in the Indictment exist?  Was there such a conspiracy?

Second, the Government must prove beyond a reasonable doubt that the defendant knowingly joined the conspiracy charged; that is, that the defendant knowingly associated himself with the conspiracy, and participated in the conspiracy to distribute or possess with the intent to distribute narcotics.

Now let us separately consider the two elements. First, the existence of a conspiracy; and second, whether the defendant knowingly associated himself with and participated in the conspiracy.

5

Adapted from the charge of the Honorable Leonard B. Sand in <u>United States</u> v. <u>Rios</u>, 91 Cr. 914 (S.D.N.Y. 1992).

The Government notes that under Section 846, it is not necessary for the Government to allege or prove even one overt act. <u>See</u> <u>United States</u> v. <u>Shabani</u>, 513 U.S. 10, 15 (1994) (Government need not prove commission of any overt acts in furtherance of conspiracy in violation of section 846); <u>United States</u> v. <u>Story</u>, 891 F.2d 988, 992 (2d Cir. 1989) ("The only elements of a section 846 narcotics conspiracy offense are the existence of a conspiracy and defendant's willful joining it."); <u>United States</u> v. <u>Knuckles</u>, 581 F.2d 305, 311 (2d Cir.), <u>cert. denied</u>, 439 U.S. 986 (1978); <u>United States</u> v. <u>Bermudez</u>, 526 F.2d 89, 94 (2d Cir. 1975), <u>cert. denied</u>, 425 U.S. 970 (1976).

**REQUEST NO. 5**

**Count One: Narcotics Conspiracy –
First Element – Existence of the Conspiracy**

Starting with the first element, what is a conspiracy? As I mentioned just a few minutes ago, a conspiracy is an agreement or an understanding, between two or more persons, to accomplish, by joint action, a criminal or unlawful purpose.  In this instance, the unlawful purpose alleged to be the object of the conspiracy was the distribution of, and possession with the intent to distribute, a "controlled substance," namely, crack cocaine.

The gist, or the essence, of the crime of conspiracy is the unlawful agreement between two or more people to violate the law.  As I mentioned earlier, the ultimate success of the conspiracy, or the actual commission of the crime that is the object of the conspiracy, is not required.

The conspiracy alleged here, therefore, is an <u>agreement</u> to distribute crack cocaine, or an <u>agreement</u> to possess crack cocaine with the intent to distribute it.  It is an entirely distinct and separate offense from the <u>actual</u> distribution of crack cocaine, or the <u>actual</u> possession of crack cocaine with the intent to distribute it.

Now, to show a conspiracy, the Government is not required to show that two or more people sat around a table and entered into a solemn pact, orally or in writing, stating that

7

they had formed a conspiracy to violate the law and spelling out all the details.  Common sense tells you that when people agree to enter into a criminal conspiracy, much is left to the unexpressed understanding.  It is rare that a conspiracy can be proven by direct evidence of an explicit agreement.

In order to show that a conspiracy existed, the evidence must show that two or more persons, in some way or manner, either explicitly or implicitly, came to an understanding to violate the law and to accomplish an unlawful plan.

In determining whether there has been an unlawful agreement as alleged in the Indictment, you may consider the actions of all the alleged co-conspirators that were taken to carry out the apparent criminal purpose.  The old adage, "actions speak louder than words," applies here.  Often, the only evidence that is available with respect to the existence of a conspiracy is that of disconnected acts on the part of the alleged individual co-conspirators.  When taken all together and considered as a whole, however, that conduct may warrant the inference that a conspiracy existed just as conclusively as more direct proof, such as evidence of an express agreement.

So, you must first determine whether or not the proof established beyond a reasonable doubt the existence of the conspiracy charged in the Indictment.  In considering this first element, you should consider all the evidence that has been

8

admitted with respect to the conduct and statements of each alleged co-conspirator, and any inferences that may reasonably be drawn from that conduct and those statements. It is sufficient to establish the existence of the conspiracy, as I have already said, if, from the proof of all the relevant facts and circumstances, you find beyond a reasonable doubt that the minds of at least two alleged co-conspirators met in an understanding way, to accomplish the objective of the conspiracy charged in the Indictment.

<u>Object of Conspiracy</u>

The object of a conspiracy is the illegal goal the co-conspirators agree or hope to achieve. Count One of the Indictment here charges the following object of the conspiracy: distribution of crack cocaine, or the possession of crack cocaine with the intent to distribute it. I will define the terms "distribution" and "possession" for you in a moment, when I discuss Count Two of the Indictment, which charges a substantive offense. As I will explain in more detail in a few moments, to "distribute" means simply to transfer to another. It does not require a sale. "Possession with intent to distribute" simply means the possession of a controlled substance with the intention, or purpose, to distribute it to another person or persons.

9

The government need prove only that the objective of the conspiracy was to distribute a controlled substance or to possess a controlled substance with intent to distribute it.  The government need not prove both.  You must be unanimous as to which objective you find to have been proven.

I instruct you that the quantity and purity of the crack cocaine involved in the charged conspiracy is not an element of the crime, so you need not be concerned with that in determining whether the defendant is guilty or not guilty of Count One.  You need only find that the co-conspirators agreed either to distribute or to possess with the intent to distribute some quantity of crack cocaine with respect to Count One.

> Adapted from the charge of the Honorable Robert W. Sweet in United States v. Shaun Dozier, 08 Cr. 08 (S.D.N.Y. 2009); the charge of the Honorable Gerard E. Lynch in United States v. Rafael Martinez, S5 08 Cr. 792 (S.D.N.Y. Aug. 7, 2009); the charge of the Honorable Richard M. Berman in United States v. Harold Brunson, 05 Cr. 109 (S.D.N.Y. 2005); and the charge of the Honorable Denise L. Cote in United States v. Joel Lopez, S4 03 Cr. 1102 (S.D.N.Y. 2004).

10

**REQUEST NO. 6**

**Count One: Narcotics Conspiracy –
Second Element – Membership in the Conspiracy**

If you conclude that the Government has proven beyond a reasonable doubt that the conspiracy charged in the Indictment existed, and that the conspiracy had as its object the illegal purposes charged in the Indictment, then you must next determine the second question:  Whether the defendant participated in the conspiracy with knowledge of its unlawful purpose and in furtherance of its unlawful objectives.

The Government must prove beyond a reasonable doubt that each defendant knowingly and intentionally entered into the conspiracy with a criminal intent -- that is, with a purpose to violate the law -- and that each defendant agreed to take part in the conspiracy to promote and cooperate in its unlawful objectives.

"Unlawfully," "Intentionally" and "Knowingly" Defined

The terms "unlawfully" and "intentionally" and "knowingly" are intended to ensure that if you find that a defendant did join the conspiracy, you also conclude beyond a reasonable doubt that, in doing so, he knew what he was doing; in other words, that he took the actions in question deliberately and voluntarily.

An act is done "knowingly" and "intentionally" if it is done deliberately and purposely; that is, the defendant's acts

11

must have been the product of that defendant's conscious objective, rather than the product of a mistake or accident, or mere negligence, or some other innocent reason.

"Unlawfully" simply means contrary to law.  The defendant need not have known that he was breaking any particular law, but he must have been aware of the generally unlawful nature of his acts.

Now, science has not yet devised a manner of looking into a person's mind and knowing what that person is thinking.  However, you do have before you the evidence of certain acts and conversations alleged to involve the defendant and others.  The Government contends that these acts and conversations show, beyond a reasonable doubt, the defendant's knowledge of the unlawful purposes of the conspiracy.

It is not necessary for the Government to show that the defendant was fully informed as to all the details of the conspiracy in order for you to infer knowledge on his part.  To have guilty knowledge, the defendant need not know the full extent of the conspiracy, or all of the activities of all its participants.  It is not even necessary for the defendant to know every other member of the conspiracy.  In fact, the defendant may know only one other member of the conspiracy and still be a co-conspirator.  Nor is it necessary for the defendant to receive any monetary benefit from his participation in the conspiracy, or

12

have a financial stake in the outcome.  It is enough if he

participated in the conspiracy unlawfully, intentionally and

knowingly, as I have defined those terms.  The duration and

extent of the defendant's participation has no bearing on the

issue of the defendant's guilt.  The defendant need not have

joined the conspiracy at the outset.  The defendant may have

joined it at any time in its progress, and he will still be held

responsible for all that was done before he joined and all that

was done during the conspiracy's existence while he was a member.

Each member of a conspiracy may perform separate and distinct

acts.  Some conspirators play major roles, while others play

minor roles in the scheme.  An equal role is not what the law

requires.  In fact, even a single act may be sufficient to draw

the defendant within the scope of the conspiracy.

However, I want to caution you that a person's mere

association with a member of a conspiracy does not make that

person a member of the conspiracy, even when that association is

coupled with knowledge that a conspiracy is taking place.  Mere

presence at the scene of a crime, even coupled with knowledge

that a crime is taking place, is not sufficient to support a

conviction.  In other words, knowledge without agreement and

participation is not sufficient.  What is necessary is that the

defendant participated in the conspiracy with knowledge of its

unlawful purposes, and with an intent to aid in the accomplishment of its unlawful objectives.

In sum, the defendant, with an understanding of the unlawful nature of the conspiracy, must have intentionally engaged, advised or assisted in the conspiracy for the purpose of furthering an illegal undertaking.  The defendant thereby becomes a knowing and willing participant in the unlawful agreement -- that is to say, a conspirator.

A conspiracy, once formed, is presumed to continue until either its objective is accomplished or there is some affirmative act of termination by its members.  So, too, once a person is found to be a member of a conspiracy, he is presumed to continue his membership in the venture until its termination, unless it is shown by some affirmative proof that he withdrew and disassociated himself from it.

> Adapted from United States v. Townsend, 987 F.2d 927 (2d Cir. 1993) (defining "intentionally"); the charge of the Honorable Leonard B. Sand in United States v. Rios, 91 Cr. 914 (S.D.N.Y. 1992); and Sand, Modern Federal Jury Instructions, Instr. 19-6 and 56-18.
>
> See United States v. Rea, 958 F.2d 1206, 1214 (2d Cir. 1992) ("The defendant's knowledge of the conspiracy and participation in it with the requisite criminal intent may be established through circumstantial evidence. A defendant need not have joined a conspiracy at its inception in order to incur liability for the unlawful acts of the conspiracy committed both before and after he or she became a member."); United States v. Miranda-Ortiz, 926

14

F.2d 172, 175-76 (2d Cir.) (generally discussing proof required to show membership in conspiracy), <u>cert.</u> <u>denied</u>, 112 S. Ct. 347 (1991); <u>United States</u> v. <u>Maldonado-Rivera</u>, 922 F.2d 934, 960 (2d Cir. 1990) (same), <u>cert. denied</u>, 111 S. Ct. 2858 (1991).

**REQUEST NO. 7**

**Knowledge and Intent: Conscious Avoidance**

**[If Applicable]**

I have just instructed you that the Government must prove beyond a reasonable doubt, first, that the defendant participated in the conspiracy, and second, that he did so with knowledge of its unlawful purposes and in furtherance of its unlawful objectives. Let me say one other thing about the knowledge element regarding the objectives or purposes of the conspiracy. In determining whether the defendant acted knowingly and intentionally regarding the objectives or purposes of the conspiracy, you may consider whether the defendant deliberately closed his eyes to what otherwise would have been obvious.

As you all know, if a person is actually aware of a fact, then he knows that fact. But the law also allows you to find that a defendant had knowledge of a fact when the evidence shows that he was aware of a high probability of that fact, but intentionally avoided confirming that fact. The law calls this "conscious avoidance" or "willful blindness."

In determining whether the Government has proven beyond a reasonable doubt that a defendant acted knowingly, you may consider whether the defendant deliberately closed his eyes to what would otherwise have been obvious to him. One may not willfully and intentionally remain ignorant of a fact important

16

to his conduct in order to escape the consequences of criminal law.

Let me explain further what the concept of willful blindness or conscious avoidance means with respect to Count One of the Indictment.

First, there is a difference between knowingly participating in a joint undertaking and knowing the object of that undertaking.  "Conscious avoidance," as I have described it, cannot be used as a substitute for a finding that the defendant knowingly agreed to a joint undertaking or knowingly attempted to commit a crime.

For example, it is logically impossible for a defendant to agree to join another person unless he knows that he has made such an agreement.  However, if you find beyond a reasonable doubt that the defendant entered into such an agreement, in considering whether the defendant knew that the object of the conspiracy was to distribute or to possess with intent to distribute a controlled substance, you may consider whether the defendant deliberately avoided confirming otherwise obvious facts, that is, whether he deliberately closed his eyes to what would otherwise have been obvious.

However, guilty knowledge may not be established by demonstrating that a defendant was merely negligent, foolish, or mistaken.  It is entirely up to you whether you find that the

17

defendant deliberately closed his eyes and any inferences to be drawn from the evidence on this issue.

> Adapted from the charge in United States v. Mang Sun Wong, 884 F.2d 1537, 1541-43 (2d Cir. 1989) (expressly approving charge); the charge of the Honorable Gerard E. Lynch in United States v. Rafael Martinez, S5 08 Cr. 792 (S.D.N.Y. Aug. 7, 2009); the charge of the Honorable John F. Keenan in United States v. Paa Smith, 02 Cr. 104 (S.D.N.Y. 2002); and Sand, Modern Federal Jury Instructions, Instr. 3A-2 and 44-5.
>
> "A conscious avoidance charge is appropriate when the defendant claims a lack of knowledge of the relevant [f]acts, but the surrounding circumstances would permit a reasonable juror to conclude that the defendant should have known about them." United States v. Brito, 907 F.2d 392, 396 (2d Cir. 1990). See United States v. Rodriguez, 983 F.2d 455, 457-58 (2d Cir. 1993) (clarifying when charge is appropriate: "[T]he charge is warranted only if the evidence is such that a rational juror may reach that conclusion beyond a reasonable doubt"); United States v. Lanza, 790 F.2d 1015, 1022 (2d Cir.) (same), cert. denied, 479 U.S. 861 (1986); United States v. Guzman, 754 F.2d 482, 489 (2d Cir. 1985) (same), cert. denied, 474 U.S. 1054 (1986).

18

**REQUEST NO. 8**

**Count One:  Narcotics Conspiracy – Overt Act**

The Indictment contains a section entitled "Overt Act." This "Overt Act" provides an example of conduct undertaken by alleged members of the conspiracy to further or promote the illegal objectives of the conspiracy.  The "Overt Act" portion of Count One of the Indictment alleges:

> *[The Court is respectfully requested to read the "OVERT ACT" section of the Indictment.]*

It is not necessary for the Government to prove that the specified overt act alleged was committed, so long as the Government proves, as I have explained, the existence of the conspiracy charged in the Indictment and the defendant was a knowing and intentional member of the conspiracy.

> As noted previously, under Section 846, it is not necessary for the Government to allege or prove even one overt act.  See United States v. Shabani, 115 S. Ct. 382, 385 (1994) (Government need not prove commission of any overt acts in furtherance of conspiracy in violation of section 846); United States v. Story, 891 F.2d 988, 992 (2d Cir. 1989) ("The only elements of a section 846 narcotics conspiracy offense are the existence of a conspiracy and defendant's willful joining it."); United States v. Knuckles, 581 F.2d 305, 311 (2d Cir.), cert. denied, 439 U.S. 986 (1978); United States v. Bermudez, 526 F.2d 89, 94 (2d Cir. 1975), cert. denied, 425 U.S. 970 (1976).

19

**REQUEST NO. 9**

**Count One:  Narcotics Conspiracy – Time of Conspiracy**

The Indictment charges that the charged conspiracy existed in or about March 2011.  It is not essential that the Government prove that the conspiracy alleged started and ended on any specific dates.  Indeed, it is sufficient if you find that the conspiracy was formed and that it existed for some time within or around the dates set forth in the Indictment.

This is also a good opportunity to instruct you that it does not matter if a specific event or transaction is alleged to have occurred on or about a certain date, and the evidence indicates that in fact it occurred on another date.  The law only requires a substantial similarity between the dates alleged in the Indictment and the dates established by the testimony and other evidence.  The same is true for other factual contentions in the Indictment; only a substantial similarity is required.

> Adapted from the charge of the Honorable John F. Keenan in United States v. Carrero, 91 Cr. 365 (S.D.N.Y. 1991); and Sand, Modern Federal Jury Instructions, Instr. 3-12.

20

## REQUEST NO. 10

## Count One: Narcotics Conspiracy –
## Special Interrogatory on Drug Type

If, and only if, you find that the Government has proved beyond a reasonable doubt that the defendant is guilty of participating in the conspiracy charged in Count One, you must then determine the type of controlled substance involved in the conspiracy.

### Drug Type

The Government has alleged that crack cocaine was the controlled substance involved in the conspiracy.  The Government need not prove the purity of the crack cocaine -– any mixture or substance containing a detectable amount of crack cocaine is sufficient.

If you conclude, unanimously, that the Government has failed to prove beyond a reasonable doubt that the conspiracy alleged in Count One involved crack cocaine, check "NO" in response to that question on the verdict form.  If, on the other hand, you conclude, unanimously, that the Government has proved beyond a reasonable doubt that the conspiracy alleged in Count One involved crack cocaine, check "YES" in response to that question on the verdict form.

21

<u>"Involved"</u>

In making your determination about the type of controlled substance involved in the conspiracy charged in Count One, you should include whatever type of controlled substance was involved in any act or acts in which the defendant personally and directly participated.  That is, if you find that the defendant personally and directly participated in a jointly undertaken drug transaction, he is responsible for the full type of drugs involved in that transaction, whether or not he knew the specific type involved in the transaction.

In making your determination about the type of controlled substances involved in the offense, you should also include any controlled substances associated with any co-conspirators of the defendant, as long as the type was either known to the defendant or reasonably foreseeable to him, and within the scope of the criminal activity that he jointly undertook.

> Adapted from the charge of the Honorable Gerard E. Lynch in <u>United States</u> v. <u>Rafael Martinez</u>, S5 08 Cr. 792 (Aug. 7, 2009).
>
> <u>See</u> <u>Apprendi</u> v. <u>New Jersey</u>, 530 U.S. 466 (2000); <u>United States</u> v. <u>Gonzalez</u>, 420 F.3d 111, 125 (2d Cir. 2005); <u>United States</u> v. <u>Castrillon</u>, 376 F.3d 46, 47 (2d Cir. 2004) (<u>per</u> <u>curiam</u>) (construing 21 U.S.C. § 846); <u>United States</u> v. <u>Thomas</u>, 274 F.3d 655 (2d Cir. 2001)(<u>en</u> <u>banc</u>); <u>United States</u> v. <u>Velasquez</u>, 28 F.3d 2, 5 (2d Cir. 1994) (holding that the "reasonable foreseeability" requirement does not apply to conduct "that the defendant

22

personally undertakes" and that the Sentencing Guidelines, including the definition of relevant conduct in U.S.S.G. § 1B1.3, "are simply an extension of the statutory sentencing scheme"); <u>United States</u> v. <u>Martinez</u>, 987 F.2d 920, 925-26 (2d Cir. 1993) (noting that a co-conspirator "should not be sentenced for certain conspiratorial acts unless there is proof that he knew or should have known about the details of these conspiratorial acts"). <u>But</u> <u>see</u> <u>United States</u> v. <u>Santos</u>, 541 F.3d 63, 71 (2d Cir. 2008); <u>United States</u> v. <u>Adams</u>, 448 F.3d 492, 499 (2d Cir. 2006).

**REQUEST NO. 11**

**Count Two:  Possession With Intent to Distribute a Controlled
Substance – General Instruction (21 U.S.C. § 841)**

Let me now turn to the second count of the Indictment.

Count Two of the Indictment charges the defendant with
the crime of distribution of a controlled substance or possession
with the intent to distribute a controlled substance, in
violation of Title 21, United States Code, Section 841.  Count
One reads as follows:

*[The Court is respectfully requested to read Count Two
of the Indictment.]*

I will now instruct you about the elements of this
offense.

24

**REQUEST NO. 12**

**Count Two:  Possession With Intent to Distribute a Controlled
Substance – Elements of the Offense**

In order to sustain its burden of proof on the charge
of distribution or possession with intent to distribute, the
Government must prove the following elements beyond a reasonable
doubt:

First, that on or about March 21, 2011, the defendant
distributed or possessed a controlled substance with the intent
to distribute it.

Second, that he did so unlawfully, intentionally, and
knowingly; and

Third, that the substance involved was in fact a
controlled substance.

> Adapted from the charge of the Honorable
> Leonard B. Sand in United States v. Rios, 91
> Cr. 914 (S.D.N.Y. 1992).

> See, e.g., United States v. Olivier-Becerril,
> 861 F.2d 424, 426 (5th Cir. 1988) (setting
> forth elements); and United States v. James,
> 555 F.2d 992 (D.C. Cir. 1977) (same).

**REQUEST NO. 13**

**Count Two:  Possession With Intent to Distribute a Controlled
Substance – First Element – Possession with Intent to Distribute**

The first element that the Government must prove beyond
a reasonable doubt is "distribution" or "possession with intent
to distribute" a controlled substance.  I will now define for you
the terms "distribution" and "possession with intent to
distribute."

<u>"Distribution"</u>

The word "distribution" means the process of actual,
constructive or attempted transfer of a controlled substance,
including sale.  "Distribution" includes delivering, passing or
handing over something to another person, or causing something to
be delivered, passed on, or handed over to another person.
Distribution does not require a sale, but includes sales.

<u>"Possession With Intent To Distribute"</u>

What does "possession with intent to distribute" mean?
I will first discuss the concept of "possession," and then
discuss the concept of "intent to distribute."

<u>"Possession"</u>

We begin with the concept of "possession."  The legal
concept of possession may differ from the everyday usage of the
term, so let me explain it in some detail.  Actual possession is
what most of us think of as possession; that is, having physical
custody or control of an object, as I possess this pen.  If you

26

find that a person had the controlled substance on his person, therefore, you may find that he had possession of it.  However, a person need not have actual, physical possession, that is, physical custody of an object in order to be in legal possession of it.  If an individual has the ability to exercise substantial control over an object that he does not have in his physical custody, and the intent to exercise such control, then he is in possession of that object.  This is called constructive possession.

Control over an object may be demonstrated by the existence of a working relationship between the person having such control and the person with actual physical custody of the object.  The person having control possesses the object because he has an effective working relationship with the people who have actual physical custody of it, and because he can direct the movement or transfer or disposition of the object.  In this manner, a businessman may possess things that are scattered throughout a number of stores or offices or installations around and about a city or a country.

More than one person can have control over the same controlled substance.  The law recognizes that possession may be sole or joint.  If one person alone has actual or constructive possession of a thing, possession is sole.  If more than one

person has possession of it, as I have defined possession for you, then possession is joint.

<u>"Intent to Distribute"</u>

In order to prove that the possession was with the "intent to distribute," the Government must prove beyond a reasonable doubt that the defendant possessed the controlled substance with a state of mind or purpose to transfer it to another person.

Since you cannot read the defendant's mind, you must make an inference from his behavior.  However, you cannot find the defendant guilty unless these inferences convince you beyond a reasonable doubt that the defendant possessed the controlled substance in question with the intent to distribute it. Basically, what you are determining if you find that the defendant had possession of the controlled substance, is whether the controlled substance in the defendant's possession, that is, subject to his control in the manner I have indicated, was for his personal use or for the purpose of distribution, or delivery to another.

The defendant may have intended to distribute a controlled substance even if he did not possess a large amount of it.  You should make your decision whether the Government has proved beyond a reasonable doubt that the defendant intended to

distribute the controlled substance in his possession from all of the evidence presented in this case.

In summary, in order to satisfy the first element of the crime charged in Count Two, the Government must prove beyond a reasonable doubt that the defendant either distributed a controlled substance, or possessed a controlled substance with the intent to distribute it.  As I mentioned before, the Government need prove only that the defendant distributed a controlled substance, <u>or</u> that he possessed a controlled substance with the intent to distribute it.  The Government need not prove both of these.

> Adapted from the charge of the Honorable Leonard B. Sand in <u>United States</u> v. <u>Rios</u>, 91 Cr. 914 (S.D.N.Y. 1992) and from the charge of the Honorable John M. Walker in <u>United States</u> v. <u>Torres</u>, 87 Cr. 593 (S.D.N.Y. 1988), <u>aff'd</u>, 901 F.2d 205, 221, 243-44 (2d Cir.) (specifically approving charge on possession), <u>cert</u>. <u>denied</u>, 111 S. Ct. 273 (1990).  <u>See</u> <u>also</u> Sand, <u>Modern</u> <u>Federal</u> <u>Jury</u> <u>Instructions</u>, Instr. 56-5, 56-7, 56-9, 56-12, and 56-13.

29

## REQUEST NO. 14

## Count Two:  Possession With Intent to Distribute a Controlled Substance – Second Element – Unlawfully, Intentionally and Knowingly

The second element that the Government must prove beyond a reasonable doubt is that the defendant acted "unlawfully, intentionally, and knowingly."

I have already explained to you what these terms mean. With respect to Count Two in particular, they mean that the Government must prove beyond a reasonable doubt that the defendant knew that he distributed a controlled substance, or possessed a controlled substance with the intent to distribute it, and that these acts were not due to carelessness, negligence, or mistake.

Although the Government must prove that the defendant knew that he possessed a controlled substance, the Government does not have to prove that the defendant knew the exact nature of the drugs in his possession.  It is enough that the defendant knew that he possessed some kind of controlled substance.

As you can see, this element concerns a person's state of mind.  Direct proof of state of mind is not always available. Indeed, it would be a rare case where it could be shown that a person wrote or stated that, as of a given time in the past, he committed an act with a certain state of mind.  Such direct proof is not required.

30

The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his words, his conduct, his acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom.

What is referred to as drawing inferences from circumstantial evidence is no different from what people normally mean when they say, "use your common sense." Using your common sense means that, when you come to decide, for example, whether the defendant possessed a controlled substance with an intent to distribute, you don't limit yourself to just what he said, but you also look at what he did and what others did in relation to him and, in general, everything that occurred.

Circumstantial evidence, if believed, is of no less value than direct evidence. In either case, the essential elements of the crime charged must be established beyond a reasonable doubt.

> Adapted from the charges of the Honorable Michael B. Mukasey in United States v. Harding, 91 Cr. 43 (S.D.N.Y. 1991); and in United States v. Uccio, 88 Cr. 906 (S.D.N.Y. 1989), aff'd, 917 F.2d 80 (1990); from the charge of the Honorable Charles S. Haight, Jr. in United States v. Rogers, 90 Cr. 377 (S.D.N.Y. 1991); and from Sand, Modern Federal Jury Instructions, Instr. 44-5 (based on the charge of the Honorable Edward Weinfeld in United States v. Ranney, 82 Cr. 771 (S.D.N.Y. 1983)).

31

See also United States v. Pomponio, 429 U.S.
10, 12 (1976) (per curiam); United States v.
Winston, 558 F.2d 105, 107-109 (2d Cir. 1977);
United States v. Gentile, 530 F.2d 461, 469-
70, cert. denied, 426 U.S. 936 (1976).

**REQUEST NO. 15**

**Count Two:  Possession With Intent to Distribute a Controlled Substance – Third Element – Controlled Substance**

The third element that the Government must prove beyond a reasonable doubt is that the substance involved was, in fact, a controlled substance.  Let me instruct you that, if you find that the substance involved was a controlled substance, namely, crack cocaine, the quantity or purity of the substance is immaterial.

So long as you find that the defendant knowingly distributed or possessed with intent to distribute crack cocaine, the amount involved, or its purity, is not important to your determination of the defendant's guilt or non-guilt.

> Adapted from the charge of the Honorable Leonard B. Sand in United States v. Rios, 91 Cr. 914 (S.D.N.Y. 1992).  See also United States v. Campuzano, 905 F.2d 677 (2d Cir.) (quantity not an element of § 841 or §846 offenses; proper not to present question of quantity to jury), cert. denied, 111 S. Ct. 363 (1990).

**REQUEST NO. 16**

**Count Two:   Possession With Intent to Distribute a Controlled
Substance - Aiding and Abetting**

Now, with respect to Count Two, I must instruct you
about aiding and abetting.

Aiding and abetting is an alternative theory on which a
defendant can be convicted of a substantive crime.  In other
words, you may also find the defendant guilty of Count Two of the
Indictment -- the count charging that he distributed, or
possessed with intent to distribute, a controlled substance -- if
you find that the defendant aided and abetted the commission of
that crime.  The aiding and abetting statute, Section 2(a) of
Title 18 of the United States Code, provides that:

> Whoever commits an offense against the United
> States or aids, abets, counsels, commands,
> induces or procures its commission, is
> punishable as a principal.

What this means is that a person who aids, abets,
counsels, commands, induces or procures another to commit an
offense is just as guilty of that offense as if he committed it
himself.  Accordingly, you may find the defendant guilty of a
substantive crime if you find beyond a reasonable doubt that the
Government has proved that another person actually committed the
crime charged in the Indictment, and that the defendant aided and
abetted that person in the commission of that offense.

34

Thus, under this aiding and abetting statute, it is not necessary for the Government to show that the defendant himself physically committed the crime charged in Count Two in order for you to find that defendant guilty of Count Two.

As you can see, the first requirement of the aiding and abetting statute is that another person has committed the crime charged. Obviously, no one can be convicted of aiding and abetting the criminal acts of another if no crime was committed by the other person in the first place. But if you do find that the crime charged in Count Two was committed, then you must consider whether the defendant aided or abetted the commission of the crime. In order to aid or abet another to commit a crime, it is necessary that a defendant willfully and knowingly associate himself in some way with the crime, and that he intentionally and knowingly seek by some act to help make the crime succeed. I have already explained to you what the terms "knowingly" and "willfully" mean.

The mere presence of a defendant where a crime is being committed, even coupled with knowledge by the defendant that a crime is being committed, or the mere acquiescence by a defendant in the criminal conduct of others, even with knowledge that they are committing a crime, is not sufficient to establish aiding and abetting. That is, a person is not guilty of the crime just because he is a knowing spectator of a crime. An aider and

35

abettor must not only know that a criminal venture is afoot, but also must have some interest in helping the criminal venture to succeed.  You may not infer that the defendant was guilty of participating in criminal conduct merely from the fact that he associated with another person who was guilty of wrongdoing.

To determine whether the defendant aided or abetted the commission of a crime with which he is charged, ask yourself these questions:

-- Did he participate in the crime charged in Count One as something he wished to bring about?

-- Did he associate himself with the criminal venture knowingly and willfully?

-- Did he seek by his actions to make the criminal venture succeed?

If the defendant did, then that defendant is an aider and abettor and therefore guilty of the offense.  If he did not, then that defendant is not an aider and abettor, and is not guilty of that offense.

> Adapted from the charges of the Honorable William H. Pauley III in United States v. Romero, 05 Cr. 184 (S.D.N.Y. 2009);  the Honorable Gerard E. Lynch in United States v. Martinez, S5 08 Cr. 792 (S.D.N.Y. 2009); the Honorable Richard M. Berman in United States v. Young, 06 Cr. 495 (S.D.N.Y. 2007); the Honorable John F. Keenan in United States v. Smith, 02 Cr. 104 (S.D.N.Y. 2002); and the Honorable Denny Chin in United States v. Dowtin, S6 96 Cr. 84 (S.D.N.Y. 1997).

**REQUEST NO. 17**

**Venue**

In addition to the elements I have described for you for the two counts of the Indictment, you must also decide whether any act in furtherance of the crime occurred within the Southern District of New York. I instruct you that the Southern District of New York includes all of Manhattan, New York.

I should note that on this issue -- and this issue alone -- the Government need not prove venue beyond a reasonable doubt, but only by a mere preponderance of the evidence. Thus, the Government has satisfied its venue obligations if you conclude that it is more likely than not that any act in furtherance of the crimes charged occurred in the Southern District of New York.

> Adapted from the charge of the Honorable Charles S. Haight, Jr. in <u>United States</u> v. <u>Rogers</u>, 90 Cr. 377 (S.D.N.Y. 1991) (wire fraud); and Sand, <u>Modern Federal Jury Instructions</u>, Instr. 3-11.

> <u>See</u> 18 U.S.C. § 3237 (general venue provision for offenses beginning in one district and ending in another); <u>United States</u> v. <u>Gonzalez</u>, 922 F.2d 1044, 1054-55 (2d Cir. 1991) (affirming that venue is governed by a preponderance standard).

## REQUEST NO. 18

### Statements of Defendant

There has been evidence that the defendant made statements to law enforcement authorities.

Evidence of these statements was properly admitted in this case, and may be properly considered by you.  You are to give the evidence of such statements such weight as you feel it deserves in light of all the evidence.

Whether you approve or disapprove of the use of these statements may not enter your deliberations.  I instruct you that no one's rights were violated and that the Government's use of this evidence is entirely lawful.

> Adapted from the charge of the Honorable Michael B. Mukasey in <u>United States</u> v. <u>Abdul Latif Abdul Salam</u>, 98 Cr. 208 (S.D.N.Y. 1999) (in context of government's use of tape recordings); and Sand, <u>Modern Federal Jury Instructions</u>, Instr. 5-19.

38

## REQUEST NO. 19

## The Defendant's Testimony

## [If Applicable]

The defendant, JAVEL TAYLOR, has taken the witness stand.  You should examine and evaluate his testimony just as you would the testimony of any witness with an interest in the outcome of the case.

Adapted from <u>United States</u> v. <u>Gaines</u>, 457 F.3d 238, 245 (2d Cir. 2006).

39

## REQUEST NO. 20

## The Defendant's Right Not to Testify

### [If Requested by the Defendant]

The defendant did not testify in this case.  Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove the defendant guilty beyond a reasonable doubt.  That burden remains with the Government throughout the entire trial and never shifts to a defendant.  A defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that the defendant did not testify.  No adverse inference against him may be drawn by you because he did not take the witness stand. You may not consider this against the defendant in any way in your deliberations in the jury room.

Sand, Modern Federal Jury Instructions, Instr. 5-21.

40

## REQUEST NO. 21

### Improper Considerations: Race, Religion, National Origin, Sex or Age

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence.  It would be improper for you to consider, in reaching your decision as to whether the Government sustained its burden of proof, any personal feelings you may have about the defendant's race, religion, national origin, sex or age.  Similarly, it would be improper for you to consider any personal feelings you may have about the race, religion, national, origin, sex or age of any other witness or anyone else involved in this case.  The defendant is entitled to a trial free from prejudice and our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

> Adapted from the charge of the Honorable Denny Chin in United States v. Olajide, 01 Cr. 365 (S.D.N.Y. 2005); and the charge of the Honorable Richard M. Berman in United States v. Kamara, S1 01 Cr. 979 (S.D.N.Y. 2003).

41

## REQUEST NO. 22

### Law Enforcement Witnesses

You have heard testimony of law enforcement officials. The fact that a witness may be employed by the Government as a law enforcement official does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, defense counsel may try to attack the credibility of a law enforcement witness on the grounds that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witnesses and to give that testimony whatever weight, if any, you find it deserves.

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 5-25.

42

**REQUEST NO. 23**

**Expert Testimony**

**[If Applicable]**

You have heard testimony from what we call expert witnesses.  They are witnesses who by education or experience have acquired learning or experience in a science or a specialized area of knowledge.  Such witnesses are permitted to give their opinions as to relevant matters in which they profess to be expert and give their reasons for their opinions.  Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

Your role in judging credibility applies to experts as well as to other witnesses.  You should consider the expert opinions which were received in evidence in this case and give them as much or as little weight as you think they deserve.  If you should decide that the opinion of an expert was not based on sufficient education or experience or on sufficient data, or if you should conclude that the trustworthiness or credibility of an expert is questionable for any reason, of if the opinion of the expert was outweighed, in your judgment, by other evidence in the case, then you might disregard the opinion of the expert entirely or in part.

43

On the other hand, if you find the opinion of an expert is based on sufficient data, education and experience, and the other evidence does not give you reason to doubt [his/her] conclusions, you would be justified in placing great reliance on [his/her] testimony.

> Adapted from the charge of the Honorable Pierre N. Leval in United States v. Mucciante, 91 Cr. 403 (S.D.N.Y. 1992); and the charge of the Honorable Michael B. Mukasey in United States v. Mensah, 91 Cr. 705 (S.D.N.Y. 1991).

**REQUEST NO. 24**

**Character Testimony**

**[If Applicable]**

You have heard testimony that the defendant has a good reputation for honesty and truthfulness in the community where he lives and works.

Along with all the other evidence you have heard, you may take into consideration what you believe about the defendant's honesty and truthfulness when you decide whether the Government has proven, beyond a reasonable doubt, that he committed the crime charged.

> Adapted from the charge in United States v. Pujana-Mena, 949 F.2d 24, 27-31 (2d Cir. 1991) (specifically approving charge).
>
> A defendant is not entitled to a charge that character evidence "standing alone" is enough for acquittal. See United States v. Pujana-Mena, 949 F.2d 24, 27-31 (2d Cir. 1991) (strongly criticizing such charges as "potentially misleading and confusing"). The Second Circuit noted that, "it might be helpful in some cases to instruct the jury as to the purpose or purposes for which [character evidence] is admitted. Character evidence is admissible principally to show that, because of his or her good reputation, the defendant is less likely to have committed the charged crime. In cases where the defendant testifies, character evidence may also be used by the jury to help it determine whether the defendant was truthful on the stand." Id. at 30 (citations omitted).

## REQUEST NO. 25

## Use of Evidence Obtained Pursuant to Arrest or Search

You have heard testimony that law enforcement officials obtained evidence on the persons of certain individuals -- including the defendant -- as well as pursuant to searches of certain locations and items.  The evidence obtained both from the defendant's person and from searches was properly admitted in this case and may properly be considered by you.

Whether you approve or disapprove of how this evidence was obtained should not enter into your deliberations because I now instruct you that the Government's use of this evidence is entirely lawful.

You must, therefore, regardless of your personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proved the defendant's guilt beyond a reasonable doubt.

> Adapted from the charge of the Honorable Pierre N. Leval in United States v. Mucciante, 91 Cr. 403 (S.D.N.Y. 1992); and the charge of the Honorable Pierre N. Leval in United States v. Ogando, 90 Cr. 469 (S.D.N.Y. 1991), aff'd, 968 F.2d 146 (2d Cir. 1992).

46

## REQUEST NO. 26

### Particular Investigative Techniques Not Required

You have heard reference, in the arguments of defense counsel in this case, to the fact that certain investigative techniques were not used by law enforcement authorities.  There is no legal requirement that the Government prove its case through any particular means.  While you are to carefully consider the evidence presented by the Government, you need not speculate as to why they used the techniques they did, or why they did not use other techniques.  The Government is not on trial, and law enforcement techniques are not your concern.

Your concern is to determine whether or not, based on the evidence or lack of evidence, the guilt of the defendant has been proven beyond a reasonable doubt.

> Adapted from the charge of the Honorable John F. Keenan in United States v. Medina, 91 Cr. 894 (S.D.N.Y. 1992); and the charge of the Honorable Pierre N. Leval in United States v. Mucciante, 91 Cr. 403 (S.D.N.Y. 1992).

47

## REQUEST NO. 27

### Persons Not On Trial or Not Indicted

Some of the people who may have been involved in the events leading to this trial are not on trial. This does not matter. There is no requirement that all members of a conspiracy be charged and prosecuted, or tried together, in the same proceeding.

You may not draw any inference, favorable or unfavorable, towards the Government or the defendant from the fact that certain persons other than the defendant were not named as defendants in the Indictment. Nor may you speculate as to the reasons why other persons are not on trial. Those matters are wholly outside your concern and have no bearing on your function as jurors.

Whether a person should be named as a co-conspirator or indicted as a defendant in this case or another separate case is a matter within the sole discretion of the United States Attorney and the Grand Jury. Therefore, you may not consider it in any way in reaching your verdict as to the defendant.

> Adapted from the charge of the Honorable Peter K. Leisure in United States v. Parra and Ortega, S1 02 Cr. 348 (S.D.N.Y. 2004); the charge of the Honorable Henry F. Werker in United States v. Barnes, S 77 Cr. 190 (S.D.N.Y. 1977), aff'd, 604 F.2d 121 (2d Cir. 1979), cert. denied, 446 U.S. 907 (1980); the charge of the Honorable Milton Pollack in United States v. Bynum, 71 Cr. 1169 (S.D.N.Y.

48

1971); and Sand, <u>Modern Federal Jury Instructions</u>, Instr. 3-4.

## REQUEST NO. 28

## Uncalled Witness – Equally Available or Unavailable to Both Sides

## [If Applicable]

There are people whose names you heard during the course of the trial but did not appear to testify. One or more of the attorneys has referred to their absence from the trial. I instruct you that each party had an equal opportunity or lack of opportunity to call any of these witnesses. Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called. Their absence should not affect your judgment in any way.

You should remember my instruction, however, that the law does not impose on the defendants in a criminal case the burden or duty of calling any witnesses or producing any evidence.

Adapted from Sand, Modern Federal Jury Instructions, Instr. 6-7.

50

**REQUEST NO. 29**

**Preparation of Witnesses**

**[If Applicable]**

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he or she will be questioned about, focus on those subjects and have the opportunity to review relevant exhibits before being questioned about them.  Such consultation helps conserve your time and the Court's time.  In fact, it would be unusual for a lawyer to call a witness without such consultation.

The weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

> Adapted from the charge of the Honorable Michael B. Mukasey in United States v. Abdul Latif Abdul Salam, 98 Cr. 208 (S.D.N.Y. 1999).

51

**REQUEST NO. 30**

**Consciousness of Guilt:  False Exculpatory Statement**

**[If Applicable]**

You have heard testimony that the defendant made certain statements in the past in which the defendant claimed that his conduct was consistent with innocence and not with guilt.  The Government claims that these statements in which the defendant exonerated or exculpated himself are false.  False exculpatory statements are circumstantial evidence of a defendant's consciousness of guilt and have independent probative value.  If you find that the defendant made a false statement in order to divert suspicion from himself, you may, but are not required to, draw the conclusion that this defendant believed that he was guilty.  You may not, however, draw the conclusion on the basis of this alone, that this defendant is in fact guilty of the crime for which he is charged.

Whether or not the evidence as to the defendant's statements shows he believed that he was guilty, and the significance, if any, to be attached to any such evidence, are matters for you, the jury, to decide.

> Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 6-11.
>
> See <u>United States</u> v. <u>Gaviria</u>, 740 F.2d 174, 184 (2d Cir. 1984) ("[F]alse exculpatory statements made to law enforcement officials are circumstantial evidence of a consciousness of guilt and have independent probative

52

force") (quoting <u>United States</u> v. <u>Johnson</u>, 513
F.2d 819, 824 (2d Cir. 1975)).

**REQUEST NO. 31**

**Stipulations**

**[If Applicable]**

In this case you have heard evidence in the form of stipulations of testimony.  A stipulation of testimony is an agreement among the parties that, if called as a witness, the person would have given certain testimony.  You must accept as true the fact that the witness would have given that testimony.  However, it is for you to determine the effect to be given that testimony.

You have also heard evidence in the form of stipulations that contain facts that were agreed to be true.  You must accept the facts in those stipulations as true.

> Adapted from the charge of the Honorable Denise Cote in United States v. Fernandez, 71 Cr. 1169 (S.D.N.Y. 2003).

54

REQUEST NO. 32

**Limiting Instruction - Similar Act Evidence
[If Applicable]**

You will recall that some evidence introduced by the
Government was received for a limited purpose.  Specifically, you
have been presented with evidence regarding the defendant [**Insert
Summary of Relevant Testimony**].  The Government offered this
evidence to demonstrate the defendant's identity, intent and
knowledge, and to establish the absence of mistake or accident
with regard to the offenses that are charged in the Indictment.
You may not consider this evidence as a substitute for proof that
the defendant committed any of the crimes charged in the
Indictment.  Nor may you consider this evidence as proof that the
defendant has a criminal personality or bad character.  This
evidence about the defendant [**Insert Summary of Relevant
Testimony**] was admitted for a limited purpose and you may
consider it only for that limited purpose.

Specifically, if you determine that the defendant
committed any of the acts charged in the Indictment, then you
may, but you need not, draw an inference from the evidence of the
defendant [**Insert Summary of Relevant Testimony**] that the
defendant acted knowingly and intentionally with respect to the
specific charges, as charged in the Indictment, and not because
of some mistake, accident, or other innocent reason.  The

55

evidence of the defendant [**Insert Summary of Relevant Testimony**] may not be considered by you for any purpose other than what I have just explained to you.

> Adapted from the charge of the Honorable John F. Keenan in United States v. Carrero, 91 Cr. 365 (JFK) (S.D.N.Y. 1991); and Sand et al., Modern Federal Jury Instructions, Instr. 5-25.

> See also United States v. Pitre, 960 F.2d 1112, 1119 (2d Cir. 1992) ("upon request, the district court must give an appropriate limiting instruction to the jury" when admitting similar act evidence pursuant to Rule 404(b)).

**REQUEST NO. 33**

**Conclusion**

Your function now is to weigh the evidence in this case and to determine the guilt or innocence of the defendant.

You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged under your oath as jurors to follow the law as I have instructed you, regardless of whether you agree or disagree with the particular law in question.

The verdict must represent the considered judgment of each juror.  To return a verdict, it is necessary that each juror agree to it.  Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement. Each of you must decide the case for him or herself, but do so only after an impartial discussion and consideration of all the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to re-examine your own views, and change an opinion if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors. Remember at all times, you are not partisans.  You are judges -- judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

If you are divided, do <u>not</u> report how the vote stands, and if you have reached a verdict do not report what it is until you are asked in open court.

In conclusion, ladies and gentlemen, I am sure that if you listen to the views of your fellow jurors and if you apply your own common sense you will reach a fair verdict here.

Remember that your verdict must be rendered without fear, without favor and without prejudice or sympathy.

Dated:    New York, New York
          November 11, 2011

                        Respectfully submitted,

                        PREET BHARARA
                        United States Attorney for the
                        Southern District of New York


            By:  _____/s/_____
                        Amy Lester
                        Ryan P. Poscablo
                        Assistant United States Attorneys
                        (212) 637-2416/2634

## **AFFIRMATION OF SERVICE**

RYAN P. POSCABLO, pursuant to Title 28, United States Code, Section 1746, hereby declares under the penalty of perjury:

That he is employed as an Assistant U.S. Attorney in the Southern District of New York.

That on November 11, 2011, he caused a copy of the Government's Proposed Requests to Charge to be served via electronic notification on:

> Joshua L. Dratel, Esq.
> 2 Wall Street, 3rd Floor
> New York, New York 10005

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:  New York, New York
        November 11, 2011


_____/s/_____
RYAN P. POSCABLO

59