```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA       :
                                        11 Cr. 310 (PGG)
        - v. -                 :

JAVEL TAYLOR,                  :

             Defendant.        :

- - - - - - - - - - - - - - - x
```

# GOVERNMENT'S PROPOSED
# EXAMINATION OF PROSPECTIVE JURORS

 

                PREET BHARARA
                United States Attorney for the
                Southern District of New York

                Attorney for the United States
                    of America

Amy Lester
Ryan P. Poscablo
Assistant United States Attorneys

    - Of Counsel -

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA        :

          - v. -                :    11 Cr. 310 (PGG)

JAVEL TAYLOR,                   :

              Defendant.        :
- - - - - - - - - - - - - - - - x
```

### GOVERNMENT'S PROPOSED
### EXAMINATION OF PROSPECTIVE JURORS

The Government respectfully requests, pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure, that the Court include the following questions in its examination of prospective jurors.  The Court is requested to pursue more detailed questioning at the sidebar or in the robing room if a prospective juror's answer reveals that further inquiry is appropriate and, in such an instance, to conclude with an inquiry as to whether the particular fact or circumstance would influence the prospective juror in favor of or against either the Government or the defendant.

**A.   The Charges**

1.   This is a criminal case.  The defendant, JAVEL TAYLOR, has been charged in an indictment with violating federal narcotics laws.

2.   The Indictment is not evidence itself.  It simply contains the charge that the Government is required to prove to

the satisfaction of the jury beyond a reasonable doubt.  I would like to summarize the charge in this case in order to determine whether there is anything about the nature of this case which may make it difficult or inappropriate for any of you to serve on the jury.

       3.    The Indictment contains two counts.  Count One charges that in or about March 2011, the defendant conspired -- which means he agreed -- with others to distribute or possess with intent to distribute crack cocaine.  Count Two charges the defendant with distributing and possessing with intent to distribute crack cocaine, on or about March 21, 2011.

       4.    Do any of you believe you have personal knowledge of the charges contained in the Indictment as I have described it?

    **B.**    **Knowledge of the Trial Participants**

       5.    The defendant in this case is JAVEL TAYLOR.  [*Please ask the defendant to rise*.]  Do any of you know, or have you had any dealings, directly or indirectly, with the defendant, or with any relative, friend, or associate of the defendant?

       6.    To your knowledge, do any of your relatives, friends, associates, or employers know the defendant?

7.     The defendant is represented today by Joshua Dratel, Esq.  [*Please ask defense attorney to stand*.]  Do any of you know Mr. Dratel?

8.     The Government is represented here, as in all cases where it is a party before this Court, by the United States Attorney for the Southern District of New York, who is Preet Bharara.  The conduct of the trial will be in the immediate charge of Assistant United States Attorneys Amy Lester and Ryan Poscablo.  [*Please ask the Assistants to stand*.]  Do any of you know Ms. Lester or Mr. Poscablo?  Have you or your family members or close friends had any dealings either directly or indirectly with them?  Ms. Lester and Mr. Poscablo will also be assisted in this case by Special Agent Eli Vitrano of the Bureau of Alcohol, Tobacco, Firearms, and Explosives (the "ATF") and Darci Brady, a paralegal specialist with the U.S. Attorney's Office.  [*Please ask Agent Vitrano and Ms. Brady to stand*.]  Have you or your family members or close friends had any dealings either directly or indirectly with Agent Vitrano or Ms. Brady?  Have you or your family members or close friends had any dealings either directly or indirectly with the United States Attorney's Office?  The ATF?

9.     I will now read a list of names of individuals whose names may be mentioned during the trial, or who may be witnesses in this case: [*a list of individuals and witnesses will be provided to the Court shortly before trial*].  Do any of you

3

know any of these people?  Have you had any dealings either directly or indirectly with any of these individuals?

    **C.**    **Relevant Locations**

    10.  Some of the conduct at issue in this case and the arrest of the defendant took place at specific locations; that is, the Frederick Douglass public housing project on the Upper West Side of Manhattan, New York, between Manhattan and Amsterdam Avenues and West 100th and 104th Streets.  Are any of you particularly familiar with this location?

    **D.**    **Relationship with Government**

    11.  Do any of you know, or have any association -- professional, business, or social, direct or indirect -- with any member of the staff of the United States Attorney's Office for the Southern District of New York?  The New York City Police Department ("NYPD")?  Is any member of your family employed by any law enforcement agency, whether federal, state, or local?

    12.  Has any juror, either through any experience he or she has had or anything he or she has seen or read, developed any bias, prejudice or other feelings for or against the NYPD?  For or against the United States Attorney's Office?  For or against any other law enforcement agency?

    13.  Have you, or has any member of your family, either as an individual, or in the course of business, ever been a party to any legal action or dispute with the United States, or with any of the officers, departments, agencies, or employees of the

United States? Have any of you had any legal, financial or other interest in any such legal action or dispute, or its outcome?

  E. **Prior Jury Service**

    14. Have you ever, at any time, served as a member of a grand jury, whether in federal, state, county or city court? If so, when and where did you serve?

    15. Have you ever served as a juror in any court? If so, when, and in what court did you serve, and was it a civil or criminal case? What was the nature of the case? Without saying what it was, did the jury reach a verdict?

  F. **Experience as a Witness, Defendant, or Crime Victim**

    16. Have any of you, or any of your relatives or close friends, ever been involved or appeared as a witness in any investigation by a federal or state grand jury, or by a legislative committee or governmental agency? Have you, or any of those close to you, ever been questioned in any matter by a federal, state, or local law enforcement agency?

    17. Have you ever been a witness or a complainant in any federal or state prosecution?

    18. Are you, or is any member of your family, now under subpoena in a criminal case?

    19. Have you, or has any member of your family, any associate or close friend, ever been charged with a crime? What crime? Do you believe that those charges were fairly brought?

20. Have you, or have any of your relatives, associates, or close friends ever been the subject of any investigation or accusation by any federal or state grand jury?

21. Have you, or any of your close friends or relatives, ever been a victim of a crime? [*As to any prospective juror who answers affirmatively, the Court is respectfully requested to inquire, at the bench or in the robing room, into the circumstances of each crime*.]

22. Have you, or any of your close friends or relatives, had any experience with law enforcement that you think may affect your ability to render a fair verdict? [*As to any prospective juror who answers affirmatively, the Court is respectfully requested to inquire, at the bench or in the robing room, into the circumstances of each incident and that prospective juror's reaction to how he or she was treated by the law enforcement officers*.]

**G.   Ability to Render a Fair and Impartial Verdict**

23. As you can tell, during the trial, you will hear evidence concerning illegal narcotics. Does the fact that the charge involves illegal narcotics affect your ability to render a fair verdict?

24. Do any of you believe that it should not be a crime for a person to possess or sell illegal narcotics?

25. Do any of you believe that the law governing this crime should not be enforced? Do any of you have strong feelings about the ways and methods that the narcotics laws are enforced?

26. Have any of you or has any member of your family ever lobbied, petitioned, or worked in any other manner for or against any laws or regulations relating to narcotics? If so, when and what did you do?

27. Has any juror been involved -- as defendant, victim or any other way -- in a case involving illegal drugs?

28. Has any juror's relative, close friend, or associate ever been involved -- as a defendant, victim, or in any other way -- in a case involving illegal drugs? Has any juror had any personal experience with narcotics that would make it difficult for him or her to be impartial?

### H.  Law Enforcement Witnesses

29. The Government witnesses in this case will consist in part of officers of the NYPD. Would any of you be more likely to believe a witness merely because he or she is a member of a law enforcement agency? Would any of you be less likely to believe a witness merely because he or she is member of a law enforcement agency?

30. Does anyone have any personal feelings or experiences concerning law enforcement witnesses that would in any way affect their ability to be fair and impartial in this case?

**I.   Investigative Techniques**

31.   Does anyone have any expectations about the types of evidence that the Government should or will present in this criminal trial, or in a criminal trial more generally?

32.   Would any of you be unable to follow the judge's instructions that the Government is not required to use any particular investigating technique in presenting evidence of a crime?

**J.   Searches**

33.   Some of the evidence that will be introduced in this case will come from searches performed by law enforcement officers.  I instruct you that those searches were legal and that the evidence obtained from those searches is admissible in this case.  Do any of you have strong feelings about searches conducted by law enforcement officers or the use of evidence obtained from searches at trial, such that those feelings might prevent you from being fair in this case?

**K.   Other Questions**

34.   Do any of you have problems with your hearing or vision which would prevent you from giving full attention to all of the evidence at this trial?

35.   Are any of you taking any medication, or do any of you have any medical condition, that would prevent you from giving full attention to all of the evidence at this trial?

36. Do any of you have any difficulty in reading or understanding English in any degree?

37. Do any of you have any religious, philosophical or other beliefs that would make you unable to render a guilty verdict in this criminal case?

**L.  Function of the Court and Jury**

38. The function of the jury is to decide questions of fact. You are the sole judge of the facts and nothing that the Court or the lawyers say or do may encroach in any way on your role as the exclusive fact-finder. When it comes to the law, however, you are to take your instructions from the Court, and you are bound by those instructions. You may not substitute your own notions of what the law is, or what you think it should be. At the conclusion of the case, your job will be to determine whether or not the defendant is guilty as charged in the indictment. Does any juror have any bias or prejudice, or any philosophical or religious belief, that might prevent or hinder him or her from accepting the instructions of law that I will give you in this case?

39. Will each of you accept the proposition that the question of punishment is for the Court alone to decide, and that the question of possible punishment must not enter into your deliberations as to whether the defendant is guilty of the crime charged?

40. Will each of you accept the proposition of law that sympathy or empathy must not enter into the deliberations of the jurors as to whether the defendant is guilty, and that only the evidence produced here in Court may be used by you to determine whether the defendant is guilty or not guilty of the crime charged?

41. It is not a particularly pleasant duty to find a person guilty of committing a crime. Is there any juror who feels that even if the evidence established the defendant's guilt beyond a reasonable doubt, he or she might not be able to render a guilty verdict for reasons unrelated to the law and the evidence?

**M.  Other Biases**

42. In these questions, I have tried to direct your attention to possible reasons why you might not be able to sit as a fair and impartial juror. Apart from any prior question, does any juror have the slightest doubt in his or her mind, for any reason whatsoever, that he or she will be able to serve conscientiously, fairly, and impartially in this case, and to render a true and just verdict without fear, favor, sympathy, bias, or prejudice — and according to the law as it will be explained to you?

**N.   Juror's Background**

43.   The Government respectfully requests that the Court ask each juror to state the following information:

a.   the juror's age;

b.   the area in which the juror resides and any other area the juror has resided during the last ten years;

c.   the juror's educational background, including the highest degree obtained;

d.   the juror's occupation;

e.   the juror's spouse's occupation;

f.   the name and location of the juror's employer, and the period of employment with that employer;

g.   the same information with respect to the juror's spouse and any working children;

h.   what newspapers and magazines the juror reads and how often;

i.   what television programs the juror regularly watches;

j.   the juror's hobbies and leisure-time activities, and organizations; and

k.   whether the juror -- or any member of the juror's family or friends -- has had any significant experiences involving any law enforcement agency.

**O.   Requested Instruction Following Impaneling of the Jury**

44.   From this point until the time when you retire to deliberate your verdict, it is your duty not to discuss this case, and not to remain in the presence of other persons who may be discussing this case.  The rule about not discussing the case

with others includes discussions even with members of your own family, and your friends.

45.   If at any time during the course of this trial, any person attempts to talk to you or to communicate with you about this case, either in or out of the courthouse, you should immediately report such an attempt to me through my deputy clerk. In this regard, let me explain to you that the attorneys and the defendants in a case are not supposed to talk to jurors, not even to offer a friendly greeting.  So if you happen to see any of them outside this courtroom, they will, and should, ignore you. Please do not take offense.  They will be acting properly by doing so.

Dated:  New York, New York
        November 11, 2011

                                Respectfully submitted,

                                PREET BHARARA
                                United States Attorney
                                Southern District of New York

                        By:     _____/s/_____
                                Amy Lester
                                Ryan P. Poscablo
                                Assistant United States Attorneys
                                (212) 637-2416/2634

**AFFIRMATION OF SERVICE**

      RYAN P. POSCABLO, pursuant to Title 28, United States Code, Section 1746, hereby declares under the penalty of perjury:

      That he is employed as an Assistant U.S. Attorney in the Southern District of New York.

      That on November 11, 2011, he caused a copy of the Government's Proposed Examination of Prospective Jurors to be served via electronic notification on:

> Joshua L. Dratel, Esq.
> 2 Wall Street, 3rd Floor
> New York, New York 10005

      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:  New York, New York
        November 11, 2011

                                                /s/
                                     RYAN P. POSCABLO