```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
                                                       :
UNITED STATES OF AMERICA,                              :
                                                       :
                                                       :
            – against –                                :     11 Cr. 310 (PGG)
                                                       :
JAVEL TAYLOR,                                          :     (Filed Electronically)
                                                       :
                    Defendant.                         :
                                                       :
-------------------------------------------------------x
```

MEMORANDUM OF LAW IN OPPOSITION TO GOVERNMENT'S
MOTION FOR *IN LIMINE* RULING ADMITTING OTHER ACT EVIDENCE

>                         JOSHUA L. DRATEL
>                         DRATEL & MYSLIWIEC, P.C.
>                         2 Wall Street, 3rd Floor
>                         New York, New York 10005
>                         (212) 732-0707
>                         jdratel@joshuadratel.com
>
>                         *Attorneys for Defendant Javel Taylor*

– *Of Counsel* –

Joshua L. Dratel
Lindsay A. Lewis

**TABLE OF CONTENTS**

ARGUMENT

THE FOUR PRIOR ARRESTS THE
GOVERNMENT SEEKS TO INTRODUCE AT
TRIAL ARE INADMISSIBLE PURSUANT TO
RULE 404(b), FED.R.EVID . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

A.   *The Applicable Legal Standards* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

     1.   *The Legal Standards Relevant to Rule 404(b), Fed.R.Evid* . . . . . . . . . . . . . . . . . . 4

     2.   *The Legal Standards Relevant to Rule 401, 402 and 403, Fed.R.Evid* . . . . . . . . . 4

B.   *The Government Does Not Seek to Admit Mr. Taylor's Prior Acts for a Proper Purpose Because Mr. Taylor Will Not Place His Knowledge or Intent At Issue* . . . . . . . . 5

C.   *The Government's Proffered Rule 404(b) Evidence Is Offered Only to Prove Mr. Taylor's Criminal Propensity* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

D.   *The Proffered Other Act Evidence Suffers From Additional Evidentiary Defects* . . . . 6

     1.   *Three of the Four Arrests the Government Seeks to Introduce At Trial are Stale* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

     2.   *The Sole Incident That Is Not Stale Does Not Involve a* Sale *of Crack Cocaine, But Merely Possession of Crack Cocaine* . . . . . . . . . . . . . . . . 7

     3.   *The Arrest Report for the January 6, 2007, Arrest, Which Did Not Result In Conviction, Does Not Constitute Adequate Competent Evidence* . . . . . . . . . . . 8

E.   *The Unfair Prejudice Generated by the Rule 404(b) Evidence Outweighs Any* De Minimis *Probative Value Under the Rule 403, Fed.R.Evid., Balancing Test, and a Limiting Instruction Would Not Sufficiently Mitigate That Undue Prejudice* . . . . . . . 9

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
                                               :

UNITED STATES OF AMERICA,        :

                                               :

       – against –                :        11 Cr. 310 (PGG)

                                               :

JAVEL TAYLOR,                       :

                    Defendant.        :

                                               :
------------------------------------------------------x

**MEMORANDUM OF LAW IN OPPOSITION TO THE GOVERNMENT'S
MOTION FOR *IN LIMINE* RULING ADMITTING OTHER ACT EVIDENCE**

      This memorandum of law is submitted in opposition to the government's motion for an *in limine* ruling admitting other act evidence at trial of Mr. Taylor's prior arrests and, in certain instances, convictions for criminal possession of a controlled substance on March 14, 2010, January 5, 2007, August 15, 2006, and January 6, 2006.  Mr. Taylor opposes the government's motion on the basis that the four arrests and, in all but one case, convictions the government seeks to introduce are inadmissible at trial, pursuant to Rule 404(b), Fed.R.Evid., because the government does not seek to admit them for a proper purpose.

      As a threshold matter, the government misconstrues entirely Mr. Taylor's projected defense.  It will not involve acknowledgment of participation in any drug transaction, but simply without knowledge or intent.  Rather, as foreshadowed at the suppression hearing, it will be that Mr. Taylor was not a participant in any such transaction *altogether*.  As a result, neither knowledge, nor intent, nor mistake, or identity, will be at issue.  Instead, the question will be whether the government can prove beyond a reasonable doubt that Mr. Taylor either possessed or

distributed (or possessed with intent to distribute, or conspired to do so) crack cocaine *at all*.

As a result, the government's proffered Rule 404(b) evidence is not relevant to an issue at trial. Indeed, it represents inadmissible propensity evidence, and transparently so. One conviction, the most recent, does not even involve *sale* of crack cocaine, but mere possession. The remaining arrests (only two of which resulted in a conviction) are all stale, with the most recent based on facts occurring in January 2007, nearly five years ago. Regarding the one incident not based on a conviction, the January 5, 2007, arrest, it is unclear how the government intends to introduce that evidence. The government has provided arrest reports, but those plainly are precluded by Rule 803(8), Fed.R.Evid. In light of Mr. Taylor's projected defense, the government's Rule 404(b) evidence is designed solely to convince the jury that Mr. Taylor's prior drug convictions make it likely that he is guilty of the crimes charged.

In addition, even if the government's Rule 404(b) evidence is relevant, its *de minimis* probative value is overwhelmed by its unfair prejudicial effect. This is not a complicated case, and involves but a single alleged sale of crack cocaine. Introducing another *four* prior instances in which Mr. Taylor was apprehended in possession of crack cocaine would represent the ultimate in the "tail wagging the dog." What jury could resist the urge to conclude that a defendant with three prior convictions involving crack was not involved in the charged instance as well? Again, in light of Mr. Taylor's defense, which is neither subtle nor contingent on knowledge or intent, the probative value of the government's Rule 404(b) is nil, while its capacity for unfair prejudice is enormous and unavoidable, any limiting instructions notwithstanding.

Accordingly, for the reasons set forth below, it is respectfully requested that the Court

deny the government's motion *in limine* for a ruling admitting the proffered other act evidence.

## ARGUMENT

### THE FOUR PRIOR ARRESTS THE GOVERNMENT SEEKS TO INTRODUCE AT TRIAL ARE INADMISSIBLE PURSUANT TO RULE 404(b), FED.R.EVID

In its motion for an *in limine* ruling admitting other act evidence in Mr. Taylor's case, the government contends that the prior arrests and convictions it seeks to introduce at trial under Rule 404(b) are admissible as evidence of the defendant's knowledge and intent to commit the alleged crime, and constitute "highly probative evidence of [the] defendant's prior narcotics transactions." *Id.*, at 9-10. The government is incorrect, both in assuming that knowledge and intent will be at issue in this trial (as set forth **ante**, they will not), and in concluding that the proffered evidence is highly probative in this case.

The four arrests and, in three instances, convictions the government seeks to introduce at trial are inadmissible under Rule 404(b), Fed.R.Evid., and should not be admitted by the Court because (1) the only purpose of the proffered evidence is to prove Mr. Taylor's criminal propensity; (2) the evidence is not relevant to any disputed issue at trial; (3) the *de minimis* probative value of the evidence is outweighed by unfair prejudice under Rule 403, Fed.R.Evid.; and (4) a limiting instruction cannot insure that the jury will not evaluate the evidence of Mr. Taylor's prior arrests and convictions for an improper purpose, such as to summarily conclude that Mr. Taylor is guilty in this case because in the past he has been convicted of crimes involving crack cocaine.

3

A.  *The Applicable Legal Standards*

1.  *The Legal Standards Relevant to Rule 404(b), Fed.R.Evid.*

As the Second Circuit explained in *United States v. Colon*, 880 F.2d 650 (2d Cir. 1989)"[t]he standards by which a district court is to assess the admissibility of other acts evidence under Rule 404(b) are now well established." *Id.*, at 656. *See also Huddleston v. United States*, 485 U.S. 681 (1988).

Employing that standard, the trial court must first determine whether the evidence is offered for a proper purpose, namely, "to prove matters other than the defendant's criminal propensity." *United States v. Ortiz*, 857 F.2d 900, 903 (2d Cir.1988). If the evidence is offered for a proper purpose, the district court must then determine whether "[t]he offered evidence [is] relevant . . . to an issue in the case," pursuant to Rules 401 and 402, Fed.R.Evid., and whether "the probative value of the similar acts evidence is substantially outweighed by its potential for unfair prejudice," under the "balancing test of Fed.R.Evid. 403." 857 F.2d at 903; *Huddleston*, 485 U.S. at 691. Ultimately, "if requested to do so, the court must give an appropriate limiting instruction to the jury." *Colon*, 880 F.2d at 656.

2.  *The Legal Standards Relevant to Rules 401, 402, and 403, Fed.R.Evid.*

Rule 401, Fed.R.Evid., defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Rule 401, Fed.R.Evid. Rule 402 requires the exclusion of irrelevant evidence. Rule 402, Fed.R.Evid.

Pursuant to Rule 403, Fed.R.Evid., even *relevant* evidence is excluded when its "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the

issues, or misleading the jury," or by "considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Rule 403, Fed.R.Evid.

**B.**     ***The Government Does Not Seek to Admit Mr. Taylor's Prior Acts for a Proper Purpose Because Mr. Taylor Will Not Place His Knowledge or Intent at Issue***

The government argues that the four arrests (and three convictions) it seeks to introduce at trial are admissible as "relevant evidence of *mens rea* unless the defendant clearly removes the issues of knowledge or intent from dispute at trial." Gov't Motion, at 9. However, pursuant to Rule 404(b), Fed.R.Evid., evidence is only admissible when the asserted purpose of the evidence is at issue in the trial. For example, "[p]rior-act evidence may be offered to prove the defendant's knowledge or intent *only after* the defendant has asserted a state of mind defense, thereby putting knowledge and intent at issue." *See United States v. Ozsusamlar*, 428 F. Supp.2d 161 (S.D.N.Y. 2006) (additional citations omitted). Accordingly,

> a defendant may completely forestall the admission of [the] other act evidence . . . by express[ing] a decision not to dispute that issue with sufficient clarity that the trial court will be justified (a) in sustaining objection to any subsequent cross-examination or jury argument that seeks to raise the issue and (b) in charging the jury that if they find all the other elements established beyond a reasonable doubt, they can resolve the issue against the defendant because it is not disputed.

*Ortiz*, 857 F.2d at 903–04, *quoting Figueroa,* 618 F.2d 934, 942 (2d Cir. 1980).

Here, as clearly set forth **ante**, neither knowledge, nor intent (nor mistake, or identity) were ever in dispute. Mr. Taylor instead intends to contend at trial that he was not a participant *at all* in the alleged drug transaction. Thus, the government does not seek to introduce the evidence of Mr. Taylor's prior arrests and convictions for a proper purpose, and that evidence is therefore inadmissible.

**C.     *The Government's Proffered Rule 404(b) Evidence
       Is Offered Only to Prove Mr. Taylor's Criminal Propensity***

Moreover, the Second Circuit has made clear that

> [i]n determining whether to allow admission of other act evidence, district courts must exercise great care to ensure that juries are not permitted to conclude that because a defendant has committed a similar crime before, he or she therefore has a criminal propensity sufficient to justify conviction in the case at hand.

*Colon*, 880 F.2d at 656.  *See also United States v. Mohel*, 604 F.2d 748, 751 (2d Cir.1979) (additional citations omitted).

Thus, as set forth **ante**, other act evidence is admissible only "to prove matters other than the defendant's criminal propensity." *United States v. Ortiz*, 857 F.2d 900, 903 (2d Cir.1988). Since the government has failed to demonstrate a proper purpose for the admission of the other act evidence in this case, it is clear that its sole purpose for introducing Mr. Taylor's prior arrests and convictions is to establish his propensity to commit the charged crime.

**D.     *The Proffered Other Act Evidence Suffers From Additional Evidentiary Defects***

Even assuming *arguendo* that the government had set forth a proper purpose for the admission of Mr. Taylor's prior arrests, the arrests would still be inadmissible because of other serious evidentiary deficiencies that further reduce any relevance or probative value the Rule 404(b) evidence might possess.

**1.     *Three of Four Arrests the Government Seeks to Introduce At Trial are Stale***

Three of the four arrests the government seeks to introduce at trial are arrests sufficiently distant in time to render them stale. Thus, the January 5, 2007, January 15, 2006, and January 6, 2006, arrests, and the corresponding convictions in the two 2006 cases, should be excluded

6

because of their age.

It is well settled that "[t]he remoteness in time of a prior act, while not dispositive in a Rule 404(b) analysis, should be considered by a district court in making its admissibility determination." *United States v. Ozsusamlar*, 428 F.Supp.2d 161, 171 (S.D.N.Y. 2006). Remoteness is also highly relevant to the Rule 403, Fed.R.Evid.*,* balancing test, discussed **post**, as the probative weight of the evidence decreases as the time between it and the charged crime increases. *See Figueroa*, 618 F.2d at 942 (in course of Rule 404(b) analysis, Rule 403 "oblige[s] the trial court to assess the probative value of every prior conviction offered in evidence and the remoteness of a conviction, whatever its age, is always pertinent to this assessment").

Accordingly, since the most recent of these arrests the government seeks to introduce occurred almost five years ago, the evidence cannot be considered relevant to determining Mr. Taylor's conduct in this case, and should not be admitted at trial.

### 2.   *The Sole Incident That Is Not Stale Does Not Involve a* **Sale** *of Crack Cocaine, But Merely Possession of Crack Cocaine*

In addition to the 2006 and 2007 arrests and convictions, the government also seeks to introduce at trial Mr. Taylor's March 14, 2010, arrest, and subsequent misdemeanor conviction pursuant to New York State Penal Law § 220.03, for criminal possession of a controlled substance in the seventh degree, in which the controlled substance was crack cocaine. Gov't Motion, at 3. This arrest, too, must be excluded as irrelevant, as it does not establish Mr. Taylor's involvement in *selling* crack cocaine.

Second Circuit case law establishes that "[t]he government may not invoke Rule 404(b) and proceed to offer, carte blanche, any prior act of the defendant in the same category of crime."

7

*United States v. Garcia*, 291 F.3d, 127, 137 (2d Cir. 2002)  Rather, when the government offers evidence for a proper purpose, such as to show knowledge when it is at issue, "[t]he government must identify a similarity or connection between the two acts that makes the prior act relevant to establishing knowledge of the current act." *Garcia*, 291 F.3d at 137-138.

If the government cannot make the all-important connection between the current offense and the prior act, "then evidence of the prior act is not relevant to show knowledge and intent." *Id.*, 137.  In *Garcia*, a drug conspiracy case, the Court held it was reversible error to admit at trial evidence of the defendant's prior narcotics conviction under Rule 404(b), because "[t]he only similarity between the two drug transactions . . . [was] that both involved cocaine." *Id.,* at 138.

Likewise, here, even if the government could show that it seeks to introduce Mr. Taylor's March 14, 2010, crack cocaine possession arrest and subsequent conviction, for a proper purpose, the evidence would nonetheless be irrelevant and thus inadmissible under Rule 404(b) because the only similarity between the 2010 possession conviction, and the charges in this case, which allege a *sale* of crack cocaine, are that both transactions involved crack cocaine.

### 3.  *The Arrest Report for the January 6, 2007, Arrest, Which Did Not Result In Conviction, Does Not Constitute Adequate Competent Evidence*

Mr. Taylor's January 6, 2007, arrest, in addition to being stale as set forth **ante**, is further inadmissible because the only apparent evidence of the incident is the arrest report submitted to defense counsel.  Yet that does not constitute competent evidence.  Pursuant to Rule 803(8)(B), Fed.R.Evid., public records and reports, such as arrest reports, are hearsay because they are made in "criminal cases" and contain " matters observed by police officers and other law enforcement personnel." Rule 403(8)(B), Fed.R.Evid.

8

Pursuant to Rule 802, Fed.R.Evid., hearsay, such as an arrest report, which does not fit into a recognized exception, is inadmissible at trial. Also, Rule 803(8)(B) specifically proscribes introducing such "public records" against a defendant in a criminal case. Accordingly, the government cannot establish Mr. Taylor's January 6, 2007, arrest via introduction of an arrest report.

E.   *The Unfair Prejudice Generated by the Rule 404(b) Evidence Outweighs Any* **De Minimis** *Probative Value Under the Rule 403, Fed.R.Evid., Balancing Test, and a Limiting Instruction Would Not Sufficiently Mitigate That Undue Prejudice*

Pursuant to Rule 403, Fed.R.Evid., even *relevant* evidence is excluded when its "probative value is substantially outweighed by the danger of unfair prejudice." *Id*. The Advisory Committee's notes to Rule 403 define "unfair prejudice" as "an undue tendency to suggest decision on an improper basis, commonly though not necessarily, an emotional one." Thus, the Supreme Court has stated that unfair prejudice "speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Old Chief v. United States*, 519 U.S. 172, 180 (1997).

In the present case, the government's Rule 404(b) evidence, even if relevant and admitted for a proper purpose, which as established **ante**, it is not, cannot be admitted at trial because its probative value is vastly overwhelmed by its unfair prejudicial effect on the jury's ability to decide this case on a proper basis, *i.e.*, the evidence presented with respect to the charged conduct.

The remoteness in time of three of the four arrests, as well as two of the convictions, the unreliability of the evidence of the arrest that did not result in a conviction, the dissimilarity of the sole recent possession conviction from this case, and the government's failure to assert a

9

relevant and proper purpose for the introduction of the prior act evidence, leaves the proffered evidence devoid of *any* probative value.  In contrast, the arrests each involve crack cocaine, and go directly to Mr. Taylor's propensity to commit the crime charged in this case.  Therefore, a jury would be hard pressed to omit from its consideration Mr. Taylor's highly prejudicial arrest history.

Nor, given the highly prejudicial nature of the evidence the government seeks to admit, would a limiting instruction be sufficient to prevent the jury from convicting Mr. Taylor upon the evidence of his prior drug arrests and convictions.  As the Second Circuit declared in *Figueroa*,

> the balancing required by Rule 403 for all evidence would not be needed if a limiting instruction always insured that the jury would consider the evidence only for the purpose for which it was admitted. Giving the instruction may lessen but does not invariably eliminate the risk of prejudice notwithstanding the instruction. Rule 403 balancing must therefore take into account the likelihood that the limiting instruction will be observed. . . . The trial judge, sensitive to the realities of the courtroom context [,]. . . must simply include a sound estimate of the likely force of limiting instructions in the overall Rule 403 determination.

*Figueroa*, 618 F.2d at 943 (additional citations omitted).

Here, as in the circumstances discussed in *Figueroa*, an instruction certainly would not eliminate the risk of prejudice, and would not be adequate to prevent the jury from deciding the case on an improper basis.  Thus, the prior act evidence must thus be excluded under Rule 403.

**Conclusion**

Accordingly, for all the reasons set forth above, it is respectfully submitted that the Court should not permit the government to introduce the proffered Rule 404(b) evidence.

Dated: November 18, 2011
       New York, New York

                                            Respectfully submitted,

                                            /s/Joshua L. Dratel
                                            Joshua L. Dratel
                                            DRATEL & MYSLIWIEC, P.C.
                                            2 Wall Street, 3rd Floor
                                            New York, New York 10005
                                            (212) 732-0707
                                            jdratel@joshuadratel.com

                                            *Attorneys for Defendant Javel Taylor*

– Of Counsel –

Joshua L. Dratel
Lindsay A. Lewis