```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x
                                   :
UNITED STATES OF AMERICA           :
                                   :
     -v.-                          :    11 Cr. 310 (PGG)
                                   :
JAVEL TAYLOR,                      :
            Defendant.             :
                                   :
- - - - - - - - - - - - - - - - - -x
```

# GOVERNMENT'S SUPPLEMENTAL MEMORANDUM OF LAW
## REGARDING OTHER ACT EVIDENCE

```
                         PREET BHARARA
                         United States Attorney
                         Southern District of New York
                         One St. Andrew's Plaza
                         New York, New York 10007
```

Ryan P. Poscablo
Amy Lester
Assistant United States Attorneys
    -Of Counsel-

**PRELIMINARY STATEMENT**

The Government respectfully submits this supplemental memorandum of law in further support of its request for an <u>in limine</u> ruling concerning certain prior bad acts of the defendant. As referenced in the Government's initial submission dated November 11, 2011, if the Court determines that the proffered evidence is not admissible pursuant to Rule 404(b) of the Federal Rules of Evidence, the Government seeks a ruling permitting it to cross-examine the defendant concerning his three prior felony convictions pursuant to Rule 609(a)(1), should the defendant testify at trial.

**ARGUMENT**

The defendant's prior felony convictions constitute proper impeachment material under Federal Rule of Evidence 609(a)(1), and the Government should be permitted to question him about those convictions on cross-examination. The Rule allows for the introduction of convictions punishable by imprisonment in excess of one year to impeach the credibility of the defendant in a criminal case, subject to a prescribed balancing of probative value and prejudicial effect of evidence. The Rule specifically provides that any such conviction "shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused." Fed. R. Evid. 609(a)(1). In balancing probative value against prejudicial effect, courts examine the following factors: (1) the impeachment

value of the prior crime, (2) the remoteness of the prior conviction, (3) the similarity between the past crime and the conduct at issue, and (4) the importance of the credibility of the witness.  *See United States* v. *Hayes*, 553 F.2d 824, 828 (2d Cir. 1977).

"Fed. R. Evid. 609(a)(1) vests broad discretion in the trial judge to admit, for purposes of impeachment, evidence that the witness has been convicted within ten years of the time of his testimony of a crime punishable by imprisonment in excess of one year."  *United States* v. *Pedroza*, 750 F.2d 187, 202 (2d Cir. 1984).  "Central to the proper operation of the adversary system is the notion that 'when a defendant takes the stand, the [G]overnment be permitted proper and effective cross-examination in an attempt to elicit the truth.'"  *United States* v. *Garcia*, 936 F.2d 648, 653 (2d Cir. 1991) (quoting *United States* v. *Havens*, 446 U.S. 620, 626-27 (1980)).  A testifying defendant "has no right to set forth to the jury all the facts which tend in his favor without laying himself open to a cross-examination upon those facts."  *Brown* v. *United States*, 356 U.S. 148, 155 (1958) (citation and quotation marks omitted).  Thus, to protect the "truth-seeking function of a trial," the government is given "great leeway" in its cross-examination of the defendant.  *United States* v. *Vega*, 589 F.2d 1147, 1151 n.3 (2d Cir. 1978).  Indeed, "[a] defendant has no right to avoid cross-examination into the

truth of his direct examination, even as to matters not related to the merits of the charges against him." *United States* v. *Payton*, 159 F.3d 49, 58 (2d Cir. 1998).

"Once a defendant has put certain activity in issue by offering innocent explanations for or denying wrongdoing, the government is entitled to rebut by showing that the defendant has lied." *United States* v. *Beverly*, 5 F.3d 633, 639 (2d Cir. 1993) (citing *United States* v. *Mills*, 895 F.2d 897, 907 (2d Cir. 1990)). For example, in *United States* v. *Garcia*, the Second Circuit upheld the questioning of one of the defendants about his recent prior cocaine use, because it "exposed [the defendant's] lack of candor regarding his knowledge" of the contents of the package of cocaine he had carried to the scene of his arrest, and "was particularly relevant in light of [his] attempt to portray himself as an unwitting bystander." *Garcia*, 936 F.2d at 654.

Based on the foregoing, if the defendant testifies at trial, the Government should be permitted to cross-examine him regarding his December 13, 2007 conviction for criminal possession of a controlled substance in the third degree, his July 10, 2006 conviction for criminal sale of a controlled substance in the fourth degree, and his June 20, 2006, conviction for criminal possession of a narcotic drug in the fourth degree.[1]

---

[1] The Government does not seek permission to introduce evidence relating to the defendant's conduct leading to his July 20, 2006 conviction pursuant to Rule 404(b), and therefore did

These convictions constitute valuable impeachment material because they directly rebut any claim by the defendant that he has no familiarity with drugs, for example, or that he has never had any involvement in drug-related activity. The fact that two of the convictions are for criminal possession, rather than criminal sale, of a controlled substance does not substantially diminish their probative value because the nature of the conduct leading to each conviction is consistent with the act of selling drugs, rather than mere possession. With respect to the December 13, 2007 conviction, the defendant possessed approximately eighteen bags of crack cocaine, an amount that exceeds personal use, and indicates an intent to distribute to others. Indeed, the defendant was convicted of criminal possession of a controlled substance in the third degree, in violation of New York Penal Law Section 220.16(1), which refers to possessing a narcotic drug with an intent to sell it. Similarly, with respect to the June 20, 2006 conviction, the defendant's conduct was indicative of his intent to sell crack cocaine, not just to possess it, as he was arrested with approximately 38 bags of crack cocaine.

---

not include a description of this act in its prior submission dated November 11, 2011. However, this is one of the acts of which the Government provided prior notice to the defense, and the Government believes it constitutes proper fodder for cross-examination, along with the defendant's two other felony convictions.

The prior convictions are all relatively recent, within the past five and a half years, and are therefore not stale. Each conviction also involves conduct that is very similar to that charged in the Indictment; therefore, each conviction "is not more prejudicial than probative because it does not involve conduct any more sensational or disturbing than the crime for which [the defendant] is charged." *United States* v. *Taylor*, 767 F. Supp. 2d 428, 441 (S.D.N.Y. 2010).  Lastly, and most importantly, the jury's ability to evaluate the credibility of the defendant will be hampered unless the Government is allowed the opportunity for full cross-examination on these convictions. *See Garcia*, 936 F.2d at 653.

For these reasons, the defendant's prior convictions constitute proper impeachment under Rule 609(a), and the probative value of the convictions is not outweighed by any unfair prejudicial effect.  Accordingly, the Government should be permitted to cross-examine the defendant regarding his three prior felony convictions at trial.

**CONCLUSION**

For the foregoing reasons, the Court should permit the Government to cross-examine the defendant regarding his prior felony convictions pursuant to Rule 609(a), as described above.

Dated:   New York, New York
         November 22, 2011

                              Respectfully submitted,

                                    /s/
                              Ryan P. Poscablo
                              Amy Lester
                              Assistant United States Attorneys
                              (212) 637-2634/2416