UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
                                                :
UNITED STATES OF AMERICA,        :
                                                :
                                                :
        – against –                          :          11 Cr. 310 (PGG)
                                                :
JAVEL TAYLOR,                          :          (Filed Electronically)
                                                :
                Defendant.                :
                                                :
--------------------------------------------------------x

SUPPLEMENTAL MEMORANDUM OF LAW OPPOSING THE ADMISSION OF
JAVEL TAYLOR'S PRIOR CONVICTIONS FOR IMPEACHMENT PURPOSES


                                                JOSHUA L. DRATEL
                                                DRATEL & MYSLIWIEC, P.C.
                                                2 Wall Street, 3rd Floor
                                                New York, New York 10005
                                                (212) 732-0707
                                                jdratel@joshuadratel.com

                                                *Attorneys for Defendant Javel Taylor*

– Of Counsel –

  Joshua L. Dratel
  Lindsay A. Lewis

TABLE OF CONTENTS

Table of Contents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

ARGUMENT

MR. TAYLOR'S THREE PRIOR CONVICTIONS SHOULD
NOT BE ADMITTED AT TRIAL FOR IMPEACHMENT
PURPOSES PURSUANT TO RULE 609(a), FED.R.EVID. . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

A.   *The Applicable Legal Standards* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    1.   *The Legal Standards Relevant to Rule 609(a), Fed.R.Evid.* . . . . . . . . . . . . . . . . . 3

    2.   *The Legal Standards Relevant to Rule 403, Fed.R.Evid.* . . . . . . . . . . . . . . . . . . . 4

B.   *Mr. Taylor's Prior Convictions May Not Be Automatically*
    *Admitted for Impeachment Purposes Under Rule 609(a)(2)*
    *Because They Do Not Involve* Crimen Falsi . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

C.   *Mr. Taylor's Prior Convictions Also Cannot Be Admitted Under Rule 609(a)(1)* . . . . . . 5

    1.   *Mr. Taylor's Prior Misdemeanor Conviction is Inadmissible for Impeachment*
    *Purposes Because It Is Not Punishable By More than One Year in Prison* . . . . . 6

    2.   *Mr. Taylor's Prior Felony Convictions Are Also Inadmissible Because*
    *Under the Rule 403 Balancing Test, the Unfair Prejudice Generated*
    *By Those Convictions Outweighs Any De Minimis Probative Value* . . . . . . . . . . 6

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
: 
UNITED STATES OF AMERICA, :
:
:
– *against* – :   11 Cr. 310 (PGG)
:
JAVEL TAYLOR, :
:
Defendant. :
:
--------------------------------------------------------x

### SUPPLEMENTAL MEMORANDUM OF LAW OPPOSING THE ADMISSION OF JAVEL TAYLOR'S PRIOR CONVICTIONS FOR IMPEACHMENT PURPOSES

This supplemental memorandum of law is submitted to address the admissibility of Javel Taylor's prior convictions for impeachment purposes pursuant to Rule 609(a), Fed.R.Evid. These convictions include his (1) 2010 class A misdemeanor conviction for Criminal Possession of a Controlled Substance in the Seventh Degree, pursuant to New York Penal Law (hereinafter "N.Y.P.L.") §220.03; (2) December 13, 2007, class B felony conviction for Criminal Possession of a Controlled Substance in the Third Degree, pursuant to N.Y.P.L. § 22.16; and (3) June 20, 2006, class C felony conviction for Possession of a Controlled Substance in the Fourth Degree, pursuant to N.Y.P.L. § 220.09.

For the reasons set forth below, Mr. Taylor's prior convictions must be excluded from trial for impeachment purposes because they are not crimes involving dishonesty or false statements. Therefore, their admission into evidence is *not* required under Rule 609(a)(1), Fed.R.Evid. In addition, the *de minimis* probative value of these prior convictions with regard to the issue of the defendant's credibility is overwhelmed by the danger of unfair prejudice pursuant

to Rule 403, Fed.R.Evid. In the case of Mr. Taylor's 2010 misdemeanor conviction, this offense must also be excluded because, contrary to the requirements of Rule 609(a)(1), it is not punishable by imprisonment in excess of one year.

Accordingly, for the reasons set forth below, it is respectfully requested that the Court preclude the admission of Mr. Taylor's prior convictions for impeachment purposes should he testify.

### ARGUMENT

### MR. TAYLOR'S THREE PRIOR CONVICTIONS SHOULD NOT BE ADMITTED AT TRIAL FOR IMPEACHMENT PURPOSES PURSUANT TO RULE 609(a), FED.R.EVID.

Mr. Taylor's three prior drug convictions should not be admitted at trial for impeachment purposes pursuant to Rule 609(a), Fed.R.Evid. Mr. Taylor's prior convictions can be distinguished from those convictions involving dishonesty or false statements, and which are therefore *automatically* admitted for impeachment purposes pursuant to Rule 609(a)(2).

In addition, when determining whether to admit Mr. Taylor's prior convictions under Rule 609(a)(1), the Court may admit only *felony* convictions for impeachment purposes, and even then the court must weigh the probative worth of the convictions against the danger of undue prejudice under Rule 403, Fed.R.Evid. As a result, Mr. Taylor's prior misdemeanor conviction is inadmissible under Rule 609(a)(1) because it is not punishable by more than a year in prison.

Also, pursuant to Rule 403, it is clear that the prejudicial nature of Mr. Taylor's prior felony convictions far outweigh any probative value because his past convictions all involve crack cocaine, and thus invite a jury to conclude that Mr. Taylor is guilty of the charged offense

simply on the basis that he has prior crack cocaine convictions.  Accordingly, any evidence of Mr. Taylor's prior convictions must be excluded from trial.

**A.**     *The Applicable Legal Standards*

    **1.**     *The Legal Standards Relevant to Rule 609(a), Fed.R.Evid.*

Pursuant to Rule 609(a), Fed.R.Evid,

> [f]or the purpose of attacking the character for truthfulness of a witness
>
> (1)    . . . evidence that an accused has been convicted of . . . a crime [punishable by death or imprisonment in excess of one year] shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused;  and
>
> (2)    evidence that any witness has been convicted of a crime shall be admitted regardless of the punishment, if it readily can be determined that establishing the elements of the crime required proof or admission of an act of dishonesty or false statement by the witness.

Thus, Rule 609(a), provides that a prior conviction is automatically admissible under 609(a)(2) *only* when "the elements of the crime required proof or admission of an act of dishonesty or false statement."  Rule 609(a)(2), Fed.R.Evid.

If, however, the defendant, has *not* been convicted of a past crime that involves dishonesty or a false statement, the prior conviction may be admitted only if it is *both* "punishable by death or imprisonment in excess of one year" *and* "the probative value of admitting th[e] evidence [of the prior conviction] outweighs its prejudicial effect to the accused under Rule 403, Fed.R.Evid.  Rule 609(a)(1), Fed.R.Evid.  *See also* Rule 403, Fed.R.Evid.

## 2. *The Legal Standards Relevant to Rule 403, Fed.R.Evid.*

Second Circuit case law has made clear that, "[d]istrict courts under Rule 609(a)(1) are to consider the relative probative worth of a witness's specific offenses of conviction . . . in light of the factors listed under Rule 403, when determining whether to admit evidence of those convictions for impeachment purposes." *United States v. Estrada*, 430 F.3d 606, 617 (2d Cir. 2005), *citing United States v. Howell*, 285 F.3d 1263, 1270 (10th Cir. 2002) (noting that "[a]fter conducting the Rule 403 balancing, the court may determine that evidence of the conviction, or certain aspects of evidence of the conviction, are properly excluded.").

Pursuant to Rule 403, Fed.R.Evid., even *relevant* evidence is excluded from trial when its "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury," or by "considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Rule 403, Fed.R.Evid..

Also, it is well-settled that when evaluating whether a prior conviction should be admitted under Rule 609(a)(1), "the *Government* has the burden of showing that probative value outweighs prejudice." *United States v. Hayes*, 553 F.2d 824, 828 (2d Cir. 1977) (additional citations omitted) (emphasis added) .

**B.    *Mr. Taylor's Prior Convictions May Not Be Automatically Admitted for Impeachment Purposes Under Rule 609(a)(2) Because They Do Not Involve* Crimen Falsi**

Mr. Taylor's prior misdemeanor and felony convictions for criminal possession of a controlled substance may not be automatically admitted for impeachment purposes under Rule 609(a)(2) because they do not involve crimes of dishonesty or false statement, *i.e. crimen falsi*, as required for automatic admission under Rule 609(a)(2).

Pursuant to the Advisory Committee Notes to Rule 609, the most recent substantive amendments to subsection (a)(2) are "meant to give effect to the legislative intent to limit the convictions that are to be automatically admitted under subdivision (a)(2)." *Id*. As the Conference Committee provided when it proposed these amendments, "by 'dishonesty and false statement' it meant" not just any crime that might reflect on a defendant's dishonesty, but

> crimes such as perjury, subornation of perjury, false statement, criminal fraud, embezzlement, or false pretense, or any other offense in the nature of *crimen falsi*, the commission of which involves some element of deceit, untruthfulness, or falsification bearing on the [witness's] propensity to testify truthfully.

*Id*.

Thus, Rule 609(a)(2) is intended to admit automatically only those prior convictions involving "crimes in which the ultimate criminal act was itself an act of deceit." *Id*., *citing* Green, Deceit and the Classification of Crimes: Federal Rule of Evidence 609(a)(2) and the Origins of Crimen Falsi, 90 J. Crim. L. & Criminology 1087 (2000). Because Mr. Taylor's prior drug convictions are not of the same nature as the crimes described by the legislature, and the ultimate criminal act in those cases was not an act of deceit, it is clear that Mr. Taylor's prior convictions cannot be automatically admitted for impeachment purposes under Rule 609(a)(2).

### C.  *Mr. Taylor's Prior Convictions Also Cannot Be Admitted Under Rule 609(a)(1)*

Since Mr. Taylor's prior convictions cannot be automatically admitted for impeachment purposes under Rule 609(a)(2) because they were not crimes of dishonesty or false pretenses, his prior convictions may *only* be admitted if they are:  (1) punishable by imprisonment in excess of one year;  and (2)  satisfy the balancing test of Rule 403, Fed.R.Evid.  Rule 609(a)(1), Fed.R.Evid.

Thus, Mr. Taylor's 2010 misdemeanor drug conviction is inadmissible for impeachment purposes at trial because it is not punishable by imprisonment of more than one year. Mr. Taylor's two prior felony convictions are also inadmissible under Rule 609(a)(1) because their probative value is far outweighed by their prejudicial effect under the Rule 403 balancing test.

1.  *Mr. Taylor's Prior Misdemeanor Conviction is Inadmissible for Impeachment Purposes Because It Is Not Punishable By More than One Year in Prison*

As set forth **ante**, pursuant to Rule 609(a)(1), Fed.R.Evid., a prior conviction is admissible for impeachment purposes only "if the crime was punishable by death or imprisonment in excess of one year under the law under which the [defendant] was convicted." Here, Mr. Taylor's prior class A misdemeanor conviction for Criminal Possession of a Controlled Substance in the Seventh Degree, pursuant to N.Y.P.L. §220.03, is punishable by a jail sentence of "[u]p to 1 year." *See* N.Y.P.L. §70.15(1). Thus, Mr. Taylor's prior misdemeanor conviction is not admissible for impeachment purposes.

2.  *Mr. Taylor's Prior Felony Convictions Are Also Inadmissible Because Under the Rule 403 Balancing Test, the Unfair Prejudice Generated By Those Convictions Outweighs Any* **De Minimis** *Probative Value*

Moreover, since Mr. Taylor's prior felony convictions were not crimes of dishonesty or false statement, they may be admitted *only* if they survive Rule 403, Fed.R.Evid.'s balancing test. As the Second Circuit explained in *Hayes*, "[u]nder this test, a court must balance the probative value of the conviction[s] against [their] prejudicial effect to the defendant" and the convictions must be excluded if the "probative value [of the prior convictions] is substantially outweighed by the danger of unfair prejudice." 553 F.2d at 828; *see also* Rule 403, Fed.R.Evid.

Consequently, as the Advisory Committee Notes to Rule 609(a)(1) instructs, this "rule

recognizes that, in virtually every case in which prior convictions are used to impeach the testifying defendant, the defendant faces a unique risk of prejudice – *i.e.*, the danger that convictions that would be excluded under Fed.R.Evid. 404 will be misused by a jury as propensity evidence despite their introduction solely for impeachment purposes."

Accordingly, the government cannot meet its burden of establishing that Mr. Taylor's convictions are admissible as impeachment evidence under the Rule 403 balancing test, as any probative value of his prior felony convictions is greatly overwhelmed by their unfair prejudicial effect on the jury's ability to decide this case solely on the basis of the evidence as to the charged crime (and not on the basis of Mr. Taylor's prior convictions for crimes involving crack cocaine).

As set forth previously in Mr. Taylor's motion in opposition to the admission of Rule 404(b) evidence, at 9-10, the remoteness in time of his two felony convictions undermines their probative value. In contrast, regarding the potential for prejudice, both felony convictions involved crack cocaine, and go directly to Mr. Taylor's propensity to commit the crime charged in this case. That highly prejudicial impact extends well beyond any marginal impeachment value those convictions might possess with respect to Mr. Taylor's credibility as a witness.

As a result, because Mr. Taylor's prior convictions would unduly prejudice him before a jury and lack sufficient impeachment value, the Court must preclude admission of Mr. Taylor's prior convictions for impeachment purposes under Rule 609(a)(1) and Rule 403.

**Conclusion**

Accordingly, for all the reasons set forth above, it is respectfully submitted that the Court should not permit the government to introduce Mr. Taylor's prior convictions at trial for impeachment purposes should he testify.

Dated: November 23, 2011
    New York, New York

                                          Respectfully submitted,

                                          /s/Joshua L. Dratel
                                          Joshua L. Dratel
                                          DRATEL & MYSLIWIEC, P.C.
                                          2 Wall Street, 3rd Floor
                                          New York, New York 10005
                                          (212) 732-0707
                                          jdratel@joshuadratel.com

                                          *Attorneys for Defendant Javel Taylor*

– Of Counsel –

Joshua L. Dratel
Lindsay A. Lewis