USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/30/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

JAVEL TAYLOR,

               Defendant.

**ORDER**

11 Cr. 310 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

      Defendant Javel Taylor was charged in a two-count indictment with (1) conspiring to distribute, and possess with intent to distribute, crack cocaine, and (2) distributing and possessing with intent to distribute crack cocaine. On December 1, 2011, after a three-day trial, a jury convicted Taylor on both counts. Judgment was entered on November 28, 2012.

      Taylor has moved for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2). Under this section,

> [t]he court may not modify a term of imprisonment once it has been imposed except that . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment . . . if such a reduction is consistent with applicable policy statements by the Sentencing Commission.

Id.

      Taylor argues that a reduction in his sentence is warranted in light of the Fair Sentencing Act of 2010, which took effect on August 3, 2010. See Pub. L. No. 111-220, 124 Stat. 2372 (codified as amended in scattered sections of 21 U.S.C.). The Fair Sentencing Act "reduce[d] the crack-to-powder cocaine disparity from 100-to-1 to 18-to-1." Dorsey v. United States, 132 S. Ct. 2321, 2326 (2012). The Supreme Court has held that the Act's "more lenient

mandatory minimum provisions . . . apply to . . . pre-Act offenders" sentenced after the Act took effect. Id. "[T]he Court held that Congress intended, by the FSA, to apply with respect to the mandatory minimum sentences the well-established principle that 'sentencing judges [are] to use the Guidelines Manual in effect on the date that the defendant is sentenced, regardless of when the defendant committed the offense, unless doing so would violate the ex post facto clause' of the Constitution." United States v. Highsmith, 688 F.3d 74, 77 (2d Cir. 2012) (quoting Dorsey, 132 S. Ct. at 2332 (internal quotations omitted)) (second alteration in original).

Taylor was sentenced after the Supreme Court's decision in Dorsey, and this Court applied the relevant statutory provisions and Sentencing Guidelines in effect as of his sentencing, including the amendments reflected in the Fair Sentencing Act. Because the lower sentencing range that resulted from the Fair Sentencing Act was applied at Taylor's sentencing, he is not entitled to a reduction of sentence under 18 U.S.C. § 3582(c)(2). Taylor's motion is denied. The Clerk of the Court is respectfully directed to terminate the motion (Dkt. No. 78).

Dated: New York, New York
December 26, 2013

SO ORDERED.

_Paul G. Gardephe_
Paul G. Gardephe
United States District Judge