UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAVEL TAYLOR,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

14 Civ. 165 (PGG)
11 Cr. 310 (PGG)

## GOVERNMENT'S MEMORANDUM OF LAW IN OPPOSITION TO PETITIONER JAVEL TAYLOR'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE AND CORRECT HIS SENTENCE

PREET BHARARA
United States Attorney for the
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007

Amy Lester
Assistant United States Attorney
    *Of Counsel*

## PRELIMINARY STATEMENT

The Government respectfully submits this memorandum of law in opposition to the motion filed by Petitioner Javel Taylor pursuant to Section 2255 of Title 28 of the United States Code (the "Motion" or "Mot."), requesting that the Court vacate and correct his sentence on the grounds that his counsel provided ineffective assistance by failing to (1) inform Taylor of a plea offer made by the Government prior to trial; (2) challenge the Court's instructions to the jury regarding the quantity of drugs involved in the case; (3) advise Taylor that the Second Circuit had denied his appeal in a timely fashion; and (4) argue that the Fair Sentencing Act of 2010 applied to Taylor's case. For the reasons set forth below, Taylor's counsel was not ineffective in any of these respects, and Taylor's Motion is wholly without merit. Accordingly, the Court should deny the Motion in its entirety without a hearing.

## PROCEDURAL BACKGROUND

Indictment 11 Cr. 310 (PGG) (the "Indictment") was filed on April 4, 2011, in two counts. Count One charged Taylor with conspiracy to distribute an unspecified quantity of crack cocaine, in violation of Title 21, United States Code, Section 846. Count Two charged Taylor with distributing and possessing with the intent to distribute an unspecified quantity of crack cocaine, and aiding and abetting that crime, in violation of Title 21, United States Code, Sections 812, 841(a)(1), 841(b)(1)(C), and Title 18, United States Code, Section 2.

Trial commenced on November 29, 2011 and ended on December 1, 2011, when the jury found Taylor guilty of both counts of the Indictment. At trial, the Government established that Taylor conspired to sell crack cocaine and, working with a co-conspirator named Leonard Fitzgerald, actually sold approximately .234 grams of crack cocaine to an undercover police

officer in a controlled drug purchase. The Government's evidence included: (1) the testimony of several New York City Police Department ("NYPD") officers who participated in or observed Fitzgerald sell crack to an undercover officer in exchange for pre-recorded "buy money" that was subsequently recovered from Taylor; (2) the crack cocaine that the undercover officer purchased; and (3) the pre-recorded buy money recovered from Taylor.

On November 28, 2012, the Court sentenced Taylor to concurrent terms of 84 months' imprisonment on Counts One and Two of the Indictment, to be followed by concurrent terms of six years' supervised release on both counts.

On December 7, 2012, Taylor filed a timely notice of appeal. On October 21, 2013, the Court of Appeals for the Second Circuit issued a summary order affirming Taylor's conviction. None of the claims in the instant Motion were raised by Taylor on appeal.

## ARGUMENT

### I.   Taylor's Claims of Ineffective Assistance Should Be Denied Without a Hearing

Taylor's claims that his lawyer, Joshua L. Dratel, Esq., provided ineffective assistance can be swiftly rejected based on the record in this case and the sworn assertions contained in the accompanying declaration of Assistant United States Attorney Amy Lester ("Lester Decl."), which are entirely consistent with the record in this case.

#### A. Applicable Law

##### 1. Legal Standard Governing a 2255 Motion

Section 2255 of Title 28 of the United States Code provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to

> impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. Relief under § 2255 is available "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in [a] complete miscarriage of justice." *Graziano* v. *United States*, 83 F.3d 587, 590 (2d Cir. 1996) (per curiam) (internal quotation marks and citation omitted). "Because collateral challenges are in tension with society's strong interest in the finality of criminal convictions, the courts have established rules that make it more difficult for a defendant to upset a conviction by collateral, as opposed to direct, attack." *Yick Man Mui* v. *United States*, 614 F.3d 50, 53 (2d Cir. 2010) (internal quotation marks and citations omitted).

The Second Circuit has interpreted Section 2255 "as requiring a hearing in cases where the petitioner has made a plausible claim of ineffective assistance of counsel." *Morales* v. *United States*, 635 F.3d 39, 45 (2d Cir. 2011) (quoting *Puglisi* v. *United States*, 586 F.3d 209, 213 (2d Cir. 2009)) (internal quotation marks omitted). To warrant a hearing, a petitioner's "application must contain assertions of fact that [the] petitioner is in a position to establish by competent evidence." *United States* v. *Aiello*, 814 F.2d 109, 113 (2d Cir. 1987) (citations omitted). The court must then determine whether, viewing the record "in the light most favorable to the petitioner, the petitioner, who has the burden, may be able to establish at a hearing a *prima facie* case for relief." *Puglisi*, 586 F. 3d at 213.

However, "[a]iry generalities, conclusory assertions and hearsay statements will not suffice because none of these would be admissible evidence at a hearing." *Aiello*, 814 F.2d at 113-14; *Haouari* v. *United States*, 510 F.3d 350, 354 (2d Cir. 2007). Nor is the Court required to

presume the credibility of factual assertions "where the assertions are contradicted by the record in the underlying proceeding." *Puglisi*, 586 F. 3d at 214. Moreover, if it "plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." *Puglisi*, 586 F. 3d at 213 (citations omitted).

Depending on the allegations in the petition, a "court may use methods under [§] 2255 to expand the record without conducting a full-blown testimonial hearing." *Chang v. United States*, 250 F.3d 79, 86 (2d Cir. 2001) (citing *Blackledge v. Allison*, 431 U.S. 63, 81-82 (1977)). Potential methods available to a court to supplement the record include "'letters, documentary evidence, and, in an appropriate case, even affidavits.'" *Chang*, 250 F.3d at 86 (quoting *Raines v. United States*, 423 F.2d 526, 529-30 (4th Cir. 1970)).

### 2. Standards for Ineffective Assistance of Counsel Claims

To prevail on a claim of ineffective assistance of counsel, a defendant must: (1) demonstrate that counsel's performance fell below an "objective standard of reasonableness" under "prevailing professional norms"; and (2) "affirmatively prove prejudice" from the alleged dereliction in counsel's performance. *Strickland v. Washington*, 466 U.S. 668, 687-88, 693-94 (1984). With respect to the first prong of this test, "a reviewing court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *United States v. Venturella*, 391 F.3d 120, 135 (2d Cir. 2004) (internal quotation marks omitted). With respect to the second prong, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine

confidence in the outcome." *Strickland*, 466 U.S. at 694. The burden is on a defendant to establish both elements. *Id.* at 687.

A court considering a claim of ineffective assistance must apply a "strong presumption" that counsel's representation was within the "wide range" of reasonable professional assistance. *Id.* at 689; *see Bell* v. *Cone*, 535 U.S. 685, 698 (2002). The challenger's burden is to show "'that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.'" *Harrington* v. *Richter*, 131 S. Ct. 770, 787 (2011) (quoting *Strickland*, 466 U.S. at 687). "Strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Strickland*, 466 U.S. at 690; *see also United States* v. *Kirsh*, 54 F.3d 1062, 1071 (2d Cir. 1995). Moreover, a court evaluating counsel's performance must do so from counsel's perspective at the time of the alleged error and in light of the circumstances. *See Strickland*, 466 U.S. at 689; *see also Kimmelman* v. *Morrison*, 477 U.S. 365, 380 (1986). In so doing, the reviewing court must make every effort to "eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689; *see also Harrington*, 131 S. Ct. at 788 ("the standard for judging counsel's representation is a most deferential one").

In addition to proving that counsel's performance was objectively deficient, a petitioner must also prove that counsel's errors actually prejudiced his case. "It is not enough 'to show that the errors had some conceivable effect on the outcome of the proceeding.'" *Harrington*, 131 S. Ct. at 787 (quoting *Strickland*, 466 U.S. at 693). Rather, "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

A defendant is entitled to the effective assistance of counsel in connection with plea negotiations because one of the basic duties of a defense attorney is to provide clients with the benefit of his or her advice on whether to plead guilty. *See Lafler* v. *Cooper*, 132 S. Ct. 1376, 1384 (2012); *Purdy* v. *United States*, 208 F.3d 41, 44-45 (2d Cir. 2000). "As part of this advice, counsel must communicate to the defendant the terms of the plea offer, and should usually inform the defendant of the strengths and weaknesses of the case against him, as well as the alternative sentences to which he will most likely be exposed." *Purdy*, 208 F.3d at 45; *accord Missouri* v. *Frye*, 132 S. Ct. 1399, 1408 (2012) ("defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused"). An attorney's failure to communicate a plea offer to his client, or to advise his client adequately about the decision to plead guilty, may constitute constitutionally deficient performance. *See, e.g.*, *Cullen* v. *United States*, 194 F.3d 401, 404 (2d Cir. 1999); *United States* v. *Gordon*, 156 F.3d 376, 380 (2d Cir. 1998); *Boria* v. *Keane*, 99 F.3d 492, 496-97 (2d Cir. 1996). To establish a Sixth Amendment violation, the petitioner must establish that his attorney in fact failed to communicate a plea offer or failed to provide objectively reasonable advice about the decision to plead guilty. *Gordon*, 156 F.3d at 380; *Boria*, 99 F.3d at 496-98.

B. Discussion

1. Counsel's Alleged Failure to Inform Taylor of a Plea Offer

Taylor argues that his lawyer was ineffective for failing to inform him of a plea offer made by the Government prior to trial. Taylor's claim is without any merit whatsoever because the fact is that no plea offer was ever made by the Government.

Taylor points to the transcript of the suppression hearing in his case, in which he claims the Government told the Court that it intended to extend a plea offer to Taylor. (Mot. 5). However, as a review of that transcript makes clear, there was no such statement made by the Government. (*See* Hearing Transcript, Exhibit A to the Lester Decl.). Moreover, the Government never extended any plea offer to Taylor's counsel. (Lester Decl. ¶ 3). Therefore, counsel had no duty to inform Taylor of any plea offer because no such offer existed. *Frye*, 132 S. Ct. at 1408-10 (counsel has a duty to inform client of a formal plea offer and prejudice may be shown when client can establish that he would have agreed to the offer as extended by the prosecution). The absence of a plea offer is fatal to Taylor's Motion. *See, e.g., Speed* v. *United States*, 12 Civ. 7777 (PKC), 2013 WL 416026 (S.D.N.Y. Feb. 4, 2013) (rejecting a similar claim that, at the time petitioner elected to plead not guilty and proceed to trial, his counsel had inaccurately calculated the applicable guidelines range, and failed to successfully negotiate a disposition, on the ground that the claim was "futile" because the Government never made a plea offer). Accordingly, this aspect of Taylor's Motion must be denied without a hearing.

### 2. Counsel's Failure to Challenge the Court's Instructions to the Jury Regarding the Quantity of Drugs at Issue

Taylor's argument that his counsel failed to "properly challenge" the Court's instructions to the jury regarding the quantity of crack cocaine at issue in his case is similarly unavailing. (Mot. 6). The charges in the Indictment required only that the Government prove that the offenses involved "a quantity of mixtures and substances containing a detectable amount of cocaine base, in a form commonly known as 'crack,'" not any particular quantity of cocaine base. (*See* Indictment ¶¶ 3, 5). Thus, the Court properly instructed the jury that "the actual quantity and purity of the cocaine base involved in the charged conspiracy is not an element of

this crime, so you need not be concerned with quantity or purity in determining whether the defendant is guilty or not guilty of Count 1." (Jury Instructions at 355, Exhibit B to the Lester Decl.). Similarly, with respect to Count 2 of the Indictment, the Court instructed the jury: "If you find that the substance involved [in Count 2] was a controlled substance, the quantity or purity of the substance is immaterial." (Jury Instructions at 364, Exhibit B to the Lester Decl.). These instructions were entirely proper given the charges in Taylor's case, and therefore, counsel was not ineffective in failing to challenge them. *See, e.g., United States* v. *Abad*, 514 F.3d 271, 275-76 (2d Cir. 2008) ("counsel could not therefore have been ineffective for failing to make a motion that would have been futile."). Accordingly, this aspect of Taylor's Motion should also be denied.

### 3. Counsel's Alleged Failure to Inform Taylor of the Denial of His Appeal

Taylor also claims that his lawyer failed to inform him that the Second Circuit had denied his appeal in a timely fashion, thereby depriving him of the ability to file a petition for rehearing *en banc*. (Mot. 7-8). Even assuming the truth of Taylor's allegation, his claim provides no relief in the context of a motion pursuant to Section 2255. The Second Circuit has held that a defendant has no right to the assistance of counsel in connection with discretionary appeals, such as a petition for rehearing *en banc*. *See, e.g., Hernandez* v. *Greiner*, 414 F.3d 266, 269 (2d Cir. 2005); *Chalk* v. *Kuhlmann*, 311 F.3d 525, 528 (2d Cir. 2002); *Pena* v. *United States*, 534 F.3d 92, 96 (2d Cir. 2008); *Prousalis* v. *United States*, Nos. 06 Civ. 12946 (DLC), 03 Cr. 1509 (DLC), 2007 WL 2438422, at *14 (S.D.N.Y. Aug. 24, 2007). Moreover, as made clear in the summary order in which the Second Circuit denied Taylor's appeal, there were no meritorious grounds on which counsel could seek rehearing *en banc*. *See Aponte-Vega* v. *United States*, Nos.

01 Civ. 1160 (KTD), 91 Cr. 595 (KTD), 2003 WL 22097506, at *2 (S.D.N.Y. Sept. 9, 2003). Accordingly, this aspect of Taylor's Motion should be denied.

### 4. Counsel's Failure to Argue that the FSA Applied to Taylor's Case

Finally, Taylor claims that his counsel failed to argue that the Fair Sentencing Act of 2010 applied to his case, thereby denying him some unspecified relief to which he was entitled. (Mot. 9). Taylor's argument is predicated on the faulty premise that the FSA applies to his case. The fact is that it does not, because the charges against him did not result in a mandatory minimum sentence and because he was considered a "career offender" under the United States Sentencing Guidelines. Therefore, his lawyer was not ineffective in failing to raise this issue with the Court. Moreover, as already found by this Court, Taylor received any benefit the FSA might have conferred on him, because he was sentenced both after its enactment and after the Supreme Court's decision in *Dorsey* v. *United States*, 132 S. Ct. 2321 (2012), which made the FSA retroactive. (*See* Order dated December 26, 2013, Exhibit C to the Lester Decl.).

The FSA was enacted August 3, 2010. Among other things, the Act changed the threshold quantities of crack cocaine necessary to trigger the enhanced penalty provisions set forth in Sections 841(b)(1)(A) and 841(b)(1)(B) of Title 21 of the United States Code. Specifically, the FSA lowered the then-existing 100:1 crack-to-powder ratio to 18:1, requiring 28 grams of crack cocaine (as opposed to 500 grams of powder cocaine) to trigger a five-year mandatory minimum, and 280 grams of crack cocaine (as opposed to five kilograms of powder cocaine) to trigger a ten-year mandatory minimum. *See* FSA §§ 2(a)(1) & (2); 21 U.S.C. § 841(b)(1)(A)(iii) & (B)(iii). Previously, Section 841(b)(1)(A) had been triggered by a drug quantity of 50 grams or more of crack cocaine, and Section 841(b)(1)(B) by 5 grams or more.

On June 21, 2012, the United States Supreme Court handed down its decision in *Dorsey v. United States*, 132 S. Ct. 2321 (2012), "conclud[ing] that Congress intended the Fair Sentencing Act's new, lower mandatory minimums to apply to the post-Act sentencing of pre-Act offenders. That is the Act's 'plain import' or 'fair implication.'" *Id.* at 2332. Accordingly, the FSA's trigger thresholds apply to all defendants sentenced on or after August 3, 2010, irrespective of when they committed their offenses. *Id.* at 2336.

Taylor was sentenced by this Court on November 28, 2012. Taylor did not face a mandatory minimum as a result of the charges of which he was convicted at trial; therefore, that aspect of the FSA did not apply to his case. Moreover, Taylor's case was not impacted by the FSA-related amendments to the United States Sentencing Guidelines because his advisory Guidelines range was based on the career offender guideline, rather than the crack cocaine guideline. (*See* Presentence Investigation Report ¶¶ 25, 38). Accordingly, he was not eligible for any reduction in his sentence on this basis either. *See, e.g.*, *United States v. Martinez*, 572 F.3d 82, 85-86 (2d Cir. 2009) (per curiam) (defendant not eligible for sentence reduction under Amendments 706 and 713 to the Guidelines, where sentencing range based on career offender guideline rather than crack cocaine guideline); *accord United States v. Mock*, 612 F.3d 133, 135-38 (2d Cir. 2010).

For these reasons, therefore, Taylor's claim of ineffective assistance on this ground must be denied as well.

## CONCLUSION

For the foregoing reasons, Taylor's Motion should be denied in its entirety without a hearing.

Dated: New York, New York
       March 18, 2014

Respectfully submitted,

PREET BHARARA
United States Attorney for the
Southern District of New York

By: _____
     Amy Lester
     Assistant United States Attorney
     (212) 637-2416

## AFFIRMATION OF SERVICE

AMY LESTER, pursuant to Title 28, United States Code, Section 1746, hereby declares under the penalty of perjury:

That I am an Assistant United States Attorney in the Office of the United States Attorney for the Southern District of New York. That, on March 18, 2014, I caused copies of the Government's Memorandum of Law in Opposition to Petitioner Javel Taylor's Motion Under 28 U.S.C. § 2255 to Vacate and Correct His Sentence and the accompanying Declaration of AUSA Amy Lester to be delivered by First Class mail to:

> Javel Taylor
> Register No. 64868-054
> FCI Beckley
> Federal Correctional Institution
> P.O. Box 350
> Beaver, WV 25813

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: New York, New York
       March 18, 2014

                                    _____
                                    Amy Lester
                                    Assistant United States Attorney