IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

JAVEL TAYLOR,

        Petitioner,

v.

Case # 14 Civ. 165(PGG)

UNITED STATES OF AMERICA,

        Respondent.
_____/



**PETITIONER'S RESPONSE TO THE
GOVERNMENT'S REPLY IN OPPOSITION**

    Comes now the petitioner, herein described as "Taylor" by and through pro se representation, wherein Taylor submits the instant reply, to demonstrate to this honorable court, that the government is wrong and a hearing is indeed needed in this here case.

**UNDER 28 U.S.C. 2255:**

    To challenge a federal conviction or sentence after all appellate review opportunities have been exhausted, a prisoner must normally file a motion under 28 U.S.C. 2255 to vacate or

1

set aside the conviction or to correct the sentence. In very limited circumstances, prisoners - other than aliens held in Guantanamo Bay - may instead challenge their detentions by filing a habeas corpus petition under 28 U.S.C. 2241.

A 2255 motion is the proper means to challenge the validity or lawfulness of a conviction. Section 2255 motions are subject to the Rules Governing Section 2255 cases in United States District Courts ("2255 Rules"). The procedural rules for 2255 motions differ from the rules governing federal prisoners' habeas corpus petitions under 2241. **Custody requirements and venue.** A federal district court has jurisdiction to entertain a 2255 motion only if the movant is in custody under a federal court's sentence. Absent "exceptional circumstances," courts will not entertain a 2255 motion while a direct appeal is pending. A 2255 motion must be filed in the district court where the prisoner was sentenced.

**COGNIZABLE CLAIMS:**

Section 2255 provides four grounds that justify relief for a federal prisoner who challenges the fact or length of his or her detention: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States", (2) "that the court was without jurisdiction to impose such sentence", (3) "that the sentence was in excess of the maximum authorized by law", or (4) that the sentence is "otherwise subject to collateral attack."

2

Despite this broad language, 2255 motions that allege violations of federal law are generally cognizable only if they involve a "fundamental defect wgich inherently results in a complete miscarriage of justice."

**PROCEDURAL HISTORY:**

In regards to the procedural background of this case, it is well established that an indictment against the petitioner was filed on April 4, 2011 (Two counts). Wherein count one charged "Taylor" with conspiracy to distribute an unspecified quantity of crack cocaine, in violation of Title 21, code 846 of the United States. Moving on to count Two. This count charged Taylor with distributing and possessing with the intent to distribute an unspecified quantity of crack cocaine, and aiding and abetting that crime, in violation of Title 21, United States Code, Sections 812, 841(a)(1), 841(b)(1)(C), and Tiltle 18, United States Code, section 2.

After being promised that a plea agreemnt will be prepared in this case. None was so prepared. Therefore trial started and ended on December 1, 2011. Quite strangely the jury found Taylor guilty of both counts of the indictment. By reviewing the government's response, the government contends that they established that Taylor conspired to sell crack cocaine and, working with a co-conspirator named "Fitzgerald", actually sold approximately .234 grams of crack cocaine to an undercover police

officer in a controlled drug purchase.

Taylor was sentenced on November 28, 2012 to a term of 84 months' imprisonment to both counts of the indictment. Taylor also received a concurrent term of six years, supervised release, for both counts.

Taylor's appeal which was filed December 7, 2012 was affirmed by the United States Court of Appeals on October 21, 2013.

**ARGUMENTS:**

Before moving on to the replies to the government's response to the claims made by Tyalor. It is well established through prior cases and law, that: To warrant a hearing, a petitioner's 2255 application / motion must contain assertions of fact that the petitioner is in a position to establish by competent evidence. See - <u>United States v. Aiello, 814 F.2d 109, 113 (2d Cir. 1987)</u> (citations omitted). Afterwards, the court must determine whether, in viewing the record "in light most favorable to the petitioner, who has the burden, may truly be able to establish at a hearing a prima facie case for relief."

In this here case, Taylor will clearly demonstrate several reasons as to why a hearing is necessary and assuringly needed in this here case. As the record can reflect, Taylor has made "some" serious accusations, as to why and how his attorney failed him in the course of this case and for these reasons, after reviewing the arguments made herein, it will be evident.

All circuits have established that to prevail on a claim of ineffective assistance of counsel, a defendant must: (1) demonstrate that counsel's performance fell below an "objective standard of reasonableness" under "prevailing professional norms" and (2) affirmatively prove prejudice from the alleged dereliction in counsel's performance. See - Strickland v. Washington, 466 U.S. 68, 687-88, 693-94 (1984).

As it is own - in regards to the first prong of the test, the court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. The next prong which is the most importance will be shown here by Taylor, that there is a reasonable probability that , but for counsel's unprofessional errors, the result of the proceeding would have been different.

**Reply to page six of the government's response.**

The government contends that Taylor's claim that his counsel was ineffective for not informing him of a plea agreement is without merit, due to the fact the government states that after reviewing the record (transcripts of the hearing) there is no such finding of such plea agreement being mentioned. However, Taylor submits that during open court and before the assigned judge in this case, there was a mention wherein: The judge asked about the concerns of a plea being offered to Taylor and the government stating that a offer will be arranged and made. In

Taylor's initial 2255 motion (The application) Taylor may have indeed state and indicated that it was at the suppression hearing where this conversation took place, between the courts and the government, in regards to the "plea offer", but after so many hearings which were conducted in this case, it may well be a different hearing that this mention of the preparation of a plea agreement was mentioned by the government, to the presiding judge. **Important note:** After reviewing the government's response, it is quite strange as to why hasn't the government taken any steps to notify and ask counsel for Taylor (Who represented Taylor at trial) about this such mention of a plea agreement to be offered. All we have in the response by the government is that they state that they reviewed the transcripts of the "suppression hearing" and such documents make clear that no such statement was made by the government. Taylor submits that this is not enough to satisfy this point. There is no mention by the government that the "entire record" for all hearings were reviewed to try and locate such a critical miscarriage of justice. See - Cullen v. United states, 194 F.3d 401, 404 (2d Cir. 1999) (An attorney's failure to communicate a plea offer, or to advise his client adequately about the decision to plead guilty, may constitute constitutionally deficient performance). Now, to establish the Sixth Amendment violation, a petitioner must establish that his attorney in fact failed to communicate a plea offer or failed to provide objectively

6

reasonably advice about the decision to plead guilty. See - Boria, 99 F.3d at 496-98.

Not only does Taylor's claim have a great deal of merit, but the government's response tends to "actually" speak in favor of the petitioner "Taylor". When viewing the response made by the government, there is no mention where the government states to have received a certified statement or document from Taylor's attorney (Joshua L. Dratel), stating other than what Taylor claims. And also as stated earlier, the government "only" claims to have reviewed the suppression hearing transcripts in such of a promised plea offer. There are too many missing important facts as well as statements missing. There is no opposition by Taylor's attorney to this claim; 2) there was no complete review of the "entire" record to find this grave prejudice, which must be found and rooted out. And the only way to do so, will be to conduct a hearing before this court to receive all the necessary "ingredients" (Taylor's attorney statement, complete viewing of the hearings before this court in regards to Taylor and many other factors necessary) needed to determine and secure the true findings of what transpired at the hearing which Taylor submits that the government informed the court that they will work on a plea for Taylor.

Fairly speaking - Taylor's attorney plays a big part to this claim and without his output to this matter will prejudice Taylor once again. Therefore a hearing is necessary.

The next argument which the government tends to destroy is the argument dealing with the Quantity of drugs at issue. The government outlines by way of their argument that the court properly instructed the jury that "the actual quantity and purity of the cocaine base involved in the charged conspiracy is not an element of this crime, so you need not be concerned with quantity or purity in determining whether the defendant is guilty or not guilty of Count 1. The government also outlines that: The charges in the indictment required only that the government prove that the offenses involved "a quanity of mixtures and substances containing a detectable amount of cocaine base, in a form commonly known as crack.

Taylor submits that after a true understanding of the following argument - it would be fair to say that counsel's failure to challenge the court's instruction to the jury regarding the quantity of drugs, did in-fact prejudice Taylor in his case.

By a review of the transcripts relating and in regards to the "Jury Instructions", this court will find that not only was the instructions improper, but such instructions led the jury, as well as mis-led them into finding Taylor guilty of the drug quantity and drugs (See - Transcripts of jury instructions). However, to provide a more easy access to a case which speaks at great length, in regards to drug quantity, Taylor submits as exhibit A, attached hereto, an important case which

provides favor to the argument as to why the jury instructions were "wrong" and due to such wrongness, plus, the fact that Taylor's attorney standing by and allowing the instructions to be implied incorrectly, damaged the fairness and rights of Taylor to a fair trial. Which has created "ineffective assistance of counsel".

Moving on to the third response by the government in regards to Taylor's claims. The government states that Taylor's claim provides no relief in the context of a motion pursuant to section 2255. The government further claims that the second circuit has held that a defendant has no right to the assistance of counsel in connection with discretionary appeals, such as a petition for re-hearing en banc. The government cites this pursuant to Hernandez v. Greiner, 414 F.3d 266, 269 (2d cir. 2005) and other irrelevant cases. Unfortunately, the government is wrong and is proceeding way out of bounds. **First of all,** the government tends to paint Taylor as a liar, for The fact that Taylor claimed that his attorney failed to inform him that a decision was made in regards to his appeal. However, "again", there isn't any obtain statement by the government, from Taylor's attorney stating that this allegation is not true. Furthermore, the government uses and cites Pena v. United States, 534 F.3d 92, 96 (2d cir. 2008) to cause confusion to this court's intelligence. Wherein, the government wants this court to believe that Taylor seeked representation to file for a re-hearing en-banc.

But this is not the argument Taylor submits. Plainly and clearly, Taylor stated, by way of 2255 motion that his attorney failed to inform "him" of the courts decision in regards to his appeal (see - page 7 and 8 of the 2255 application). Taylor never seeked or requested counsel to represent him on appeal. As a matter of fact, Taylor's exact words on apge 7 and 8 are: **"Counsel did not let me know a decision was rendered for my appeal. Thereby causing <u>me</u> not to be able to file for re-hearing en banc."**

As this court can verify. Taylor stated: "Causing "me" not to be able to file for re-hearing en banc." Taylor never mentioned that he wanted a lawyer to do anything. So therefore, fairly speaking - ineffectiveness on part of the attorney can be found. Here it is, the attorney learns of the courts decision relating to the appeal he briefed on Taylor's behalf. However, the attorney decides for some apparent reason, not to inform Taylor of the outcome, until its to late for a request for re-hearing en-banc.

By doing so - instantly took away Taylor's right to act pro se. The government is out of order for stating that summary order by the court of appeals stated that, there were no meritorious grounds on which counsel could seek rehearing en banc. (see - page 8 of the government's response). This court should note that Taylor never asked any attorney to act on a rehearing petition. As a matter of fact Taylor could not have done so in a timely fashion due to counsel's error and neglect,

as well as ineffectiveness to inform Taylor of the outcome of his (Taylor) case.

This has not only caused ineffectiveness but deprived Taylor of a right he could have taken. For such reasons and due to the absent of counsel's output disputing these allegations, a hearing is necessary.

The last issue which this court should re-visit, is the issue in regards to the Fair Sentencing Act. The Act was established in 2010 and took effect on August 3, 2010 - See Pub. L. No 111-220, 124 Stat. 2372 (codified as amended in scattered sections of 21 U.S.C.). As well known, the Fair Sentencing Act "reduced the crack to powder cocaine disparity from 100 to 1 to 18 to 1. Taylor strongly believes that this court as well as his attorney failed to assuringly and properly apply the benefits of the Act to his case / sentencing at the time of Taylor's sentence. There is an order rendered by the honorable Paul G. Gardephe, in regards to Taylor's motion for a reduced sentence. But when reviewing the order (which is attached and placed in exhibit B). The order tends to speak differently from what the government claims in their response, in regards to the FSA issue and claim by Taylor. However, since it is this very same court who made that order. It is this very same court (Gardephe) who should distinguish and determine - did Taylor receive the true benefits of the Act, or was his attorney truly

11

ineffective for not assuring that Taylor receive proper benefits at the time of his sentencing.

CONCLUSION:

For the four reasons discussed wherein, which are reasons that demonstrate loud and clear that if it weren't for several reasons. Taylor's case would have resulted in a completely different outcome. The Allegations submitted by Taylor are true, but due to the fact, the record can not prove or dis-prove such allegations, a hearing is indeed necessary and required in this here case. And for these reasons, Taylor seeks the proper relief from this court.

Dated- May 5, 2014

Respectfully Submitted,

*Javel Taylor*
Javel Taylor # 64868-054
FCI - Beckley
P.O. Box 350
Beaver WV 25813

## CERTIFICATE OF SERVICE

I certify that I have caused a true copy of my reply to the government's response, to be sent via first class mail on this 6th day of May 2014, postage affixed and placed in the institutional mail system. Addressed to the individual listed below:

to

Amy Lester (AUSA)
One St. Andrew's Plaza
New York, N.Y. 10007

Signed _/s/ Javel Taylor_
Javel Taylor
P.O. Box 350
Beaver WV 25813

# Exhibit A