UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/4/2014
```

JAVEL TAYLOR,

                Petitioner,

- against -

UNITED STATES OF AMERICA,

                Respondent.

**ORDER**

14 Civ. 165 (PGG)

11 Cr. 310 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

      Javel Taylor, who is currently incarcerated at the Beckley Federal Correctional Facility, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. (Civ. Dkt. No. 1; Cr. Dkt. No. 80) Taylor – who was convicted and sentenced before this Court – alleges, inter alia, that he received ineffective assistance of counsel because his trial counsel did not inform him of a plea offer from the Government. (Petition (Civ. Dkt. No. 1) at 5)

      In opposition to Taylor's petition, the Government has submitted a declaration from Assistant United States Attorney Amy Lester, who prosecuted Taylor's case. (Lester Decl. (Civ. Dkt. No. 6) ¶ 1) Lester asserts that "[a]t no stage of the prosecution of th[e] case did the Government make a plea offer to Javel Taylor." (Id. ¶ 3)

      In a sentencing submission, however, Taylor's trial counsel – Joshua Dratel – commented that "Mr. Taylor was not offered much choice other than to try the case, as the [G]overnment's plea offer still placed Mr. Taylor in the Career Offender category." (See Sept. 4, 2012 Def. Br. at 3 n.2)

      Accordingly, there is ambiguity in the record as to whether the Government ever made a plea offer to Taylor.

"Under Section 2255, '[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.'" Chang v. United States, 250 F.3d 79, 84 (2d Cir. 2001) (quoting 28 U.S.C. § 2255) (alteration in original). Where factual questions exist, however, "the district court may use methods under Section 2255 to expand the record without conducting a full-blown testimonial hearing." Id. at 86. "It is within the district court's discretion to determine whether a hearing is warranted." Pham v. United States, 317 F.3d 178, 184 (2d Cir. 2003).

"A district court has a wide variety of tools available to it in developing the record during habeas proceedings." Id. at 180. "Among the wealth of materials available to the district court at its direction are the trial record, letters, documents, exhibits, affidavits and written interrogatories." Id. at 184. "[Second Circuit] precedent disapproves of summary dismissal of petitions where factual issues exist[ ], but it permits a 'middle road' of deciding disputed facts on the basis of written submissions." Id.

In light of the ambiguity in the record regarding whether the Government ever made a plea offer to Taylor, it is necessary to develop the record further. Given the above-referenced remark in Mr. Dratel's sentencing submission, an affidavit from Mr. Dratel is necessary to clarify whether a plea offer was made and, if so, the nature of that offer. See Chang, 250 F.3d at 85 (upholding district court's denial of a habeas petition claiming without a hearing where "[a]t the request of the court, the record was supplemented by a detailed affidavit from trial counsel"); see also Watson v. United States, 307 F. App'x 524, 526 (2d Cir. 2009) (summary order) ("The record in this [habeas] case [asserting claims of ineffective assistance of

2

counsel] was insufficient to resolve disputed factual issues and did not support summary dismissal of Watson's petition. The district court, most importantly, rendered its decision without seeking an affidavit from trial counsel. The district court therefore lacked sufficient information to determine whether a plea offer was made. . . . An affidavit from trial counsel concerning his off-the-record interactions . . . is needed to resolve whether an offer was made. . . .").

Accordingly, it is hereby ORDERED that within ten days of the date of this Order, Taylor's trial counsel, Joshua Dratel, will submit an affidavit to this Court setting forth the substance of any plea discussions he had with the Government concerning Taylor, including whether the Government ever made a plea offer and, if so, what the offer was. The Clerk of the Court is directed to mail a copy of this Order to pro se Petitioner Javel Taylor, 64868-054, FCI Beckley, Federal Correctional Institution, P.O. Box 350, Beaver, WV 25813.

Dated: New York, New York
       August 1, 2014

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge