```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: January 28, 2015
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAVEL TAYLOR,

                 Petitioner,

- against -

UNITED STATES OF AMERICA,

                 Respondent.

**ORDER**

14 Civ. 165 (PGG)

11 Cr. 310 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

      Javel Taylor is currently incarcerated at the Beckley Federal Correctional Institution, and he has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. (Civil Dkt. No. 1; Criminal Dkt. No. 80) Taylor alleges that he received ineffective assistance of counsel in connection with his trial, sentencing, and appeal. For the reasons stated below, Taylor's petition will be denied.

## BACKGROUND

      On December 1, 2011, Taylor was convicted by a jury in the Southern District of New York of (1) conspiring to distribute, and possess with intent to distribute, crack cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(C) and 846; and (2) distributing and possessing with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). (Criminal Dkt. No. 70) On November 28, 2012, Taylor was sentenced to 84 months' imprisonment on each count, with the terms to run concurrently. (Id.)

      On December 7, 2012, Taylor filed a notice of appeal. (Criminal Dkt. No. 72) On October 21, 2013, the Second Circuit affirmed Taylor's conviction by summary order. See United States v. Taylor, 542 F. App'x 30 (2d Cir. 2013) (summary order).

On January 7, 2014, Taylor filed the instant motion under 28 U.S.C. § 2255. (Petition (Civil Dkt. No. 1; Criminal Dkt. No. 80)) Taylor claims that his appointed lawyer – Joshua L. Dratel – provided ineffective assistance by failing to (1) communicate a plea offer to Taylor; (2) challenge jury instructions regarding the quantity of drugs involved in the charged offenses; (3) argue that the Fair Sentencing Act of 2010 should be applied at Taylor's sentencing; and (4) notify Taylor that his appeal had been decided in time for Taylor to seek rehearing or rehearing en banc. (Id. at 4-8)[1]

## DISCUSSION

### I. LEGAL STANDARD

Section 2255 provides that

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). Accordingly, pursuant to this section, "a federal prisoner may move the sentencing court to vacate, set aside, or correct the sentence on the ground that such sentence was illegally imposed." Puglisi v. United States, 586 F.3d 209, 213 (2d Cir. 2009).

The Supreme Court has established a two-part test for habeas petitions premised on ineffective assistance of counsel claims. See Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Bloomer v. United States, 162 F.3d 187, 192 (2d Cir. 1998) ("To succeed on his [Section 2255] ineffective assistance claim, [petitioner] must satisfy both elements of a two-prong test.").

---

[1] Citations to Taylor's petition reflect the page numbers assigned by the ECF system.

2

> First, the [petitioner] must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

Strickland, 466 U.S. at 687. The claim for habeas relief "must be rejected if the defendant fails to meet either the performance prong or the prejudice prong." Bennett v. United States, 663 F.3d 71, 85 (2d Cir. 2011).

"A criminal defendant has a high burden to overcome to prove the deficiency of his counsel." Lynn v. Bliden, 443 F.3d 238, 247 (2d Cir. 2006). "Judicial scrutiny of counsel's performance must be highly deferential." Strickland, 466 U.S. at 689. The first prong of the Strickland test requires the court to "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[,]" as "[t]here are countless ways to provide effective assistance in any given case." Id. "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable[.]" Id. at 690. Under the second prong of Strickland, the petitioner must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. In applying this standard, "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

"Unless the [Section 2255] motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). "To warrant a hearing on an ineffective assistance of counsel claim, the defendant need establish only that he has a "plausible" claim of ineffective assistance of counsel, not that 'he will necessarily succeed on the claim.'" Puglisi, 586 F.3d at

3

213 (quoting Armienti v. United States, 234 F.3d 820, 823 (2d Cir. 2000)). In evaluating whether a hearing is required, "a district court need not assume the credibility of factual assertions . . . where the assertions are contradicted by the record in the underlying proceeding." Id. at 214. "[I]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Id. at 213 (internal quotation and citation omitted).

## II. TAYLOR'S INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS

### A. Plea Offer

Taylor claims that Dratel was ineffective in failing to inform him of a plea offer that the Government made prior to trial. (Petition (Civil Dkt. No. 1; Criminal Dkt. No. 80) at 4) Taylor alleges that "[t]he record can show that during the suppression hearing [in his case], the judge asked the [G]overnment[ ] [if] there [was] going to be an offer (plea) and the [G]overnment stated 'yes.'" Id. Taylor states that he was never notified of a plea offer, and claims that his "attorney . . . [did] not let[ ] [him] know about a favorable plea offer[.]" Id.

"[A]s a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." Missouri v. Frye, 132 S. Ct. 1399, 1408 (2012); see also Cullen v. United States, 194 F.3d 401, 404 (2d Cir. 1999) ("[C]ounsel must always communicate to the defendant the terms of any plea bargain offered by the prosecution."). "To show prejudice from ineffective assistance of counsel where a plea offer has lapsed or been rejected because of counsel's deficient performance, defendants must demonstrate a reasonable probability they would have accepted the earlier plea offer had they been afforded effective assistance of counsel." Frye, 132 S. Ct. at 1409. "[I]t is necessary to show a reasonable probability that the end result of the

4

criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time." Id. (citation omitted).

    Here, Taylor has offered no evidence that the Government ever made a plea offer. Although Taylor claims that the Government indicated – during a suppression hearing – that a plea offer would be made (see Petition (Civil Dkt. No. 1; Criminal Dkt. No. 80) at 4), the hearing transcript contains no reference to a plea offer. (See Lester Decl. (Civil Dkt. No. 6), Ex. A (July 21, 2011 hearing transcript)) Moreover, in responding to the Government's opposition brief, Taylor states that "it may well be a different hearing that this mention of the preparation of a plea agreement was mentioned by the [G]overnment[.]" (Pet. Reply Br. (Civil Dkt. No. 9) at 6) Taylor does not identify the hearing or conference at which a possible plea offer was discussed, however, and "[i]t is, of course, well settled that in federal habeas corpus proceedings the burden of proving a constitutional claim lies with the petitioner[.]" Harned v. Henderson, 588 F.2d 12, 22 (2d Cir. 1978). In any event, this Court has reviewed the transcripts of all pre-trial proceedings in this case, and has not found any reference to a plea offer being made to Taylor.

    Moreover, Taylor's former lawyer and the lead prosecutor have both submitted declarations stating that the Government never made a plea offer in this case. In a March 18, 2014 declaration, Amy Lester – one of the Assistant United States Attorneys who prosecuted Taylor – represents that "[a]t no stage of the prosecution of th[e] case did the Government make a plea offer to Javel Taylor." (Lester Decl. (Civil Dkt. No. 6) ¶ 3) In an August 8, 2014 declaration, Dratel states that no substantive plea negotiations ever took place, because the Government insisted that Taylor plead to one of the two counts in the Indictment, which would result in Taylor being treated as a Career Offender under the Sentencing Guidelines:

> the [G]overnment was unwilling to consider a disposition other than a guilty plea
> to at least one count of the Indictment, a resolution that would still have left Mr.

5

>Taylor subject to the Career Offender provisions of the United States Sentencing Guidelines. The [G]overnment never made an offer in writing, or any binding oral offer. . . . [A]t my request, the [G]overnment did provide a <u>Pimentel</u> letter, which I provided to Mr. Taylor.

(Aug. 8, 2014 Dratel Decl. (Criminal Dkt. No. 86) ¶ 2)[2] As a Career Offender, Taylor faced a Guidelines range of 262 to 327 months' imprisonment, or 188 to 235 months' imprisonment, assuming a three-level reduction for acceptance of responsibility. (Pre-Sentence Report at 6, 10, 23)

The record demonstrates that the Government never made a formal plea offer to Taylor. This Court finds that the Government's insistence on a plea that would lead to Career Offender treatment essentially derailed plea negotiations.[3] "With no plea offer, it would be baseless and speculative to consider what such an offer might have contained or the length of any subsequent sentence. Moreover, counsel had no duty to inform petitioner of any plea offer when no such offer existed." <u>Speed v. United States</u>, Nos. 12 Civ. 7777 (PKC), 10 Civ. 3333 (PKC), 04 Cr. 336 (PKC), 2013 WL 416026, at *3 (S.D.N.Y. Feb. 4, 2013) (internal citation omitted); <u>cf. DeFilippo v. United States</u>, No. 09 Civ. 4153 (NGG), 2013 WL 817196, at *6 (E.D.N.Y. Mar. 5, 2013) ("[T]he lack of a formal plea offer strongly weighs against a finding that [defendant] would have pled guilty."). Accordingly, Taylor is not entitled to habeas relief on the ground that his lawyer failed to notify him of the Government's plea offer.

---

[2] Dratel's declaration was submitted in response to an August 4, 2014 Order directing him to provide an affidavit "setting forth the substance of any plea discussions he had with the Government concerning Taylor, including whether the Government ever made a plea offer and, if so, what the offer was." (Civil Dkt. No. 13; Criminal Dkt. No. 85)

[3] Even assuming <u>arguendo</u> that Dratel's statement that "the Government was unwilling to consider a disposition other than a guilty plea to at least one of the counts" (<u>see</u> Aug. 8, 2014 Dratel Decl. (Criminal Dkt. No. 86) ¶ 2) could be read to suggest that some type of inchoate plea offer was made, Taylor has not demonstrated "a reasonable probability [he] would have accepted the . . . offer." <u>Frye</u>, 132 S. Ct. at 1409. As noted above, even with a three-level reduction for acceptance of responsibility, Taylor faced a Guidelines range of 188 to 235 months' imprisonment.

### B.     Jury Charge

Taylor argues that Dratel should have objected to this Court's jury instructions concerning drug quantity. (Petition (Civil Dkt. No. 1; Criminal Dkt. No. 80) at 5) The Court instructed the jury that – as to the conspiracy count – "the indictment charges that the object of the conspiracy was 'to distribute, and possess with intent to distribute' cocaine base. I instruct you that the actual quantity and purity of the cocaine base involved in the charged conspiracy is not an element of this crime, so you need not be concerned with quantity or purity in determining whether the defendant is guilty or not guilty of Count 1." (Trial Tr. at 355) As to Count 2, the substantive distribution charge, the Court instructed the jury that "the quantity or purity of the substance is immaterial." (Id. at 364)

"[I]n order for a 'conviction or sentence on an aggravated offense under § 841(b)(1)(A) or [](b)(1)(B)' to be sustainable, 'drug quantity is an element that must always be pleaded and proved to a jury or admitted by a defendant.'" United States v. Gonzalez, 686 F.3d 122, 130 (2d Cir. 2012) (quoting United States v. Gonzalez, 420 F.3d 111, 131 (2d Cir. 2005)) (emphasis omitted). "21 U.S.C. § 841(b)(1)(C) . . . applies[, however,] when a specific amount of drugs is not charged and proven." United States v. Cruz, No. 02 Cr. 407 (JGK), 2003 WL 21222536, at *5 (S.D.N.Y. May 27, 2003); see also Gonzalez, 686 F.3d at 130 ("'[A] defendant . . . convicted only on a lesser unqualified drug charge . . . [is subject] to § 841(b)(1)(C).'" (quoting Gonzalez, 420 F.3d at 131)). "[D]rug quantity becomes an 'element of the offense' under § 841 only where 'the . . . quantity of drugs involved . . . may be used to impose a sentence above the statutory maximum for an indeterminate quantity of drugs.'" United States v. Outen, 286 F.3d 622, 635 (2d Cir. 2002) (quoting United States v. Thomas, 274 F.3d 655, 660 & n.3 (2d Cir. 2001) (second alteration in original)).

7

Here, both counts of the Indictment charged Taylor with violations of Section 841(b)(1)(C), which applies to offenses involving an indeterminate amount of cocaine base. Accordingly – as the Court instructed the jury – the Government was not required to prove a particular quantity of cocaine base in order for the jury to convict Defendant of these charges. See 21 U.S.C. § 841(b)(1)(C); Gonzalez, 686 F.3d at 130; Cruz, 2003 WL 21222536, at *5.

Because the Court's jury instructions accurately summarized the law, there was no legal basis for Taylor's attorney to object to the charge, and he was not ineffective in failing to do so. See Aparicio v. Artuz, 269 F.3d 78, 98 (2d Cir. 2001) ("[W]hen a trial court's instruction is legally correct as given, the failure to request an additional instruction does not constitute deficient performance.") (citation omitted); Holmes v. Brown, No. 10 Civ. 03592 (CBA), 2013 WL 6408496, at *11 (E.D.N.Y. Dec. 6, 2013) ("[T]he failure to object to a jury instruction constitutes unreasonably deficient performance only when the trial court's instruction contained clear and previously identified errors[.]") (internal quotations and citations omitted).

### C. Sentencing

Taylor alleges that Dratel was constitutionally ineffective at sentencing because he did not argue that the Fair Sentencing Act of 2010 applied to Taylor's case.[4] (Petition (Civil Dkt. No. 1; Criminal Dkt. No. 80) at 8) Taylor's argument fails both because the Fair Sentencing Act was applied at Taylor's sentencing, and because drug quantity did not drive the determination of Taylor's Guidelines sentencing range.

---

[4] See Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (codified as amended in various sections of Title 21, United States Code). The Fair Sentencing Act "reduce[d] the crack-to-powder cocaine disparity [at sentencing] from 100-to-1 to 18-to-1." Dorsey v. United States, 132 S. Ct. 2321, 2326 (2012). The Act's "more lenient mandatory minimum provisions . . . apply to . . . pre-Act offenders" who were sentenced after the Act took effect. Id.

Before filing the instant petition, Taylor moved for a reduction of his sentence, arguing that an adjustment was appropriate in light of the Fair Sentencing Act of 2010. (Criminal Dkt. No. 78) This Court denied Taylor's motion, noting that it had applied "the relevant statutory provisions and Sentencing Guidelines in effect [at the time of Taylor's November 28, 2012] sentencing, including the amendments reflected in the Fair Sentencing Act [of 2010]." (See Criminal Dkt. No. 79) Accordingly – even assuming arguendo that Dratel did not argue that the Fair Sentencing Act applied to Taylor's case – Taylor was not prejudiced, because both the Probation Department and the Court took the Fair Sentencing Act into account when imposing Taylor's sentence.

In any event, Taylor's Guidelines range was not driven by drug quantity. He was held responsible for less than 1.4 grams of cocaine base (see Pre-Sentence Report at 5), the lowest quantity considered in the Sentencing Guidelines Drug Quantity Table. See U.S.S.G. § 2D1.1(c)(14), Drug Quantity Table. No mandatory minimum applied to his case. Taylor's lengthy Guidelines range was the result of his Career Offender status, and not the result of drug quantity.

### D.     Notice that Appeal Had Been Denied

Taylor claims that Dratel did not notify him in a timely fashion of the Second Circuit's summary order affirming his conviction, thereby depriving him of the opportunity to file a petition for rehearing or rehearing en banc. (Petition (Civil Dkt. No. 1; Criminal Dkt. No. 80) at 6-7)

The Second Circuit issued a summary order affirming Taylor's conviction on October 21, 2013. See United States v. Taylor, 542 F. App'x 30 (2d Cir. 2013) (summary order). Under Federal Rule of Appellate Procedure 35(c) and 40(a)(1), a party seeking to file a petition

for rehearing or rehearing en banc must do so within fourteen days after entry of judgment, unless an extension is granted.

According to Taylor, "[i]t was approximately a month [after the Second Circuit's decision] that I heard from a paralegal service telling me that my appeal was denied[.]" (Petition (Civil Dkt. No. 1; Criminal Dkt. No. 80) at 7) Taylor claims that "if counsel [had] inform[ed] [him] in time, [he] would have instantly ordered the attorney to file for rehearing." (Id.)

Under Federal Rule of Appellate Procedure 35, "[a]n en banc hearing or rehearing is not favored and ordinarily will not be ordered unless: (1) en banc consideration is necessary to secure or maintain uniformity of the court's decisions; or (2) the proceeding involves a question of exceptional importance." Fed. R. App. P. 35(a). The Second Circuit rarely grants en banc review. Ricci v. DeStefano, 530 F.3d 88, 89-90 (2d Cir. 2008) (Katzmann, J. concurring) ("Throughout [its] history, [the Second Circuit] ha[s] proceeded to a full hearing en banc only in rare and exceptional circumstances.") (citation omitted).

Given that the Second Circuit panel hearing Taylor's appeal rejected his arguments in a summary order (see Taylor, 542 F. App'x at 32, 33, 34) – indicating that the appeal raised no issues of substance – it is highly unlikely that a petition for rehearing or rehearing en banc would have been granted. Moreover, Taylor has identified no issue that the Second Circuit panel incorrectly decided. Accordingly, Taylor has not demonstrated that he was "prejudiced by any actions his attorney took [or did not take,]" because he has not shown that there was anything his "attorney could have said or done to change the outcome of the appeal[,] [given that Taylor] had no meritorious arguments." See Aponte-Vega v. United States, Nos. 01 Civ. 1160 (KTD), 91 Cr. 595 (KTD), 2003 WL 22097506, at *3 (S.D.N.Y. Sept. 9, 2003) (rejecting ineffective assistance of counsel claim premised on, inter alia, attorney's failure to

seek rehearing en banc); cf. Mendez v. United States, No. 01 Civ. 6725 (JBW), 2002 WL 2022458, at *1 (E.D.N.Y. Aug. 2, 2002) (dismissing habeas petition where counsel had "fail[ed] to advise defendant of the right to file his own argument on appeal after his counsel's conclusion that he could find no meritorious claim on the appeal"; "[e]ven if this constituted error, . . . there appears to have been no argument petitioner could have made on appeal that would have merited a reversal"). Assuming arguendo that Dratel did not give Taylor timely notice that his appeal had been denied, Taylor has not met his burden of demonstrating that he suffered prejudice as a result, because there is no reasonable probability that "the result of the proceeding would have been different." Strickland, 466 U.S. at 694.[5]

---

[5] To the extent that Taylor claims that – but for the late notice – he would have directed his attorney to seek rehearing or rehearing en banc (see Petition (Civil Dkt. No. 1; Criminal Dkt. No. 80) at 7), it is not clear that he has alleged a constitutional deprivation. The United States Supreme Court and the Second Circuit have held that a defendant has no right to the assistance of counsel to pursue discretionary appeals. See Wainwright v. Torna, 455 U.S. 586, 587-88 (1982) ("Since respondent had no constitutional right to counsel, he could not be deprived of the effective assistance of counsel by his retained counsel's failure to file the application [for certiorari] timely."); Pena v. United States, 534 F.3d 92, 95 (2d Cir. 2008) ("[B]ecause there is no basic right to the assistance of counsel in the pursuit of appeals beyond first-tier [appeals], there is no corresponding right to the effective assistance of counsel for such appeals."); Chalk v. Kuhlmann, 311 F.3d 525, 528 (2d Cir. 2002) ("Because the proceeding [as to which counsel rendered assertedly ineffective assistance] involved a discretionary appeal subsequent to [defendant's] first appeal as of right, [defendant] had no constitutionally protected right to counsel.").

## CONCLUSION

For the reasons stated above, Taylor's petition for a writ of habeas corpus is denied. The Clerk of the Court is directed to mail a copy of this Order to pro se Petitioner Javel Taylor, 64868-054, FCI Beckley, P.O. Box 350, Beaver, WV 25813, and to close this case.

Dated: New York, New York
January 28, 2015

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge