From: Javel Taylor #64868-054
      F.C.I. BECKLEY
      P.O BOX 350
      BEAVER, WV 25813


To: Clerk of Court
    Southern District of New York
    Daniel Patrick Moynihan Courthouse
    500 Peal St.
    New York, New York 10007


(COVER LETTER)
Taylor v. United States

CaseNo.11-Cr-310-PGG

Dear Clerk of Court: With limited legal knowledge I ask that copies be sent to any and all parties involved in the matter. The instant package contains 2 copies, consisting of 1 original of the following.

1) Cover Letter
2) Factual History Summary
3) Motion Pursuant Rule 60(B)(6) &
   Rule 60(B)(6) Standards
4) Argument

5) Motion to Show Cause
6) Motion to Expedite
7) Service & Affirmation
8) Exhibit: Court Affidavit

RECEIVED SDNY PRO SE OFFICE 2015 AUG 24 P 3:51

## FACTUAL HISTORY SUMMARY

March 21, 2011 an undercover officer posing as a crack user, approached co-conspirator Leonard Fitzgerald on West 103rd St. The undercover officer asked Mr.Fitzgerald to contact an individual named "Jay". After Fitzgerlad made a call, reasoned to believe to be defendant 'Javel Taylor'. The undercover gave Fitzgerlad $40 pre-recorded buy money. Police observed Fitzgerald meet Mr.Taylor and engage in a conversation before walking into a building on 860 Columbus Ave. (Federick Douglas Houses). Fitzgerald then exits the building and gave the undercover 4 small zip-lock bags of crack cocaine and was arrested. Shorly after police observe Mr.Taylor with another individual standing in front of Columbus Ave. Mr.Taylor was soon arrested at the scene with $40 pre-recorded money on his person. Javel Taylor was convicted November 30,2011 in the Southern District of New York. Charged with conspiracy to distribute a controlled substance and distribution of a controlled substance. With less than 1.4 Grams attributed to Mr.Taylor; Base offense level 12, Criminal History points 8 and Category IV. Probation Department determined pursuant to section 4B1.(1) of the guidelines that the defendant is a career offender. Automatically increasing the Criminal History Category to VI, guilty by a jury, sentenced to 84 months with 6 years of supervised release.

JAVEL TAYLOR 11-CR-310-PGG

## MOTION PURSUANT FED.R.Civ.P RULE 60(B)(6)

**Comes Now**, Javel Taylor Pro-Se in the above titled caption. Litigant respectfully moves this honorable court to entertain this petition and enter releif pursuant to Rule 60(B)(6). Vacating and re-entering judgement of sentence, to issue re-sentencing and a expeditious release. By the removal of the erroneus career offender classification. That which is the sole issue resulting from manipulation and deception on behalf of the prosecution as well as the Probation Dept. Movant Claims insufficiant and non-existant prior criminal documents, plea colloquy and records were incorporated, used ultimatley to seek a sentence enhancement under §4B1.1 career offender. Through limited legal knowledge it is understood that this honorable court has jurisprudence to hear and decide matters arising from this petition. Also to be noted, plaintiff as a Pro-Se Litigant, can have his pleadings construed more liberally than an Attorney.

## RULE 60(B)(6) STANDARDS

For any other reason justifying relief from the operation of the judgement "Party Must Show Extraordinary Circumstances". When a prisoner has shown reasonable diligence in seeking releif based on a change in procedural law and when that prisoner can show that there is probable merit to his claims it would be well in keeping a district courts discretion under Rule 60(B)(6). For that court to reopen the habeas judgement and give the prisoner the one fair shot at a habeas reveiw that congress intended. Rule 60(B)(6) provides courts with authority "Adequate to Enable-them to Vacate Judgement whenever such action is appropriate to accomplish justice. Showing of meritorious claim or defense is prerequisite to releif. A precondition of releif from judgement is that the movant show that he/she has a meritorious claim or defense. The moving party must convice the court "that vacating judgement will not be a empty exercise". This requirement does not mean the moving party must show he/she is likely to prevail.

## ARGUMENT

The sole principle argument, petitioner Taylor brings to this honorable court of justice, encompasses the career offender classification. The court relied on information recommended by the probation department. Setting forth a determination the petitioner (Mr.Taylor) should be sentenced under section (4B1.1) Career Offender. A guideline enhancement which is advisory at the judges discretion. Such a enhancement requires proof of prior convictions to fit the standards of (4B1.1). The factual existence and validity of these convictions need verification. U.S. v. Fernandez-Angulo(9th Cir.) - Once a defendant makes a specific allegation of factual inaccuracy the government bears burdon of showing proof. Petitioner asserts that there is no such record, document or plea colloquy sufficiant to apply such enchancement. To present a insufficiant incomplete criminal record used to obtain a sentence. Cast serious legal question of actual and substantial doubt on behalf of the government. U.S. v. Tucker 404 U.S. 443,447(1972) - Due process prohibits a court from imposing a sentence based on prior convictions if those priors were unconstitutional. Petitioner points out the obvious error with a Supreme Court letter that is signed, stating that there is no record of the Dec 13,2007 CPCS 1st Degree charge. Without any documentation under DocketNo.2007NY075179 to be located. By law that makes it totally in applicable for the career offender (4B1.1) provision, which was done fradulently in this case.

U.S. v. Rodriquez(2007) The court permitted reliance on a recidivist enhancement for the purpose of determining whether a prior state conviction qualified as a predicate for a federal sentence enahncement under (ACCA) Armed Career. But the court cautioned that when judgement of conviction charging document, or plea colloquy "Does Not Show that the defendant faced the possibility of a recidivist enahncement". It may well be that the government will be precluded from establishing that a conviction was a qualifying

offense. Movant uncovered this 4B1.1 classification when he filed a petition to seek the benefit of the (782 Amendment) 2 level reduction. From his minimal legal knowledge and understanding Movant (Mr.Taylor) did not know he was ultimatley sentenced as a career offender. Through contact by the New York Supreme Court, 100 Centre St. NY,NY. This valid legal document states that the court has been unable to provide requested minutes. SEE EXHIBIT A.

Without any record to exercize the right to inquire about a modified categorical approach, as described in Moncrieffe v. Holder 569 U.S.-133 S.Ct 1678,185 L.Ed.2d 727.744(2013). It also makes it impossible to find element. quoted U.S. v. Fitzgerald 89 F.3d 218 (5th Cir. 1996) "quanity is a essential element of felony possesion of cocaine under the 3rd sentence of 21 U.S.C. § 844(A). Also proving element beyond a reasonable doubt under the due process clause of the 5th Amendment. It holds very good relation to the pro-se litigants argument. The Supreme Courts decision in Taylor v. United States 495 U.S. 575 (1990) established the "modified categorical approach" as the appropriate means of analyzing whether a crime is a "Controlled Substance - Offense". That analysis is particularly pertinent when as in the case with NY PL §220.16 a statue can be violated in a number of ways. Not all of which involve drug distribution or the intent to do so. Under the modified categorical approach, a court may examine certain documents. Movant now brings the courts attention to Nov 28,2012, sentenceing transcipts.'Exerts pg.2-5' It indicates that the judge relied on the word of the probation department to persuade his decision regarding career offender.

    Quated U.S. v. Garza-Lopez(5th Cir.2005) 410 F.3d 268-275. Resentence requires when court relied on PSR's characterization of defendants convictions as a crime of violence without independant analysis. Petitioner feels that his situation screams out actual prejudice as well as a miscarriage of justice. All adequate enough to be labled ("extraordinary circumstance") due to the fact that movant has already served 70% of the time under the erroneous enhancement.

Petitioner would like to hold the courts attention to this key point in his argument, being a almost identical case, DocketNo.3:07CV1477 Kevin Carter v. united States, 2008 U.S. District Lexis 124076 - (D.Conn,July 11,2008). Mr.Carters PSR contained no information at all regarding the underlying facts of his two 1992 drug convictions, but merely reported the facts of those convictions and stated the police reports are no longer available. In abscence of a transcript of carters guilty plea colloquy plea (731 F.Supp.2d 271) agreement or other comparable judicial record establishing that this conviction necessarily rested on a fact identifying it as a crime of violence. Shepard, 544 U.S. at 26, Carters 1988 conviction of risk of injury to a minor could not be counted as a predicate crime of violence under the career guidelines. The government did not produce such records and thus this prior conviction could not be counted as a predicate violent felony. Movant raises this similar issue which has denied him freedom. Did the government show petitioner (Mr.Taylor) enhancement rested on facts identifying a conviction as a predicate.

## --CONCLUSION--

The petitioners desired outcome, in the matter is for the court to issue a resentencing hearing. Baseed on the fact that the prior NY state case, used to enhance movant (Mr.Taylor) is absent. Without any documents, plea or other judicial records, the career offender classification must be withdrawn. Furthermore, the Petitioner prays the court impose a original guideline range. Base offense level 12, criminal history points 8 at a category IV. Since the movant has served a majority of the sentence it is thought that immediate release be granted.

Respectfully,

*Javel Taylor*
Javel Taylor, pro-Se

DATE 8-11-15

THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

JAVEL TAYLOR                          )
            Petitioner                )
                                      )
    vs.                               )     CaseNo.11-CR-310-PGG
                                      )
                                      )
UNITED STATES OF AMERICA              )
            Respondant                )
_____)

MOTION SEEKING "SHOW CAUSE"

    **Comes Now** into court, Javel Taylor movant files the underlying motion seeking a show cause order to support this Rule 60(B)(6) motion. Praying this honorable court exercise its discretionary authority. Moving respondant to "Show Cause" why releif should not be granted. See e.g. <u>Leboeuf, Lamb et-al v. Worshm, 185 F.3d 61,62-(2nd Cir. 1999)</u>. Movant seeks that respondant be required to answer memo of law, which raises before the court a single issue. To voice clearly the question of a sentence that was enhanced under career offender. Motivated by a prior criminal conviction with non-existant records, documents and plea colloquy. (Docket#2007NY075179)

Respectfully Submitted,

*Javel Taylor*
Javel Taylor, Pro-Se

DAtE
8-11-15

THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

JAVEL TAYLOR                              )
       Petitioner                     )
                                      )
vs.                                       )   CaseNo.11-CR-310-PGG
                                      )
                                      )
UNITED STATES OF AMERICA                  )
       Respondant                     )
_____)

## MOTION TO EXPEDITE

**Comes Now,** the petitoner Javel Taylor, through Pro-Se representation. In support of the petitioners filed motion. Movant submits a request that the court "Expedite Service". With a immediate response to the allegations throughtout the petition. Diligence is a must, due to the projected release date being 2017.

Respectfully Submitted,

*Javel Taylor*
Javel Taylor, Pro-Se

DATE 8-11-15

## CERTIFICATE OF SERVICE & AFFIRMATION

I, Javel Taylor, the undersigned petitioner, herby certify that on the undersigned date I hand delivered the instant petition with it's attackments to the F.C.I. BECKLEY institutional mailroom for the First Class mailing to the aforecaptioned U.S. Southern District Court of New York and a single copy to the U.S. Attorney.

And Further Sayeth He:

I herby affirm under the penalty of perjury pursuant to Title 28 U.S.C. §1746(2) in the absence of notary, that based on my personel knowledge all the forgoing averment to facts and law is true and correct.

On this Day __11__ of August, 2015

Respectfully,

*Javel Taylor*
Javel Taylor, pro-Se



Supreme Court of the State of New York
111 Centre Street   room 921
New York, New York   10013

Date: 6-25-12

AFFIDAVIT

Date of Proceeding: 12-13-07

People v Javel Taylor

Indictment # 4901/06

On 12-13-07 Senior Court Reporter James Batti was assigned to Part 6-0 of the Supreme Court, New York County. Mr. Batti has been Retired for many years

A diligent effort was made to locate the stenographic notes. Unfortunately we have been unsuccessful in finding these notes, and we are unable to provide the requested minutes.

Leslie Greaves
Court Reporters' Office
6-25-12