| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br><br>JAVEL TAYLOR,<br>                          Petitioner.<br><br>      - against -<br><br>UNITED STATES OF AMERICA,<br>                          Respondent. | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: 5/17/16<br><br>**ORDER**<br><br>11 Cr. 310 (PGG) |

PAUL G. GARDEPHE, U.S.D.J.:

        Javel Taylor, appearing pro se, moves pursuant to Federal Rule of Civil Procedure 60(b), seeking relief from this Court's January 28, 2015 order denying his 28 U.S.C. § 2255 petition for a writ of habeas corpus. (11 Cr. 310, Dkt. No. 94) For the reasons stated below, Taylor's motion will be denied.

## BACKGROUND

        On December 1, 2011, a jury in the Southern District of New York found Taylor guilty of (1) conspiring to distribute, and possessing with intent to distribute, crack cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(C) and 846; and (2) distributing and possessing with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). (11 Cr. 310, Dkt. No. 70) On November 28, 2012, this Court sentenced Taylor to 84 months' imprisonment on each count, with the terms to run concurrently. (Id.)

        On December 7, 2012, Taylor filed a notice of appeal. (11 Cr. 310, Dkt. No. 72) On October 21, 2013, the Second Circuit affirmed Taylor's conviction by summary order. See United States v. Fitzgerald, 542 F. App'x 30, 34 (2d. Cir. 2013) (summary order).

        On January 7, 2014, Taylor filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255, alleging that he received ineffective assistance of counsel in

connection with his trial, sentencing, and appeal. (14 Civ. 165, Dkt. No. 1; 11 Cr. 310, Dkt. No. 80) On January 28, 2015, this Court denied Taylor's petition and declined to issue a certificate of appealability. (14 Civ. 165, Dkt. No. 17; 11 Cr. 310, Dkt. No. 89)

On September 2, 2015, Taylor moved pursuant to Federal Rule of Civil Procedure 60(b) for this Court to vacate its judgment denying his habeas petition. (11 Cr. 310, Dkt. No. 94 at 3)[1] Taylor contends that his sentence must be vacated because this Court erroneously treated him as a Career Offender under U.S.S.G. § 4B1.1.[2] (Id. at 4-6)

## DISCUSSION

### I. APPLICABLE LAW

"Rule 60(b) of the Federal Rules of Civil Procedure allows a court to relieve a party from final judgment." Brooks v. United States, No. CV-99-2855 (CPS), 2005 WL 2076565, at *4 (E.D.N.Y. Aug. 26, 2005). "'A true Rule 60(b) motion must be predicated on

---

[1] The page numbers of documents referenced in this Order correspond to the page numbers designated by this District's Electronic Case Filing system.

[2] Taylor also pursued an appeal of this Court's denial of his habeas petition. On May 11, 2015, Taylor filed a pro se motion in the Court of Appeals seeking a certificate of appealability. On August 13, 2015, his motion was granted as to one issue: "whether Appellant is entitled to relief pursuant to Nnebe v. United States, 534 F.3d 87, 89-92 (2d Cir. 2008), on his claim that his attorney, who was appointed under the Criminal Justice Act, failed to timely inform Appellant of this Court's adverse decision on direct appeal, thus causing Appellant to lose his opportunity to petition for rehearing or rehearing en banc." (See Taylor v. United States, Dkt. No. 15-827 (2d Cir. Aug. 13, 2016) at 1)

In the Court of Appeals, Taylor went on to contend that his appeal should be construed as a motion to (1) recall the mandate in his direct appeal; (2) vacate the Second Circuit's judgment; and (3) re-enter judgment. These actions would permit Taylor to petition for rehearing and rehearing en banc. (See Taylor v. United States, Dkt. No. 15-827 (2d Cir. May 13, 2016) at 5-6). On May 13, 2016, the Second Circuit issued an opinion construing Taylor's appeal as a motion to recall the mandate, but declining to rule on that application. (Id. at 25) The Circuit remanded to this Court for purposes of developing a factual record as to whether Taylor's counsel failed to timely advise him of the Second Circuit's decision affirming his conviction, thereby depriving him of his right to seek rehearing. (Id. at 23-25)

one of five narrow and specific grounds or on a sixth ground which, despite its open wording, has been narrowly cabined by [Second Circuit] precedent.'" Id. (quoting Harris v. United States, 367 F.3d 74, 80 (2d Cir. 2004)).  These grounds are:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

The Second Circuit has "ruled . . . that relief under Rule 60(b) is available with respect to a previous habeas proceeding only when the Rule 60(b) motion attacks the integrity of the habeas proceeding and not the underlying criminal conviction." Harris, 367 F.3d at 77 (citing Rodriguez v. Mitchell, 252 F.3d 191 (2d Cir. 2001)); see id. ("[W]e reiterate that relief under Rule 60(b) is available for a previous habeas proceeding only when the Rule 60(b) motion attacks the integrity of the previous habeas proceeding rather than the underlying criminal conviction.").  With regard to a Rule 60(b) motion that "attacks the underlying conviction," a district court has

> two procedural options:  (i) the court may treat the Rule 60(b) motion as "a second or successive" habeas petition, in which case it should be transferred to [the Second Circuit] Court for possible certification, or (ii) the court may simply deny the portion of the motion attacking the underlying conviction "as beyond the scope of Rule 60(b)."

Id. (emphasis in Harris) (quoting Gitten v. United States, 311 F.3d 529, 534 (2d Cir. 2002)).

The Second Circuit has cautioned, however, that "conversion of a Rule 60(b) motion into a successive habeas petition and subsequent transfer to the court of appeals may subject a petitioner to prejudice. . . ." Erbo v. United States, No. 08 Civ. 02881(LGS), 2014 WL

3

6454002, at *3 (S.D.N.Y. Nov. 17, 2014) (citing Gitten, 311 F.3d at 533-34). The Second Circuit discussed this possible prejudice in Gitten:

> First, the converted . . . motion will be tested against the strict gate-keeping standards before [the prisoner] has framed his allegedly new challenges in a way that presents his best chance of meeting those standards. . . . Second, premature treatment of . . . the 60(b) motion as a second collateral attack risks subjecting the prisoner not only to summary denial of that challenge but also to summary denial of any subsequent (i.e., third) challenge as an abuse of the writ.

Gitten, 311 F.3d at 533. The Gitten court emphasized that the district court "always has the alternative of simply denying, as beyond the scope of Rule 60(b), . . . [a Rule 60(b)] motion . . . believed to present new attacks on the conviction." Id. at 534.

## II.  ANALYSIS

Taylor asks this Court "to reopen the habeas judgment," arguing that he was erroneously classified as a Career Offender under the Sentencing Guidelines. (11 Cr. 310, Dkt. No. 94 at 3-4) Taylor contends that (1) his prior convictions were not sufficiently documented; and (2) this Court "relied on [the] [Presentence Report]'s characterization of [his] [prior] convictions as [] crime[s] of violence without independent analysis." (Id. at 4-5)

In his habeas petition, however, Taylor did not argue that he had been improperly classified as a Career Offender. (See 14 Civ. 165, Dkt. No. 1; 11 Cr. 310, Dkt. No. 80) Instead, Taylor contended that his lawyer had provided ineffective assistance by failing to (1) communicate a plea offer to Taylor; (2) challenge jury instructions regarding the quantity of drugs involved in the charged offenses; (3) argue that the Fair Sentencing Act of 2010 should be applied at Taylor's sentencing; and (4) timely notify Taylor that his conviction had been affirmed, thereby depriving Taylor of his right to seek rehearing or rehearing en banc. (Id. at 4-8)

4

Taylor's claim that he was erroneously classified as a Career Offender "does not attack the integrity of his habeas proceeding, but rather, presents a new ground for challenging his underlying conviction." Brooks, 2005 WL 2076565, at *6 n.7; see Vega v. United States, No. CV-99-3229 (CPS), 2005 WL 1124512, at *4 (E.D.N.Y. May 10, 2005) ("[I]t is clear that the asserted grounds [in a Rule 60(b) motion] do not attack the integrity of [the] prior habeas proceeding" where the claims made in the Rule 60(b) motion "were not even raised in the prior habeas proceeding"). Because Taylor's Rule 60(b) motion does not address any issue raised in the prior habeas proceeding, his claims clearly "present new attacks on [his] conviction," see Gitten, 311 F.3d at 534, and thus are "beyond the scope of a Rule 60(b) motion." Brooks, 2005 WL 2076565, at *7 (citing Gitten, 311 F.3d at 534). Accordingly, Taylor's Rule 60(b) motion will be denied as beyond the scope of Rule 60(b). See Simmons v. United States, No. 12 Civ. 04693(ILG), 2014 WL 4628700, at *2 (E.D.N.Y. Sept. 15, 2014) (denying as "beyond the scope of Rule 60(b)" that portion of Rule 60(b) motion that "present[s] new attacks on the . . . sentence"); Ortiz v. United States, No. 89 CR 810 PAC, 2013 WL 541388, at *2 (S.D.N.Y. Feb. 8, 2013) (denying Rule 60(b) motion as "beyond the scope of Rule 60(b)" where movant brought claims attacking the underlying conviction); Brooks, 2005 WL 2076565, at *6 ("Because these claims present new attacks on the integrity of the criminal trial and conviction rather than the integrity of the habeas proceeding, they are denied as 'beyond the scope of Rule 60(b).'" (quoting Gitten, 311 F.3d at 534)).

## CONCLUSION

For the reasons stated above, Taylor's motion pursuant to Federal Rule of Civil Procedure 60(b) is denied. The Clerk of the Court is directed to mail a copy of this Order to pro se Petitioner Javel Taylor, 64868-054, FCI Beckley, P.O. Box 350, Beaver, WV 25813.

This Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

Dated: New York, New York
       May 17, 2016                         SO ORDERED.

                                            _____
                                            Paul G. Gardephe
                                            United States District Judge