UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAVEL TAYLOR,

Petitioner.

– against –

UNITED STATES OF AMERICA,

Respondent.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: __5/17/16__

**ORDER**

14 Civ. 165 (PGG)
11 Cr. 310 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

Petitioner Javel Taylor moved for relief from his conviction pursuant to 28 U.S.C.

§ 2255, claiming, inter alia, that his lawyer provided ineffective assistance by failing to timely

notify him that his conviction had been affirmed, thereby effectively deprived Taylor of his right

to petition for rehearing and rehearing en banc. (See 14 Civ. 165, Dkt. No. 1; 11 Cr. 310, Dkt.

No. 80) In a January 28, 2015 order, this Court rejected Taylor's argument, finding that it was

"highly unlikely that a petition for rehearing or rehearing en banc would have been granted" and,

therefore, Taylor had demonstrated no prejudice resulting from counsel's alleged failure to

inform Taylor of the Second Circuit's decision. (Jan. 28, 2015 Order (14 Civ. 165, Dkt. No. 17;

11 Cr. 310, Dkt. No. 89) at 10)

On May 11, 2015, Taylor filed a pro se motion in the Court of Appeals seeking a

certificate of appealability. On August 13, 2015, his motion was granted as to one issue:

"whether Appellant is entitled to relief pursuant to Nnebe v. United States, 534 F.3d 87, 89-92

(2d Cir. 2008), on his claim that his attorney, who was appointed under the Criminal Justice Act,

failed to timely inform Appellant of this Court's adverse decision on direct appeal, thus causing

Appellant to lose his opportunity to petition for rehearing or rehearing en banc." (See Taylor v.

United States, Dkt. No. 15-827 (2d Cir. Aug. 13, 2016) at 1)

In the Court of Appeals, Taylor went on to contend that his appeal should be construed as a motion to (1) recall the mandate in his direct appeal; (2) vacate the Second Circuit's judgment; and (3) re-enter judgment. These actions would permit Taylor to petition for rehearing and rehearing en banc. (See Taylor v. United States, Dkt. No. 15-827 (2d Cir. May 13, 2016) at 5-6). On May 13, 2016, the Second Circuit issued an opinion construing Taylor's appeal as a motion to recall the mandate, but declining to rule on that application. (Id. at 25) The Circuit remanded to this Court for purposes of developing a factual record as to whether Taylor's counsel failed to timely advise him of the Second Circuit's decision affirming his conviction, thereby depriving him of his right to seek rehearing. (Id. at 23-25)

For purposes of developing the factual record, it is necessary for Joshua L. Dratel – Taylor's counsel at the time of his direct appeal – to provide testimony concerning when he communicated with Taylor about the Second Circuit's decision affirming his conviction. Having made a claim premised on ineffective assistance of counsel, Taylor has waived the attorney-client privilege as a matter of law to the extent that his arguments rely on advice from or communications with Dratel. See Giordano v. United States, No. 3:11cv9 (MRK), 2011 WL 1831578, at *2 (D. Conn. Mar. 17, 2011) ("Although the Second Circuit has never had occasion to consider the issue, this Court has little difficulty concluding that a prisoner who asserts a claim of ineffective assistance of counsel by his or her former lawyer implicitly waives the protection of the attorney-client privilege as to that aspect of the former lawyer's representation for which the prisoner claims ineffective representation." (citing United States v. Pinson, 584 F.3d 971, 977-78 (10th Cir. 2009); Bittaker v. Woodford, 331 F.3d 715, 716 (9th Cir. 2003) (en banc); Johnson v. Alabama, 256 F.3d 1156, 1178 (11th Cir. 2001); United States v. Marks, 764 F. Supp. 2d 585, 587 (W.D.N.Y. 2011)); see also United States v. Bilzerian, 926 F.2d 1285, 1292 (2d Cir.

2

1991) ("[T]he attorney-client privilege cannot at once be used as a shield and a sword.").

However, this Court is aware that, absent court order or informed consent, ethical concerns may

inhibit Taylor's prior lawyer from disclosing confidential information relating to Taylor. See,

e.g., ABA Standing Comm. On Ethics and Prof. Responsibility Formal Op. 10-456 (June 14,

2010), Disclosure of Information to Prosecutor When Lawyer's Former Client Brings Ineffective

Assistance of Counsel Claim. Accordingly, Taylor is hereby ordered to execute and return to this

Court within thirty (30) days of today's date the accompanying "Attorney-Client Privilege

Waiver (Informed Consent)" form.

It is further ORDERED that within fourteen (14) days of Taylor submitting an

executed waiver form, both Taylor and Dratel will submit affidavits addressing the issues

described in the Second Circuit's May 13, 2016 opinion – namely, (1) "whether Taylor's counsel

failed to timely inform Taylor of [the Second Circuit's] decision affirming his conviction and

sentence"; (2) "whether Taylor's counsel ever informed him of the opportunity to petition for

[rehearing, rehearing en banc,] and for certiorari"; and (3) whether Taylor's prior counsel ever

"moved to withdraw from the case." (Taylor v. United States, Dkt. No. 15-827 (2d Cir. May 13,

2016) at 23-24)

Dated: New York, New York
       May 17, 2016

SO ORDERED.

Paul G. Gardephe
United States District Judge

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JAVEL TAYLOR,

               Petitioner.

      – against –

UNITED STATES OF AMERICA,

               Respondent.

14 Civ. 165 (PGG)
11 Cr. 310 (PGG)

## ATTORNEY-CLIENT PRIVILEGE WAIVER (INFORMED CONSENT)

To: JAVEL TAYLOR

        You have made a motion to recall the mandate in your direct appeal, to vacate the Court of Appeal's original judgment, and for reentry of judgment on the ground that you received ineffective assistance from your former lawyer, Joshua L. Dratel (referred to below as "your former attorney"). The Court of Appeals has determined that an affidavit from your former attorney will be necessary in order to evaluate your motion.

        In making this motion, you have waived the attorney-client privilege you had with your former attorney to the extent you rely on advice from or communications with your former attorney in making your claim. To the extent that you rely on communications with your former attorney in arguing that you received ineffective assistance of counsel, you cannot keep these communications between yourself and your former attorney a secret – you must allow these communications to be disclosed to the Government and to the Court pursuant to a court order. Subject to your consent, the Court has issued an Order (copy attached) directing your former attorney to give such testimony, in the form of an affidavit. This Informed Consent form is designed to ensure that you fully understand the consequences of pursuing your ineffective assistance claim and agree to waive the attorney-client privilege as it applies to your communications with your former attorney concerning (1) the Second Circuit's issuance of a decision affirming your conviction and sentence; (2) your right to petition for rehearing, rehearing en banc, and for certiorari; and (3) any motion to withdraw from the case made by your former attorney.

        If you wish to proceed with your motion to recall the mandate in your direct appeal, to vacate the appellate court's original judgment, and for reentry of judgment, you must sign this form and return it to the Court in the attached envelope (keeping a copy for your records). The executed form constitutes your authorization to your former attorney to disclose confidential communications (1) only in response to a court order and (2) only to the extent

necessary to shed light on the allegations of ineffective assistance of counsel that are raised by your motion.

If you sign this authorization, there is the possibility that your former attorney might contradict your statements about his representation of you. However, you should also be aware that the Court of Appeals may deny your motion – to the extent it is based on advice from or communications with your former attorney – if you do not authorize your former attorney to provide an affidavit in response to this Court's attached Order.

You must return this form, signed by you and notarized, within thirty (30) days from the date of the attached Order. If the Court does not receive this form, signed by you and notarized, within that time, this Court will advise the Court of Appeals that you have refused to waive the attorney-client privilege for purposes of your motion, and thus have prevented this Court from developing a factual record concerning the issues listed in the attached Order.

NOTARIZED AUTHORIZATION

I have read the Court's Order dated May 17, 2016 and this document entitled Attorney-Client Privilege Waiver (Informed Consent). I hereby authorize my former attorney, Joshua L. Dratel, to comply with the Court's Order by giving testimony, in the form ordered by the court, relating to my motion to recall the mandate in my direct appeal, to vacate the Court of Appeal's original judgment, and for reentry of judgment. This authorization allows my former attorney to testify only pursuant to court order, and only to the extent necessary to shed light on the allegations of ineffective assistance of counsel that are raised by my motion.

Dated: _____

_____

Sworn to before me this _____ day of _____, 2016

_____
Notary Public

2